UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ and MICHAEL PATZ, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>WALTER H. MAPLES, INC., *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No.: 2:17-cv-03465<br><br>Judge Susie Morgan<br>Magistrate Janis van Meerveld |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF PERSONNEL RECORDS

COME NOW, the Plaintiffs, to file this memorandum in support of their motion to compel production of personnel records.

### INTRODUCTION

On April 14, 2017, Plaintiffs filed this suit against Shelly Jambon and her businesses regarding employment discrimination and violations of housing law. R. Doc. 1.

In Title VII cases like this one, "[c]omparative evidence is highly probative and relevant,"[1] and so courts have "customarily allowed a wide discovery of personnel files."[2]

For that reason, included in Plaintiffs October 4, 2017 discovery requests were four requests for documents and one interrogatory related to other of Defendants' employees who were discriminated against. Ex. A at RFP # 9, 15, 17, 18; Ex. B at Interr. # 12 (the "Personnel Requests"). The Personnel Requests asked for information about similarly-situated employees generally and one employee, Victoria Spell, in particular. (Ms. Spell, like Ms. Patz, had been fired immediately after telling her supervisors that she was pregnant.)

---

[1] *George v. Entergy Servs., Inc.*, No. CIV.A.09-3676, 2010 WL 3802452, at *2 (E.D. La. Sept. 17, 2010).
[2] *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991).

On November 20, 2017, Defendants responded to Plaintiffs' first set of discovery requests. They objected to the Personnel Requests on the grounds that the requested information was "confidential and/or privileged pursuant to state and Federal law." Ex. B at Interr. # 12; *see* Ex. A at RFP # 9, 15, 17, 18.

At a meet and confer, Defense counsel claimed that the requested records were protected due to HIPAA, the ADA, and Louisiana law. Ex. D at ¶ 6. Plaintiff's counsel proffered a HIPAA-qualified protective order to address their concerns, but Defense counsel stuck to their position, explaining that "our client will not produce such documentation without an order of the court instructing them to do so." *Id.* at ¶ 8.  To this day, Defense counsel has never provided any explanation of their basis for arguing that HIPAA or the ADA provides a shield against discovery. *Id.* at ¶ 10.

Accordingly, Plaintiffs here ask this Court to grant a Motion to Compel.

## ANALYSIS

**I. There is good cause to compel production of the Personnel Requests because the Fifth Circuit has "customarily allowed a wide discovery of personnel files" in Title VII Cases.**

Per Federal Rule of Civil Procedure 37(a)(3)(B)(iv), a party may move to compel a discovery response if "a party fails to produce documents… as requested under Rule 34." Here, Defendants did not produce requested records related to other employees.

    1.    <u>Because "[c]omparative evidence is highly probative and relevant" in Title VII cases, personnel files are discoverable.</u>

The Federal Rules of Civil Procedure construe "relevance" broadly. FRCP 26, *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). In *Coughlin*, the Fifth Circuit determined that a district court erred in restricting discovery of non-party personnel files, and noted that in Title VII cases, courts have "customarily allowed a wide discovery of personnel files." *Id.*, citing

*Trevino v. Celanese Corp.*, 701 F.2d 397, 405–06 (5th Cir.1983); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 303-07 (5th Cir.1973); *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 344–45 (10th Cir.1975); *accord Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 592 (5th Cir.1978) (ADEA claim).

In Title VII cases, "[c]omparative evidence is highly probative and relevant." *George v. Entergy Servs., Inc.*, No. CIV.A.09-3676, 2010 WL 3802452, at *2 (E.D. La. Sept. 17, 2010). *See also Beasley v. First Am. Real Estate Info. Servs., Inc.,* No. 3-04-CV-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("To the extent any of the personnel files include information relating to the reasons for plaintiff's termination or other complaints of race discrimination or retaliation, they are clearly relevant and must be produced")

Accordingly, imposition of unnecessary restrictions on discovery are particularly inappropriate in Title VII cases. *Reine v. Honeywell Int'l, Inc.*, No. CIV.A. 06-673-RET-DL, 2008 WL 1901398, at *2 (M.D. La. Apr. 25, 2008). Finding that a district court improperly restricted discovery, the Fifth Circuit stated that discovery is extensive in EEOC cases, limited only by "relevance and burdensomeness." *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir.1983).

Here, the relevancy of the Personnel Requests outweighs the burden on Defendants to produce them. Plaintiffs know that there are other similarly situated employees to the Patzes. For example, Victoria Spell is a former employee of Sureway Supermarket, and was fired shortly after disclosing her pregnancy to Defendants Shelly Jambon and Walter H. Maples, Inc. R. Doc. 12 at 9. Evidence derived from her personnel file and those of other employees will be highly probative of Defendants' pattern of terminating pregnant employees, and therefore relevant to Plaintiff Vivian Patz's claim under Title VII.

Conversely, Defendants will not be unduly burdened by a motion to compel these records. Defendants produced the personnel files of Vivian Patz and Michael Patz, and have not articulated a particular reason producing other personnel records would incur a substantially greater burden.

2. <u>HIPAA explicitly allows for the disclosure of medical information in discovery, subject to a qualified protective order.</u>

Defense counsel have argued that revealing employment records is barred by HIPAA. Ex. D. at ¶ 6.

The opposite is true. As the U.S. Department of Health and Human Services explains, the HIPAA "Privacy Rule does not protect your employment records, even if the information in those records is health-related."[3] In fact, HIPAA *explicitly allows* for disclosure of medical information in response to a discovery request, so long as it is subject to a HIPAA-qualified protective order. *See* 45 CFR 164.512(e). Accordingly, Plaintiffs ask that this Court enter the HIPAA-qualified protective order attached here as Exhibit E. The protective order will mitigate the impact on non-party privacy concerns.

3. <u>Through telephonic and written meet-and-confers, Plaintiffs have attempted in good faith to procure the records without court action.</u>

Before seeking a motion to compel, the movant must confer in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. FRCP 37(a)(1).

Here, Plaintiffs' counsel has attempted to obtain answers to the Personnel Requests via several emails, written correspondence (Ex. C), proffer of a HIPAA-qualified protective order

---

[3] *See* https://www.hhs.gov/hipaa/for-individuals/employers-health-information-workplace/index.html.

(Ex. D at ¶ 6), and a telephonic meet-and-confer (*id*. at ¶ 5). After all of that, Defense counsel resolved that "our client will not produce such documentation without an order of the court instructing them to do so." *Id*. at ¶ 7. Accordingly, Plaintiffs seek a motion to compel.

4.  <u>If this Court grants this motion, it should grant Plaintiffs their reasonable fees.</u>

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Here, none of the three exceptions apply. Plaintiffs sought the information via extensive effort to meet and confer via telephone, written correspondence, and the proffer of a protective order. *See* Section 3, *supra*. Second, Defendant's objections were not substantially justified – they have never explained any legal basis for their argument that HIPAA or the ADA provides a shield against discovery. Ex. D at ¶ 10. And no other circumstances make an award of expenses unjust.

## V.  CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court grant the motion to Compel.

Respectfully submitted,

VIVIAN PATZ and MICHAEL PATZ, by and through their counsel,

/s/ *William Most*_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, a copy of the Plaintiff's *Memorandum in Support of Motion to Compel* was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

_/s/ *William Most*_____
William Most