UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ and MICHAEL PATZ, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>SUREWAY SUPERMARKET, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No.: 2:17-cv-03465<br><br>Judge Susie Morgan<br>Magistrate Janis van Meerveld |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF FINANCIAL RECORDS

COME NOW, the Plaintiffs, to file this memorandum in support of their motion to compel production of Defendants' financial records.

### INTRODUCTION

On April 14, 2017, Plaintiffs filed this suit against Shelly Jambon and her businesses regarding employment discrimination and violations of housing law. R. Doc. 1.

On March 13, 2018, Plaintiffs requested Defendants' financial and asset records in discovery. Ex. A at RFP # 37, 39, 40, 49; Ex. B at Interr. # 4, 5 (the "Financial Records Requests"). Defendants' financial records are relevant to this suit for three reasons:

1. To determine Defendants' ability to pay for the purpose of punitive damages;[1]

2. To determine whether "superficially distinct entities… represent a single, integrated enterprise;"[2] and

3. For determining the penalty Defendants must pay under the Residential Lead-Based Paint Hazard Reduction Act.[3]

---

[1] *U.S. E.E.O.C. v. Denham Springs Pub. Co.,* No. CIV.A. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012), citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981).
[2] *Trevino v. Celanese Corp.,* 701 F.2d 397, 403-04 (5th Cir.1983).
[3] 42 U.S.C. § 4852d(b)(1); § 3545(g)(2).

1

On April 13, 2018, Defendants responded to Discovery requests. They objected to the Financial Records Requests because they seek "information and documentation not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Further, this request is unduly burdensome, overly broad and intended to annoy and harass. This request is also an invasion of Defendants' right to privacy." Ex. A at RFP # 37, 39, 40, 49; Ex. B at Interr. # 4, 5.

Plaintiffs' counsel explained that the Financial Records are to punitive damages and asked whether Defendants would produce the records after a protective order had been put in place. But Defendants still refused to produce any documents. Ex. C at ¶ ¶ 5, 8, 10, 12. Defense counsel has never provided any explanation of why the records are irrelevant. *Id.* at ¶ 14.

Accordingly, Plaintiffs here ask this Court to grant their Motion to Compel.

## ANALYSIS

**I.    There is good cause to compel production of the Financial Records Requests because "evidence of a defendant's financial worth and ability to pay" is relevant to evaluating the appropriate amount of punitive damages in employment cases.**

Per Federal Rule of Civil Procedure 37(a)(3)(B)(iv), a party may move to compel a discovery response if "a party fails to produce documents… as requested under Rule 34." Here, Defendants did not produce requested records related to their financial situations.

1. <u>Financial records are discoverable because they are relevant to (a) the appropriate amount of punitive damages, (b) whether superficially distinct entities comprise one integrated employer, and (c) the size of the statutory penalty.</u>

The Federal Rules of Civil Procedure construe "relevance" broadly. FRCP 26, *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). A defendant's financial worth and ability to pay is relevant to evaluating the amount of punitive damages to be awarded. *U.S. E.E.O.C. v. Denham Springs Pub. Co.,* No. CIV.A. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012), citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981). Financial records are also

relevant to determining whether "superficially distinct entities" are in fact "a single, integrated enterprise: a single employer." *Trevino v. Celanese Corp.,* 701 F.2d 397, 403-04 (5th Cir.1983). This is relevant both to liability of various parties and the size of a punitive damages award. *Id*. And finally, "ability to pay" is a required factor in determining a penalty under the Residential Lead-Based Paint Hazard Reduction Act. 42 U.S.C. § 4852d(b)(1); § 3545(g)(2).

Here, the financial records are relevant both to a finding of liability and the damages amount to match that liability. Defendants have argued that Shelly Jambon was neither Plaintiffs' employer or landlord – but "common ownership or financial control" would demonstrate otherwise. *Trevino v. Celanese Corp.*; *see* R. Doc. 33-1 (Memorandum in Support of Shelly Jambon's Rule 12(b)(6) Motion to Dismiss and/or Motion for Summary Judgment) at 1, 2. If Shelly Jambon is indeed an integrated business enterprise with Walter H. Maples, Inc., and SHH Properties, L.L.C., this is relevant to her liability as well as the appropriate size of a punitive damages award.

And because Plaintiffs have proved very element of their Residential Lead-Based Paint Hazard Reduction Act claim (*see* R. Doc. 72 (Motion for Summary Judgment), Defendants' ability to pay will be necessary to determine the appropriate penalty.

Defendants have not articulated a specific reason why producing financial records kept in the ordinary course of business would be burdensome.

2. Tax returns "do not enjoy an absolute privilege from discovery," despite public policy against unnecessary public disclosure.

Defendants have objected especially to the provision of tax returns. Ex. E at 2.

Tax returns are not subject to automatic discovery, due to privacy concerns, but do not enjoy an absolute privilege against discovery. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 219, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961). However, where tax returns are relevant, there is a

compelling need for the documents, and the owner of the records produces "no facts to support their conclusions that production would be overly burdensome or overly intrusive," a motion to compel tax records may be granted. *Landry v. Haye*, No. 2:12-CV-2766, 2013 WL 6157920, at *2 (W.D. La. Nov. 21, 2013).[4] Tax returns may be produced, as well as annual reports and financial statements, even when they are relevant only to punitive damages in a pregnancy discrimination case. *See, e.g., U.S. E.E.O.C. v. Denham Springs Pub. Co.,* No. CIV.A. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012).

Here, tax returns are relevant to Plaintiffs' seeking of punitive damages, but they are also relevant to a finding of liability and the interconnection of Defendants in their various business relations, as well as for penalties under the Lead Hazard act. Defendants have offered no concrete reason why producing financial records would be burdensome or overly intrusive. And in any case, the documents would be shielded from public view per this Court's Protective Order. R. Doc. 66.

For these reasons, the tax returns should be produced.

3. <u>Even if this Court does not order Defendants to produce their tax returns, it should order Defendants to comply with the remaining discovery of their Financial Records</u>

Some courts have declined to compel parties to turn over their income tax returns where there are other sources for the same information, such as interrogatories or deposition testimony. *Butler v. Exxon Mobil Refining and Supply Co.,* Civil Action No. 07-386, 2008 WL 4059867, at * 2 (M.D. La. Aug. 28, 2008). In those cases, a Court may order disclosure of the relevant financial information through "less-burdensome discovery." *Hobson v. Commc'ns Unlimited, Inc.,* No. 1:10-CV-734-RWS, 2011 WL 414948, at *2 (N.D. Ga. Feb. 7, 2011).

---

[4] The District Court noted that "it would be hard for this court to imagine" how it would be burdensome or intrusive to produce tax records, considering "[d]ocuments of this sort are routinely produced in litigation." *Id*.

4

Here, tax returns are specifically relevant to untangle the "common ownership or financial control" of businesses owned and operated between the various Defendants. *See Trevino v. Celanese Corp.* at 403-404. Additionally, as Defendants are business entities or individuals who own and operate businesses, it is not burdensome to produce tax records, as it might be for the average individual. However, if this Court finds that income tax returns specifically should not be produced, it should still order the less-burdensome production of discovery related to the net worth of Defendants, other documents reflecting their financial conditions, and interrogatories directed to Shelly Jambon regarding her sources of income and her assets. *See* Ex. A at RFP # 37, 39, 40, 49; Ex. B at Interr. # 4, 5.

4. <u>Through written meet-and-confers, Plaintiffs have attempted in good faith to procure the records without court action.</u>

Before seeking a motion to compel, a movant must confer in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. FRCP 37(a)(1).

Here, Plaintiffs' counsel attempted to procure the relevant records several times through written correspondence, and by offering a protective order even before one was put in place by the Court. Ex. C at ¶¶ 5, 8, 11. However, Defendants' counsel has continued to argue that the Financial Records are irrelevant – without ever explaining *why* they are irrelevant. Defendants counsel concluded: "Our position with not change. It is not relevant." Ex. E at 4, *see* Ex. C at ¶ 12. Accordingly, Plaintiffs seek a motion to compel.

5. <u>If this Court grants this motion, it should grant Plaintiffs their reasonable fees.</u>

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Here, none of the three exceptions apply. Plaintiffs sought the information via extensive effort to meet and confer via written correspondence, and the proffer of a protective order. *See* Section 4, *supra*. Second, Defendant's objections were not substantially justified – they have never explained any legal basis for their argument that the records are irrelevant, or that they would be overly burdensome to produce. Ex. C at ¶ 14. And no other circumstances make an award of expenses unjust.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court grant the motion to Compel.

Respectfully submitted,

VIVIAN PATZ and MICHAEL PATZ, by and through their counsel,

/s/ *William Most*_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2018, a copy of the Plaintiff's *Memorandum in Support of Motion to Compel Financial Records* was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

_/s/ *William Most*_____
William Most