UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| VIVIAN PATZ and MICHAEL PATZ | ) CIVIL ACTION NO. 2:17-cv-03465 |
|---|---|
| **Plaintiffs** | ) |
| | ) |
| | ) SECTION "E" (1) |
| Vs. | ) |
| | ) |
| SUREWAY SUPERMARKET, WALTER H. MAPLES, INC., SHELLY JAMBON, DOES 1-10, ABC INSURANCE COMPANIES 1-10 | ) JUDGE SUSIE MORGAN |
| | ) |
| | ) MAGISTRATE JANIS van MEERVELD |
| | ) |
| **Defendants** | ) |

Opposition to Motion for Partial Summary Judgment
and Memorandum in Support of Cross-Motion for Partial Summary Judgment

*May it please the court:*

Defendants file this opposition to plaintiffs' motion for partial summary judgment on the issue of the failure to disclose possible lead hazards and memorandum in support of its cross-motion on the same issue.

Plaintiffs, Vivian and Michael Patz, filed suit against the defendants claiming that the defendants violated the Residential Lead-Based Paint Hazard Reduction Act, *inter alia*. All defendants deny any liability under the Residential Lead-Based Paint Hazard Reduction Act ("RLPHRA").

LEGAL STANDARDS

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Substantive law determines the materiality of facts, and

"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Entry of summary judgment is mandated, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish that existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)

## LAW AND ARGUMENT

The RLPHRA was enacted in 1992 in an effort . . . 'to develop a national strategy to build the infrastructure necessary to eliminate lead-based paint hazards in all housing as expeditiously as possible'

and to 'educate the public concerning the hazards and sources of lead-based paint poisoning and steps to reduce and eliminate such hazards.'" *Mason ex rel. Heiser v. Morrisette*, 403 F.3d 28, 30 (1st Cir. 2005)(*citing* 42 U.S.C. § 4851a(1),(7)).

As part of a comprehensive plan to reduce the hazards of lead-based paint in the national residential housing stock, the RLPHRA provided the statutory framework to require the disclosure of information concerning lead hazards upon the transfer of residential property. § 4852d. It is this "disclosure provision" that is the subject of the case *sub judice*.

The disclosure provision of the RLPHRA directs the Secretary of the Department of Housing and Urban Development ("HUD") and the Administrator of the Environmental Protection Agency ("EPA") to "promulgate regulations ... for the disclosure of lead-based paint hazards in target housing which is offered for sale or lease." § 4852d(a)(1). Those regulations, in pertinent part, state that, before the purchaser or lessee is obligated under any contract to purchase or lease the housing, the lessor shall,

> (A) provide the . . . lessee with a lead hazard information pamphlet ...;
>
> (B) disclose to the . . . lessee the presence of any known lead-based paint, or any known lead-based paint hazards, in such housing ...; . . .
>
> § 4852d(a)(1)

In order to state a claim for relief under the RLBP Hazard Reduction Act, a plaintiff must first establish that: (1) she was a lessee; (2) Defendants were lessors who failed to make the proper disclosures; (3) the leased property was target housing, i.e., constructed prior to 1978; and (4) the lease contract was signed after the regulatory effective dates (1996). *G.M.M. v. Kimpson*, 92 F.Supp.3d 53 (E.D.N.Y. 2015); *Kaye v. Acme Investments, Inc.*, 2008 WL 5188712 (E.D. Mich. Dec. 8, 2008).

The statute also provides for an array of penalties for violations of the disclosure provision including a civil liability remedy which states: "Any person who *knowingly* violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of *damages incurred* by such individual." § 4852d(b)(3).

Plaintiffs' claims under the RLPHRA fail for a number of reasons.

First, the defendants did not "knowingly" violate the provisions of the Act. And, "knowledge" is indeed a requirement for finding liability under §4852d. See the plain language of the statute. "Knowingly" as commonly used and interpreted means that defendant was aware of his or her conduct and that defendant did not perform it merely through ignorance, mistake or accident. See BLACK'S LAW DICTIONARY 872 (6th ed.1990). See also, *Morris v. Flaig*, 511 F. Supp.2d 282 (E.D.N.Y. 2007). See also, *Erwin v. Roe*, 928 N.E.2d 609 (Indiana, Ct. of App. 2010)

In *Morris*, the plaintiffs, tenants in the defendant's rental property, alleged that their daughter was diagnosed with a disorder caused by the lead paint she ingested while living in the defendant's property. *Id.* at 290. The plaintiffs claimed that the defendants violated both state law and the RLPHRA by failing to provide them with a lead hazard information pamphlet, disclosing the presence of lead-based paint on the premises, or notifying them of their right to conduct a risk assessment for lead-based paint on the property. *Id.* at 300. The defendants argued that in order to create liability, the plain language of the statute requires knowledge of the lead-based paint at the time of the lease commencement or renewal. *Id.* The court agreed that the plain language of the statute requires knowledge at the time of lease commencement or renewal in order to create liability. *Id.* at 301.

Plaintiffs' assertion that knowledge of the defendants is not an element of the claim is simply wrong. Their suggested interpretation of the statute renders the word "knowingly" superfluous.

None of the defendants knew when the structure was built or whether there is any lead-based hazards contained within. SHH purchased the property in 2007 and did not build the structure. Nor did Maples, Inc. and Jambon build the structure. They had no idea when the structure was built. Furthermore, none of the defendants knew of any lead-based hazards in the premises. Thus, they could not have knowingly failed to disclose the possibility that there were any lead-based paint hazards to be disclosed. See Cash Sale, attached hereto as Exhibit 1, and Affidavit of Shelly Jambon, attached hereto

as Exhibit 2.

Furthermore, none of the defendants are real estate agents or professional Realtors. They were not aware of the duty to disclose such possibilities. There is no evidence that these defendants were even aware of any duty to make such disclosures. If they were not aware of the duty, then they cannot have "knowingly" failed to make such disclosure. See Affidavit of Shelly Jambon, attached hereto as Exhibit 2.

Second, assuming *arguendo* that the plaintiffs could prove that the defendants did *knowingly* violate the disclosure requirement, plaintiffs have not alleged any damages as a result of the failure to disclose the possibility of lead-based paint exposure and cannot prove any such damages. The statute contemplates a private right of action for violations, stating that "[a]ny person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times *the amount of damages incurred* by such individual."§4852d (b)(5)(3) (emphasis added); see also *Sipes ex rel. Slaughter v. Russell*, 89 F.Supp.2d 1199, 1202-1203 (D.Kan. 2000).

As a general proposition, a plaintiff must show actual, non-speculative damages in order to recover a monetary award. The clear language of §4852d (b)(5)(3) itself refers to "damages incurred," indicating that there must be *actual* damages, not hypothetical, speculative, or even nominal damages. Once a technical violation of the statute has been established, a plaintiff "must show actual, non-speculative damages" flowing from lead exposure in order to recover a monetary award. *Kaye*, 2008 WL 5188712, (dismissing RLBP Hazard Reduction Act claim for failure to show damages resulting from a technical violation of the statute); *Christian v. Warwick Realty, LLC*, 2014 WL 2434626, (D.R.I. May 29, 2014) (noting that the Act requires that a claimant demonstrate "actual damage" stemming from "lead exposure or the failure to disclose or ... the failure to warn about the risks of lead poisoning").

Plaintiff also has the burden of proving, beyond speculation, that the defendant's misconduct is the proximate cause of any claimed injuries. *Chires v. Cumulus Broadcasting, LLC*, 543 F.Supp.2d 712,

721 (E.D. Mich. 2008)). See also *Kearney v. Elias*, 2008 WL 3502116 (D.N.H. Aug. 11, 2008) ("A causal relationship with the defendant's conduct" is required to obtain damages under the RLBP Hazard Reduction Act). The plain language of the statute and the regulation provide a private cause of action for *compensatory damages*, court costs, attorney fees and witness fees. *See Sipes ex rel. Slaughter v. Russell*, *supra*, 89 F.Supp.2d at 1202. *See also, McCready v. Main Street Trust, Inc.*, 2008 WL 3200651, (C.D.Ill.,2008), wherein the court stated: "Given the language of the statue [RLPHRA], focusing on the costs *incurred* by a plaintiff, this court has no reason to believe that the statute even contemplates the awarding of nominal damages when no costs have been incurred by Plaintiffs as a result of the alleged violation of the statute. Thus, this court concludes that nominal damages are not available to Plaintiffs as a remedy.".

The Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), cautioned that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Plaintiffs have not alleged in any of their complaints that they have suffered any actual damages as the result of the Defendants' technical violation of RLBPHRA.

The Complaint does not set forth a plausible claim of physical injury to anyone. Plaintiffs do not even allege that they were exposed to lead. They have not alleged that any of them has been diagnosed with or treated for a condition related to lead exposure. Nor does the complaint assert any economic damages as a result of the Defendants' technical violation of RLBPHRA. See plaintiffs' complaints. Even with the most liberal reading and construction of plaintiffs' complaints, there is no way to relate plaintiffs' vacating of the premises at 176 Naccari Lane with the defendants' non-compliance with the disclosure provisions of §4852d.

Not only are allegations of damages missing from the complaints, Plaintiffs were unable to articulate *any* damage they sustained as a result of the Defendants' technical violation of RLBPHRA.

See deposition of Vivian Patz attached hereto as Exhibit 3.

There are no economic damages that were proximately caused by the Defendants' alleged failure to comply with the notice provisions of § 4852d. Plaintiffs do not claim that they were forced to move as a result of defendants' non-adherence to the disclosure provisions of §4852d. See deposition of Vivian Patz, page 97, lines 23 - 25; page 98, lines 1 - 9.  In fact, Plaintiffs admitted they were not aware of the lead-based paint disclosure statute until they sought counsel for the alleged illegal termination of Vivian Patz's employment, which was several months after they left the apartment at 176 Naccari Lane. See Exhibit 3, deposition of Vivian Patz, page 96, lines 7 - 25; page 97, lines 1 - 13.

Insofar as physical injuries are concerned, Plaintiffs could not state what damages, if any, they had suffered as a result of the defendants' failure to make the disclosure required by §4852d.  See Exhibit 3, deposition of Vivian Patz, page 98, lines 10 - 23. Plaintiffs acknowledge that they have never been told by a doctor that they suffer any ill affect from the non-compliance with the disclosure provisions. See Exhibit 3, deposition of Vivian Patz, page 98, line 25; page 99, lines 1 - 6.

Nor did any of the plaintiffs or their newborn child suffer any physical ill affects or chronic illnesses or medical conditions. See Exhibit 3, deposition of Vivian Patz, page 95, lines 4 - 17; page 51, lines 7 - 25; page 97, lines 1 - 13. See Exhibit 4, Deposition of Michael Patz, page 57, lines 1 - 24.

Plaintiffs' own admissions confirm there are no damages available for Plaintiffs to recover.

Thus, Plaintiffs have failed to allege and cannot prove any possible compensatory damages which they could recover under the RLPHRA, the only relief available under that statute to private citizens. While civil monetary penalties and injunctive relief are available under the RLPHRA, they may only be sought by the Secretary of the Department of Housing and Urban Development. See 42 U.S.C. § 4852d(b)(1) & (2).

## CONCLUSION

There exists sufficient genuine issues of material fact to preclude the granting of plaintiffs'

motion for partial summary judgment. However, defendants have shown that plaintiffs cannot establish that existence of elements essential to their case, i.e., knowledge and damages, that the plaintiffs will bear the burden of proof at trial.

The very evidence, or lack thereof, that precludes the granting of plaintiffs' motion for partial summary judgment concerning the non-adherence to the disclosure provisions of §4852d, requires the granting of defendants' motion for summary judgment on the same issue.

Respectfully submitted,

STEPHENSON, CHÁVARRI & LAMBERT, LLC

*/s/ Kathleen D. Lambert*
Sean R. Dawson (#19542)
email: dawsonjd@smclattorneys.com
Kathleen D. Lambert (#19665)
email: katlambert@smclattorneys.com
400 Poydras Street, Suite 1990
New Orleans, LA 70130
Tel: (504) 523-6496 │ Fax: (504) 525-2846

CERTIFICATE OF SERVICE

I, Kathleen D. Lambert, do hereby certify that on August 3, 2018, that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic servicing and a copy of the foregoing has been served by email upon William Most, counsel for plaintiffs.

*/s/ Kathleen D. Lambert*
Kathleen D. Lambert