# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**VIVIAN PATZ, ET AL.,**
    **Plaintiffs**
                             **CIVIL ACTION**

**VERSUS**
                                        **NO. 17-3465**

**SUREWAY SUPERMARKET, ET AL.,**
    **Defendants**
                             **SECTION: "E" (1)**

## ORDER AND REASONS

Before the Court are: (1) a motion for partial summary judgment filed by Plaintiffs Vivian and Michael Patz,[1] and (2) a cross-motion for partial summary judgment filed by Defendants Walter H. Maples, Inc., Shelly Jambon, and SHH Properties, L.L.C. [2] Defendants oppose Plaintiffs' motion,[3] and Plaintiffs oppose Defendants' cross-motion.[4] For the reasons that follow, Plaintiffs' motion for partial summary judgment is **DENIED**, and Defendants' cross-motion for partial summary judgment is **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Vivian and Michael Patz were employed by Defendant Walter H. Maples, Inc., doing business as Sureway Supermarket. [5] Plaintiffs allege Defendant Walter H. Maples, Inc. fired them in April, 2016 because Plaintiff Vivian Patz was pregnant. [6] Plaintiffs also allege they were evicted from an apartment provided as a condition of their employment because of Vivian Patz's pregnancy and that they were not given any disclosures regarding lead-based paint or lead-based paint hazards before the beginning of their tenancy.[7] On April 14, 2017, Plaintiffs filed suit against Defendants Walter H.

---

[1] R. Doc. 72.
[2] R. Doc. 82.
[3] R. Doc. 81.
[4] R. Doc. 85.
[5] R. Doc. 59 at 1, ¶2; R. Doc. 64 at 1, ¶2.
[6] R. Doc. 59 at 1–2.
[7] *Id.* at 2.

1

Maples, Inc., Shelly Jambon, and SHH Properties, L.L.C. (collectively, "Defendants").[8] In their complaint, Plaintiffs allege violations of Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, the Americans with Disabilities Act, the Fair Housing Act, the Residential Lead-Based Paint Hazard Reduction Act ("RLBPHRA"), the Louisiana Pregnancy Discrimination Act, and the Louisiana Unfair Trade Practices Act.[9] Plaintiffs also assert trespass and breach-of-contract claims under Louisiana law.[10] The instant motion and cross-motion for partial summary judgment concern Plaintiffs' claim against all Defendants under the RLBPHRA.[11]

On July 8, 2018, Plaintiffs filed a motion for summary judgment against all Defendants, seeking judgment on their RLBPHRA claim.[12] Plaintiffs allege before the beginning of their tenancy they were not provided notices regarding lead-based paint and lead-based paint hazards, as required by the RLBPHRA.[13] Plaintiffs argue they have proven all the elements of a claim under the Act, and are entitled to partial summary judgment on their RLBPHRA claim.[14] On August 3, 2018, Defendants filed an opposition to Plaintiffs' motion for partial summary judgment.[15] Defendants admit Plaintiffs did not receive notices regarding lead-based paint and lead-based paint hazards, but argue Plaintiffs have not proven Defendants knowingly violated the RLBPHRA.[16] Plaintiffs filed a reply on August 22, 2018.[17]

---

[8] R. Doc. 1.
[9] *Id.*
[10] *Id.*
[11] R. Docs. 72, 82.
[12] R. Doc. 72.
[13] *Id.*
[14] *Id.*
[15] R. Doc. 81.
[16] R. Doc. 81, 82.
[17] R. Doc. 94.

On August 3, 2018, the same day they filed their opposition to Plaintiffs' motion for partial summary judgment, Defendants filed a cross-motion for partial summary judgment on Plaintiff's RLBPHRA claim.[18] They argue Plaintiffs cannot recover under the Act because Plaintiffs have not alleged Defendants knowingly violated the Act.[19] As a result, Defendants seek partial summary judgment in their favor on the RLBPHRA claim.

On August 14, 2018, Plaintiffs filed an opposition to Defendants' cross-motion for summary judgment.[20] Plaintiffs reiterate their argument that they have established all the essential elements of a RLBPHRA violation.[21] They argue Defendants knowingly violated the RLBPHRA.[22] They admit Plaintiffs did not assert a claim for damages independent of Defendant's failure to disclose, but assert the Act nevertheless permits the award of a statutory penalty.[23]

## <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] "An issue is material if its resolution could affect the outcome of the action."[25] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[26] All reasonable inferences are drawn in favor of the non-moving party.[27] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[18] R. Doc. 82.
[19] R. Doc. 81, 82.
[20] R. Doc. 85.
[21] *Id.* at 4–5.
[22] *Id.* at 5–7.
[23] *Id.* at 7–8.
[24] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[25] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[27] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

3

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[28]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[29]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim. [30] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied. [31] Thus, the non-moving party may defeat a motion for

---

[28] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[29] *Celotex*, 477 U.S. at 322–24.
[30] *Id.* at 331–32 (Brennan, J., dissenting).
[31] *See id.* at 332.

summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party." [32] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" [33]

## LAW AND ANALYSIS

To prevail on a motion for partial summary judgment, a movant bears the burden of establishing the absence of any genuine issues of material fact and the movant's entitlement to judgment as a matter of law. The Court finds Plaintiffs have failed to meet their burden of showing they are entitled to judgment as a matter of law on their RLBPHRA claim. The Court further finds Defendants have met their burden to show Plaintiffs cannot recover against them under the RLBPHRA as a matter of law.

It is undisputed that Plaintiffs resided at 176 Naccari Lane as lessees. [34] The parties agree the property is owned by Defendant SHH Properties, L.L.C. [35] Plaintiffs present an appraisal report stating the property at 176 Naccari Lane was built in 1973 [36] and electronic correspondence with the Jefferson Parish Assessor's Office confirming the year

---

[32] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[33] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[34] R. Doc. 72-2 at 1, ¶1; R. Doc. 96 at 1, ¶1.
[35] R. Doc. 81-1 at 1, ¶1; R. Doc. 85-1 at 1, ¶1.
[36] R. Doc. 85-5 at 6.

5

the property was built.[37] Defendants argue they do not know when the property was built,[38] but fail to present any evidence contradicting Plaintiff's summary judgment evidence the property was built in 1973. There is no genuine issue of material fact that the property at 176 Naccari Lane was built in 1973.

It is undisputed that none of the Defendants provided either Plaintiff with any lead disclosure notice of the kind approved by the Environmental Protection Agency (EPA).[39] The parties agree none of the Defendants knew of any lead-based paint hazards at 176 Nacarri Lane,[40] and none of the Defendants knew a disclosure concerning lead-based paint was required.[41] The Court finds the material facts are not in dispute.

The Court finds Defendants are entitled to summary judgment as a matter of law on Plaintiffs' RLBPHRA claim because they have shown Plaintiffs cannot establish an essential element of their claim. The Act requires every lessor of housing built prior to 1978 to provide each lessee with a lead hazard information pamphlet and a disclosure of the presence of any known lead-based paint or lead-based paint hazards in the housing.[42] The Act permits recovery only when lessors "knowingly violate" its provisions.[43] The plain language of the statute requires a plaintiff bringing claims under the RLBPHRA to show a defendant knowingly violated the Act's provisions.[44] The statute does not otherwise

---

[37] R. Doc. 72-7 at 1.
[38] R. Doc. 72-2 at 1, ¶4; R. Doc. 96 at 1, ¶4.
[39] R. Doc. 72-2 at 1, ¶3; R. Doc. 96 at 1, ¶3.
[40] R. Doc. 81-1 at 2, ¶10; R. Doc. 85-1 at 2, ¶1o.
[41] R. Doc. 81-1 at 2, ¶13; R. Doc. 85-1 at 2–3, ¶13 (mislabeled as ¶12).
[42] 42 U.S.C. § 4852d(a)(1); 40 C.F.R. § 745.107.
[43] 42 U.S.C. § 4852d(b)(3); 40 C.F.R. § 745.118.
[44] Plaintiffs rely on *Price ex rel. Massey v. Hickory Point Bank & Tr., Tr. No. 0192*, 841 N.E.2d 1084 (Ill. App. Ct. 2006) to argue "[a] landlord's subjective knowledge of the [RLBPHRA]'s requirements is not an element of liability under the Act," R. Doc. 72-1 at 4; R. Doc. 85 at 5. *Price* is inapposite because it does not address private causes of action brought under the RLBPHRA. The *Price* plaintiffs sought to establish that defendants were *negligent* for failing to disclose a lead-based paint hazard, in violation of federal law. *Price*, 841 N.E.2d at 1087. The court found the defendants had violated the statute, and "plaintiffs were not required to show defendants' knowledge . . . in order to sustain their negligence claim based on violation of a statute." *Id.* at 1092.

permit private recovery.[45] As a result, proving a defendant's violation was knowing is an essential element of establishing a claim under the Act.[46] Although Plaintiffs did not receive the disclosures mandated by the RLBPHRA,[47] they cannot recover because the undisputed facts show Defendants did not *knowingly* violate the RLBPHRA.[48]

The RLBPHRA and its implementing regulations make liable "[a]ny person who knowingly violates the provisions" of the Act,[49] but do not specify whether such a person must *know* of the lead-based paint hazard or *know* of the Act's requirements. The Fifth Circuit has not addressed this question, and other courts have offered various interpretations of this provision.[50] This Court need not resolve the issue here: the uncontested facts show no Defendant had knowledge either of the Act's requirements or of a lead-based paint hazard in the property at 176 Naccari Lane.[51] Because these facts are

---

[45] Plaintiffs argue the RLBPHRA allows for statutory damages. R. Doc. 85 at 7–8. They cite 40 C.F.R. § 745.118(f), which authorizes civil sanctions "pursuant to TSCA section 16 (15 U.S.C. § 2615)." 15 U.S.C. § 2615(a), which governs civil sanctions under the Toxic Substances Control Act, makes violators "liable *to the United States* for a civil penalty," to be assessed "by the Administrator [of the Environmental Protection Agency]." 15 U.S.C. § 2615(a) does not authorize a private award of damages. *Cf. McCready v. Main St. Tr., Inc.*, No. 07-CV-2096, 2008 WL 3200651, at *3 (C.D. Ill. Aug. 5, 2008) ("[W]hen no costs have been incurred by Plaintiffs as a result of the alleged violation of the [RLBPHRA,] . . . nominal damages are not available."). *But see Erwin v. Roe*, 928 N.E.2d 609, 619 (Ind.App. 2010).

[46] Plaintiffs rely on *Sipes ex rel. Slaughter v. Russell*, 89 F.Supp.2d 1199, 1202 (D.Kan. 2000), which enumerates the four elements of a RLBPHRA violation. R.Doc. 72-1 at 4. The *Sipes* court dismissed an RLBPHRA claim because it found there was no violation of the Act, *Sipes*, 89 F.Supp.2d at 1201–04. It did not reach the question of whether there was a *knowing* violation.

[47] It is undisputed that Plaintiffs were lessees at 176 Naccari Lane, Defendant SHH Properties, L.L.C. was the owner of the property, and no Defendant made the disclosures the RLBPHRA requires. R. Doc. 72-2 at 1, ¶1–3; R. Doc. 96 at 1, ¶1–3. There is no genuine dispute of material fact that the housing was built before 1978, R. Doc. 72-7 at 1; R. Doc. 85-5 at 6, and their lease began after 1996, Doc. 72-2 at 1, ¶5; R. Doc. 96 at 2, ¶5. Defendants failed to comply with the RLBPHRA's requirements. *See Sipes*, 89 F.Supp.2d at 1202 (enumerating elements of RLBPHRA violation).

[48] R. Doc. 81-1 at 2, ¶10, 13; R. Doc. 85-1 at 2–3, ¶10, 13 (mislabeled as ¶12).

[49] 42 U.S.C. § 4852d(b)(3).

[50] *Compare Morris v. Flaig*, 511 F.Supp.2d 282, 301 (E.D.N.Y. 2007) (accepting defendant's argument that he was not liable because he "had no knowledge of any lead hazard at the lease inception") *with Smith*, 122 F.Supp.2d at 274 (finding liable a real estate agent who failed to disclose despite knowing "the Act's requirement"), *and Erwin*, 928 N.E.2d. at 618 (addressing both whether Defendant "knew about the lead-based paint in the house" and whether she had "knowledge of the RLPHRA or any of its requirements.").

[51] R. Doc. 81-1 at 2, ¶10, 13; R. Doc. 85-1 at 2–3, ¶10, 13 (mislabeled as ¶12).

undisputed, there is no genuine issue of material fact as to whether Defendant knowingly violated the RLBPHRA.

Plaintiffs have failed to call the Court's attention to any evidence establishing a genuine factual dispute with respect to whether Defendants knowingly violated the RLBPHRA.[52] As a result, Defendants' cross motion for partial summary judgment must be granted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment filed by Plaintiffs Vivian and Michael Patz on their claim under the Residential Lead-Based Paint Hazard Reduction Act ("RLBPHRA") be and hereby is **DENIED**.[53]

**IT IS FURTHER ORDERED** that the cross-motion for partial summary judgment filed by Defendants Walter H. Maples, Inc., Shelly Jambon, and SHH Properties, L.L.C. on Plaintiffs' RLBPHRA claim be and hereby is **GRANTED**.[54]

**New Orleans, Louisiana, this 27th day of August, 2018.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] Plaintiffs also have failed to allege facts allowing the Court to find they suffered damages caused by not receiving lead disclosures, which is fatal to their claim. To recover under the RLBPHRA, plaintiffs must also allege damages caused by defendant's failure to disclose. *See Kaye*, 2008 WL 5188712 at *5 (dismissing plaintiff's RLBPHRA claim because he had not "put forth a plausible, non-speculative claim that there were actual 'damages incurred'"). Plaintiffs have failed to do so here.
[53] R. Doc. 72.
[54] R. Doc. 82.

8