UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ, ET AL.<br>    Plaintiffs | CIVIL ACTION |
| | NO. 17-3465 |
| VERSUS | |
| | SEC. E (MORGAN) |
| SUREWAY SUPERMARKET, ET AL.<br>    Defendants | DIV. 1 (VAN MEERVELD) |

STATEMENT OF
MATERIAL FACTS WHICH PRESENT NO GENUINE ISSUE

Pending before the Court is the *Motion for Partial Summary Judgment Against Counts Three, Six, Seven, and Eight* by Defendants, Walter H. Maples, Inc., Shelly Jambon, and SHH Properties, LLC. In support thereof, Defendants submit this statement of undisputed material facts:

1. During 2016 Vivian and Michael Patz were employees of Defendant, Walter H. Maples, Inc. d/b/a Sureway Supermarket; Vivian was hired on January 18 and Michael was hired on March 17, 2016.[1]

2. Vivian Patz had worked at Sureway Supermarket a previous occasion, and she voluntarily resigned from her first stint at Sureway Supermarket for personal reasons.[2]

3. Michael Patz had worked at Sureway Supermarket two previous occasions, and he was involuntarily terminated from his first two occasions of employment at Sureway Supermarket.[3]

4. Vivian and Michael Patz were both terminated from their last stint of employment at Sureway Supermarket during April 2016.[4]

---

[1] Decl. Shelly Jambon, Exhibit 1, ¶¶2, 4.
[2] Depo. Vivian Patz, Exhibit 2, Pg:38, Ln-19 – Pg:39, Ln:15.
[3] Depo. Michael Patz, Exhibit 3, Pg:19, Ln:21 – Pg:20, Ln:5; Pg:25, Ln:2-9; Pg:30, Ln:18 – Pg:31, Ln:5.
[4] Decl. Shelly Jambon. ¶4.

1

5.	During their 2016 employment, Vivian and Michael Patz were housed as a couple at 176 Nacarri Lane, Grand Isle, Louisiana, which was an apartment available on condition of their employment with Sureway Supermarket:

> Due to the high rental rates in Grand Isle, Sureway helps some employees find affordable housing by offering the use of employment-related housing at cost, which is a fraction of average rent; use of this employer-subsidized housing is contingent upon continued employment with Sureway; during their 2016 employment Vivian and Michael were housed as a couple at 176 Naccari Lane, Grand Isle, Louisiana.[5]

6.	Vivian and Michael Patz' right to occupy the premises terminated when the last of them, Michael, was terminated from Sureway employment on April 23, 2016.[6]

7.	According to Michael Patz, he was fired from his last stint at Sureway Supermarket because he was late for work:

>	Q:	And why did you leave that time?
>
>	A:	Which time are you talking about?
>
>	Q:	The third time, the last time.
>
>	A:	I was fired.
>
>	Q:	Why?
>
>	A:	Because I was late.[7]

8.	Michael Patz learned of his termination from employment when a Sureway employee named David came to 176 Nacarri Lane after Michael failed to show up for his shift:

>	Q:	How did you find out you were fired the third time?

---

[5] Id., at ¶5.
[6] Id., at ¶7.
[7] Depo. Michael Patz, Pg:31, Ln:2-5.

> A: David [Felarise] came to the door at 8:30 in the morning and told us we had to go.
>
> Q: What time were you supposed to report to work that day?
>
> A: 8:00.
>
> Q: Had you been late before?
>
> A: Yes.[8]

9. Vivian Patz asserts that she learned of her termination at the same time that Michael Patz:

> Q: Okay. All right. Was Michael still working for Sureway at that time?
>
> A: We got fired on the same day.
>
> Q: Okay. Why was Michael fired?
>
> A: He was a little late for work.[9]

10. On April 23, 2016, David Felarise, a Sureway Supermarket manager, went to 176 Nacarri Lane to inform that Michael Patz was terminated from employment with Sureway:

> On the morning of April 23, 2016, I went to 176 Nacarri Lane to inform Michael Patz that he was fired from Sureway employment; after I knocked and Michael opened the door, he spontaneously asked whether he was fired and should move out, and I replied affirmatively.[10]

11. Michal and Vivian Patz moved out on the same day that David Felarise came to 176 Nacarri Lane:

> Q: Do you think it was the day David came or the next day?

---

[8] Id. at Pg:41, Ln:20 - Pg:42, Ln:4.
[9] Depo. Vivian Patz, Pg:85, Ln:7-11.
[10] Decl. of David Felarise, Exhibit 4, ¶ 4.

3

> A: Oh, yes, we moved out that day, whenever David came, yes.[11]

12. Mr. Patz knew that their right to occupancy ceased with termination from employment, and it was his custom from prior stints at Sureway to move out from employee housing on the same day as he was fired:

> Q: Did you, the prior times that you were terminated, did you move out of the housing the same day?
>
> A: Yes, I did both times.
>
> Q: So did you know that when you were terminated, you are expected to move you?
>
> A: Yes.[12]

13. Vivian Patz also knew their right to use employee-housing was contingent upon continued employment with Sureway:

> Q: Were you aware that your right to continue to live in that housing was dependent upon you continued employment with Sureway?
>
> A: Yes.[13]

14. Vivian Patz confirms they moved out the same day that David came to 176 Nacarri Lane after Michael was late for work:

> Q: Okay. All right. Did Mr. David tell you to vacate the apartment?
>
> A: Yes.[14]
>
> Q: Do you - - what is your - - belief why you were told to leave.

---

[11] Depo. Michael Patz, Pg:42, Ln:11-14.
[12] Id., at Pg:43, Ln:5-11.
[13] Depo. Vivian Patz, Pg:31, Ln:15-18.
[14] Id., at Pg:85, Ln:23-25.

> A: Because we got fired.
>
> Q: Okay. What day did you actually leave the apartment?
>
> A: It was the same day.[15]

15. The apartment came furnished:

> Q: And that apartment was furnished?
>
> A: Yes.[16]

16. Since the apartment was furnished, the Plaintiffs didn't have to move any furniture when they left; they simply went to Sureway for boxes, packed up their belongings, and cleaned out the apartment:

> Q: Okay. What - - I mean, I think we already established that you did not - - that you did not furnish this apartment. So you did - - am I correct that you did not have to move any furniture when you moved out?
>
> A: Correct.
>
> Q: All right. So what did moving out entail? How did – what did you do?
>
> A: We had to pick up all of our stuff, find boxes. And I talked to one of the managers about getting boxes from Sureway, and they allowed me to do that.
>
> Q: Okay.
>
> A: And then just cleaning up.[17]

---

[15] Id., at Pg:87, Ln:3-8.
[16] Depo. Michael Patz, Pg:42, Ln:15-16.
[17] Depo. Vivian Patz, Pg:87, Ln:9-22.

17. Plaintiffs moved their own property off the premises, and no one from Sureway was involved with moving Plaintiffs' property off the premises:

> Q: Did you move your stuff out?
>
> A: Yes.
>
> Q: Did anyone from Sureway move your stuff out?
>
> A: No.[18]

18. Michael called a Justice of the Peace to investigate whether the Defendants could immediately force Plaintiffs off the premises, or whether the law allowed them "cushion" of time to leave the premises:

> Q: Were you present when Vivian called the justice of the peace?
>
> A: I called him.
>
> Q: You called him. Oh that's right. So, do you know the name?
>
> A: No, I don't know the guy's name.
>
> Q: Was it Leon Bradberry?
>
> A: Yes.
>
> Q: And why did you call him?
>
> A: Because I figured being in a place and establishing residency regardless if there's a lease or not or being in terms of working of not, you know, you have an X amount of time to get out, you know. If you've established residency over so long, I figured, you know, you can't just be like, oh, well, I need you out now. So I figured, you know, that we would be able to get a little bit of a cushion, I guess you could say, so that we could get everything cleaned up and out of the place.[19]

---

[18] Depo. Michael Patz, Pg:59, Ln:3-7.
[19] Id., at Pg:58, Ln:8 - Pg:59, Ln:2.

19. The Justice of the Peace informed Michael Patz that any attempt to force them from the property the same day was illegal:

> Q: Michael did. Okay. Well what did Michael tell you was the substance of his conversation with the justice of the peace?
>
> A: Basically that it's illegal, but there is nothing he can do.[20]

20. And when Denise Esponge went to the property two days later to post a written five-day notice to vacate the premises, Plaintiffs were already gone from their premises:

> On April 25, 2016 I went to 176 Nacarri Lane to post a five-day notice to vacate the premises; at the time I was aware that both Michael and Vivan [were] notified of their termination, and that when I arrived at 176 Nacarri Lane on this day, Vivian and Michael were nowhere to be found at it was apparent that they had removed all personal belongings from the premises.[21]
>
> On April 25, 2016, a Sureway employee named Denise Esponge went to 176 Nacarri Lane, on my instructions to post a five-day notice to vacate the premises; Denise returned to Sureway and informed the Vivian and Michael had already moved-out from 176 Nacarri Lane.[22]

21. Neither Vivian nor Michael was ever prohibited from shopping at Sureway Supermarket.[23]

22. Michael Patz simply assumed that he was prohibited from shopping at Sureway Supermarket after his termination:

> Q: Have you even been in Sureway since you were terminated?
>
> A: No.
>
> Q: Why Not?

---

[20] Depo. Vivian Patz, Pg:88, Ln:17-22.
[21] Decl. of Denise Esponge, Exhibit 5, ¶4.
[22] Decl. of Shelly Jambon, ¶8.
[23] Id., at ¶9.

       A:       Because you are not allowed to go in there after you get fired.

       Q:       How do you know that?

       A:       That's just the way it is.[24]

23. Vivian Patz simply assumed that she was prohibited from shopping at Sureway after her termination: "I assumed I was not [allowed at Sureway]." [25]

---

**CERTIFICATE OF SERVICE**

By my signature to this pleading, I, William B. Gordon III, also certify that on October 16, 2018 , I electronically filed a copy of the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

---

Respectfully submitted:

Stephenson, Chávarri & Dawson, L.L.C.

/s/ William B. Gordon III
Sean R. Dawson, T.A. (LSBA# 19542)
William B. Gordon III (LSBA#28065)
400 Poydras Street, Suite 1990
New Orleans, Louisiana 70130
Tel. No. (504) 523-6496
wgordon@smclattorneys.com

---

[24] Depo. Michael Patz, Pg:55, Ln:22 – Pg:56, Ln:4.
[25] Decl. Vivian Patz, Exhibit 6, ¶19.