UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ, ET AL.<br>Plaintiffs | CIVIL ACTION |
| | NO. 17-3465 |
| VERSUS | |
| | SEC. E (MORGAN) |
| SUREWAY SUPERMARKET, ET AL.<br>Defendants | DIV. 1 (VAN MEERVELD) |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO STRIKE UNTIMELY MOTION FOR SUMMARY JUDGMENT**

Defendant Shelly Jambon objects to the untimely filing of Plaintiffs' Motion for Partial Summary Judgment to Pierce Defendants' Corporate Veil (R. Doc. 125). The motion should be stricken from the record because it was filed after the deadline for dispositive motions.

**1. Factual Background**

The Court ordered that non-evidentiary pretrial motions be filed and served no later than October 30, 2018.[1] Plaintiffs' motion was filed on November 20, 2018.[2]

Plaintiffs will likely respond that this motion pertains to the issue of "Defendant Shelly Jambon's personal liability" [3] and that "briefing" [4] of this issue was ongoing. Admittedly, a filing extension was in place for Plaintiffs' to file a supplemental opposition to Shelly Jambon's Motion for Summary Judgment (R. Doc. 68) on the issue of her personal liability. However, this extension did not open the door to Plaintiffs' untimely, cross-motion for summary judgment.[5]

---

[1] R. Doc. 29, p. 4; R. Doc. 80, p. 2; R. Doc. 118, p. 2.
[2] R. Doc. 125.
[3] Id.
[4] R. Doc. 117.
[5] See Exhibit 1, Declaration of Attorney Sean R. Dawson.

Specifically, the Court amended the filing deadline for Plaintiffs to file a "supplemental opposition to Defendant Shelly Jambon's motion for summary judgment (R. Doc. 68)" from October 30 to November 13, 2018.[6] But the October-30 deadline for dispositive motions has been consistently in place for nearly one year.[7]

**2. Law and Argument**

"The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like." [8] It is within the discretion of the court to disallow the filing of a motion for summary judgment after the expiration of a deadline.[9]

In *Harrison v. Tekoa Charter School, Inc.*, the district court was faced with circumstances nearly identical to the present case.[10] The plaintiff filed a timely opposition to summary judgment, but appended an untimely cross-motion for summary judgment.[11] After noting that its discretion included the power to deny untimely-filed motions, the district court granted the defendant's objection and struck the plaintiff's cross-motion for summary judgment.[12]

The result herein should be the same. Although the opposition to Jambon's motion for summary judgment is timely, Plaintiffs should not be allowed to tack-on an untimely, cross-motion for summary judgment. Accordingly, the untimely Motion for Partial Summary Judgment to Pierce Defendants' Corporate Veil (R. Doc. 125) should be stricken from these proceedings.

---

[6] R. Doc. 80, P. 2; R. Doc. 118, p. 2 (emphasis added).
[7] R. Doc. 29, p. 4; R. Doc. 80, p. 2; R. Doc. 118, p. 2.
[8] Edwards v. Cass Cty., Tex., 919 F.2d 273, 275 (5th Cir. 1990).
[9] Id.
[10] No. CV H-16-2037, 2017 WL 3671301 (S.D. Tex. Aug. 2, 2017).
[11] Id., at *2.
[12] Id.

Respectfully submitted:

Stephenson, Chávarri & Dawson, L.L.C.

/s/ William B. Gordon III
Sean R. Dawson, T.A. (LSBA# 19542)
William B. Gordon III (LSBA#28065)
400 Poydras Street, Suite 1990
New Orleans, Louisiana 70130
Tel. No. (504) 523-6496
wgordon@smclattorneys.com

CERTIFICATE OF SERVICE

By my signature to this pleading, I, William B. Gordon III, also certify that on November 20, 2018 , I electronically filed a copy of the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.