UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| VIVIAN PATZ and MICHAEL PATZ, | ) | |
|---|---|---|
| Plaintiffs, | ) ) | Civil Action No.: 2:17-cv-03465 |
| v. | ) ) | |
| SUREWAY SUPERMARKET, et al. | ) ) | Judge Susie Morgan |
| Defendants. | ) ) | Magistrate Janis Van Meerveld |

## ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO SHH PROPERTIES, L.L.C.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, SHH Properties, LLC., who responds to Plaintiff's First Set of Interrogatories propounded to SHH Properties, LLC by Vivian Patz and Michael Patz as follows:

## GENERAL OBJECTIONS

These responses have been prepared based on a reasonable and diligent search for the information and documents requested by Defendant. Some interrogatories are overly broad in nature and time frame, thus to the extent the requests are overly broad, they are objected to because responding would impose an undue burden and expense on Defendant. Additionally, Defendant objects to any requests which encompass documents or information which may fall within the scope of the attorney client privilege, the work product doctrine, or other applicable privilege. Defendant further objects to the extent the requests seek confidential, proprietary or sensitive business, commercial, employee, subcontractor, and/or customer information. Defendant further objects to the requests to the extent they are premature, vague and/or ambiguous. Finally, Defendant reserves the right to supplement and amend these responses; discovery is not complete and the parties have not fully prepared for trial.

## INTERROGATORY No. 1

Identify the landlord of the employer-provided housing provided to Plaintiffs.

## ANSWER TO INTERROGATORY No. 1

The owner of 102 Community Lane, Grand Isle, LA and 176 Naccari Lane, Grand Isle, LA is SHH Properties, LLC (hereinafter SHH). The housing is provided to employees of Walter H. Maples, Inc. dba Sureway Supermarket (hereinafter "Sureway").

## INTERROGATORY No. 2

What process do Defendants use for rental applications and agreements for employer-provided housing?

## ANSWER TO INTERROGATORY No. 2

There are no written rental applications or agreements.

## INTERROGATORY No. 3

How much did Defendants charge Vivian for rent?

## ANSWER TO INTERROGATORY No. 3

The cost of the employee provided housing is based on annual utilities, insurance and maintenance. At the time relevant to this matter, the amount allocated to the two bedroom apartment assigned to Defendants was $650 per month. Thus Vivian was responsible for $325 per month, which breaks down to $81.25 weekly.

## INTERROGATORY No. 4

Do Defendants only rent housing to their employees?

## ANSWER TO INTERROGATORY No. 4

SHH only allows Sureway employees and their family to reside at the properties it owns.

## INTERROGATORY No. 5

What proportion of Defendants' rented housing is rented to Defendants' employees?

## ANSWER TO INTERROGATORY No. 5

100% of the units are used for employor provided housing.

## INTERROGATORY No. 6

Identify all tenant-employees in Defendants' employer-provided housing who, within the last five years, remained in the housing after being terminated or quitting.

## ANSWER TO INTERROGATORY No. 6

None.

## INTERROGATORY No. 7

What is the name of the property that Defendants rented to Vivian?

## ANSWER TO INTERROGATORY No. 7

It does not have a name, but the most recent unit assigned to Vivian was 176 Naccari Lane, Unit 1.

## INTERROGATORY No. 8

When was the housing rented by Defendants to Vivian built?

## ANSWER TO INTERROGATORY No. 8

The prior housing located at 102 Community Lane assigned to Vivian was built in approximately 2004. Defendants do not have the specific year the housing most recently assigned located at 176 Naccari Lane was built; however, it was substantially renovated and remodeled from a single to a double sometime after 2007.

## INTERROGATORY No. 9

Defendants assert in Paragraphs 5 and 24 of their Answer that Plaintiffs left the apartment voluntarily; on what factual basis do they make that assertion?

## ANSWER TO INTERROGATORY No. 9

When Denise Esponge went to the unit to provide the 5 day notice to vacate, the unit had was empty and Plaintiffs had removed all their belongings.

## INTERROGATORY No. 10

Identify the members of SHH Properties, L.L.C.

## ANSWER TO INTERROGATORY No. 10

Shelly M. Jambon, Harley Landry, and Holden Landry.

Respectfully submitted,
Stephenson, Chavarri & Lambert, LLC

_____
Sean R. Dawson (#19542)
Kathleen D. Lambert (#19665)
400 Poydras Street, Suite 1990
New Orleans, LA 70130
Tel: (504) 523-6496
Fax: (504) 525-2846

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been duly served on all counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid on this 10th day of November, 2017.

_____
SEAN R. DAWSON