UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIVIAN PATZ, ET AL.　　　　　　　　　　　　CIVIL ACTION
　　Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　NO. 17-3465
VERSUS
　　　　　　　　　　　　　　　　　　　　　　SEC. E (MORGAN)
SUREWAY SUPERMARKET, ET AL.
　　Defendants　　　　　　　　　　　　　　　DIV. 1 (VAN MEERVELD)

## JOINT PRETRIAL ORDER

Pursuant the Scheduling Order, R. Doc. 80, the parties submit this Joint Pretrial Order:

**1.　　PRETRIAL CONFERENCE: December 6, 2018 at 3:00 p.m.**

**2.　　COUNSEL.**

　　a.　　WILLIAM MOST, trial attorney for all Plaintiffs, Vivian Patz and Michael Patz.

　　b.　　SEAN R. DAWSON, trial attorney for all Defendants, William H. Maples, Inc., SHH Properties, L.L.C., and Shelly Jambon.

**3.　　PARTIES.**

　　**a.　　Plaintiffs:**

　　　　i.　　VIVIAN PATZ, a natural person pursuing claims against all Defendants for Pregnancy / Disability Discrimination-Federal (Counts One and Two), Housing Discrimination-Federal (Count Three), Pregnancy Discrimination-Louisiana (Count Five), Wrongful Eviction (Counts Six and Seven) and Unfair Trade Practices (Count Eight).

　　　　ii.　　MICHAEL PATZ, a natural person pursuing claims against all Defendants for Wrongful Eviction (Counts Six and Seven) and Unfair Trade Practices (Count Eight).

　　　　iii.　　Vivian and Michael Patz are husband and wife, having married after the alleged delicts.

　　**b.　　Defendants:**

1

      i.      WALTER H. MAPLES, INC. dba Sureway Supermarket, a Louisiana corporation doing business as Sureway Supermarket. (referred to herein as "Walter H. Maples, Inc." or "Sureway")

      ii.      SHH PROPERTIES, L.L.C., a Louisiana limited liability company.

      iii.      SHELLY JAMBON, and natural person who appears individually and as the principal of the Defendant-Business Entities.

**4.**    **FACTUAL, LEGAL AND JURISDICTIONAL BASIS FOR EACH CLAIM ASSERTED:**

    a.    **Count One.** <u>Title VII of the Civil Rights Act / Pregnancy Discrimination Act</u>

Vivian Patz first Claim for Relief is against Walter H. Maples, Inc. alleging that an employer violates Title VII/PDA with a workplace practice or policy that discriminates against pregnant employees. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Here, Plaintiffs allege Defendants violated Title VII/PDA in three ways: (1) by requiring Ms. Patz to leave work and not return until she had a doctor's note, a practice Plaintiffs allege is not applied to non-pregnant employees with medical issues; (2) by terminating Ms. Patz because she was pregnant; (3) by refusing to grant Ms. Patz' requested accommodations for her pregnancy.

Jurisdiction: federal question jurisdiction. 28 U.S.C. §§ 1331.

    b.    **Count Two.** <u>Americans with Disabilities Act</u>

Vivian Patz second Claim for Relief is against Shelly Jambon and Walter H. Maples, Inc. alleging complications related to pregnancy that restrict everyday activities are disabilities under the ADA. An employee with a disability is entitled to reasonable accommodations that do not constitute an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9. Vivian Patz alleges she requested a reasonable accommodation from Defendants, and was denied the accommodation without explanation. She further alleges, the accommodations she sought were not an undue burden on Defendants. Additionally, she alleges her termination on the basis of her pregnancy-related disability is proscribed discrimination under the ADA.

Jurisdiction: federal question jurisdiction. 28 U.S.C. §§ 1331.

    c.    **Count Three**. <u>Fair Housing Act</u>

Vivian Patz and Micheal Patz third Claim for Relief is against all Defendents and alleges a landlord cannot "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Familial status includes a person who is pregnant. 42 U.S.C. § 3602(k). Here, both Vivian and Michael Patz allege they

were evicted from their employer-provided housing because Vivian was fired. They claim Vivian was fired because of her pregnancy,and for that reason, Vivian and Michael Patz were evicted because of familial status.

Jurisdiction: federal question jurisdiction. 28 U.S.C. §§ 1331.

d. **Count Four**. Breach Of Residential Lead-Based Paint Hazard Reduction Act

Dismissed by this Court. Rec. Doc. 97.

e. **Count Five**. Louisiana Pregnancy Discrimination Act

Vivian Patz fifth Claim for Relief against Shelly Jambon and Walter H. Maples, Inc. alleges Louisiana law forbids discrimination on the basis of pregnancy. La. R.S. 23:342, and the Defendants, Shelly Jambon and Walter H. Maples, Inc., are liable under state law for all the same actions as described in Count 1, *supra*.

Jurisdiction: Supplemental jurisdiction. 28 U.S.C. § 1367

f. **Count Six**. Breach of Lease Contract

Vivan Patz and Michael Patz sixth Claim for Relief against all Defendants alleges a landlord has a legal obligation to provide for peaceable possession of a leased property for the tenant during the duration of the lease. La. Civ. Code Ann. art. 2682(3). It further alleges that in order to disrupt peaceable possession, a landlord must give proper notice of eviction: notice must be timely, written, and properly served. La. Civ. Code art. 2728; La. Code Civ. Proc. art. 4701-03. Here, Plaintiffs allege Defendants did not provide written notice of eviction-, and instead, they provided verbal, alleging this is unlawful notice by allegedly telling Vivian and Mike they had eight hours to vacate.

Jurisdiction: Supplemental jurisdiction. 28 U.S.C. § 1367

g. **Count Seven**. Trespass

Vivian and Michel Patz' seventh Claim for Relief against all Defendants alleges Defendants, a landlord, failed to follow proper eviction procedures, and instead resorted to self-help to displace a tenant, which constitutes trespass. Fo-Coin Co. v. Drury, 349 So. 2d 382, 384 (La. Ct. App. 1977), Waller & Edmonds v. Cockfield, 111 La. 595, 35 So. 778 (1904); Buchanan v. Daspit, 245 So.2d 506 (La.App.3rd Cir. 1971). Plaintiffs allege Defendants failed to follow proper eviction procedures when they informed Plaintiffs they had "eight hours" to get out, and then threatened to call the police. Plaintiffs further allege Defendants committed trespass when they unlawfully evicted Vivian and Mike and then repossessed their apartment.

Jurisdiction: Supplemental jurisdiction. 28 U.S.C. § 1367

      h.      **Count Eight**. <u>Louisiana Unfair Trade Practices Act</u>

Vivian Patz and Michael Patz' eighth Claim for Relief against all Defendants alleges unfair or deceptive acts in commerce are illegal under the Louisiana Unfair Trade Practices Act. LA RS 51:1401 et seq., and unlawful conduct under the statute includes conduct that involves "fraud, misrepresentation, deception, breach of fiduciary duty, or other unethical conduct." Tyler v. Rapid Cash, LLC, 40,656 (La. App. 2 Cir. 5/17/06), 930 So. 2d 1135, 1140. . Plaintiffs further allege Self-help repossession of a residential unit without use of proper legal measures offends public policy and is unethical, constituting an unfair trade practice. *Id*. at 1141. Plaintiffs allege Defendants violated the Louisiana Unfair Trade Practices Act when they illegally evicted Plaintiffs.

Plaintiffs are not claiming treble damages. (Doc. 103)

Jurisdiction: Supplemental jurisdiction. 28 U.S.C. § 1367

**5.    PENDING MOTIONS:**

    a.    R. Doc. 68, Motion for Partial Summary Judgment by Defendant Shelly Jambon.

    b.    R. Doc. 111, Motion for Partial Summary Judgment by All Defendants.

    c.    R. Doc 127, Motion for Partial Summary Judgment by All Plaintiffs

    d.    R. Doc 128, Motion to Strike Untimely Motion for Summary Judgment by Defendant Shelly Jambon

**6.    SUMMARY OF MATERIAL FACTS.**

    a.    **Plaintiffs:**

Plaintiff Vivian Patz worked as a cashier and stocker for Sureway Supermarket in Grand Isle, Louisiana. She worked there for about a year, left, and then was rehired in January 2016. Her boyfriend Michael Patz ("Mike") also worked there, and the two of them and Shelly's young son lived in a small apartment rented to them by the store's owner, Shelly Jambon.

On Monday, April 11, 2016, a Sureway employee noticed that Vivian was not lifting a case of beer. The employee reported it to Shelly Jambon. When Ms. Jambon asked Vivian why she wasn't lifting the case of beer, Vivian explained that she thought she was pregnant. Ms. Jambon sent her home in the middle of the shift, and told her not to return without a doctor's note. (Other employees with non-pregnancy medical issues were not required to do this.)

During that week, Vivian attempted to get a doctor's note. She checked in several times with Sureway management to let them know about her progress.

On the afternoon of April 15, 2016, Ms. Jambon fired Vivian, but did not tell Vivian. The termination paperwork was never sent to the state agency.

On April 16, 2016, Vivian returned to work with a doctor's note. The doctor's note stated that Vivian could return to work but "should not lift anything over 10 lbs." Vivian was not allowed to return to work.

On April 23, 2016, Mike was 30 minutes late to work, and was fired. Vivian and Mike were told they had to vacate the premises, or the police would be called. Vivian, still thinking she was going to be able to return to work, called Ms. Jambon. Ms. Jambon told Vivian "if you can't lift over ten pounds, what do I need you for?"

Vivian suggested ways she could still perform her job tasks without lifting over ten pounds. For example, she could type in the bar codes of heavy items rather than lifting those items onto the checkout conveyor belt. Or she could move items can by can, rather than a whole box at a time. Ms. Jambon said, "that's not going to work out." Ms. Jambon told Vivian they had eight hours to get out of the apartment.

As a result of this, Vivian and Mike were jobless, homeless, and had a child on the way. They stayed with a friend for a little while, and then had to live out of their car. They had to fish for food until they could scrape together enough money to afford gas to leave Grand Isle.

The same thing happened to another employee, Victoria Spell, the year before. Ms. Spell was fired the day after her first doctor's visit for her pregnancy, on a pretextual basis. She was also required to leave the employee-provided housing without an eviction ntoice.

 **b.**  **Defendants:**

 Defendant, Shelly Jambon, first contends that she is not a proper defendant. All of Plaintiffs' claims are against corporate entities and they have not sufficiently alleged piercing the corporate veil. There has been no commingling of assets and the entities are formally registered with the Louisiana Secretary of State.

 Second, defendants did not terminate Vivian Blackledge Patz because she was pregnant. She was terminated for failure to communicate with her employer and failure to show up at work.

 Third, Vivian Blackledge Patz and Michael Patz were not evicted from the premises, wrongfully or rightfully. They voluntarily vacated the Sureway

5

employer provided housing after Michael Patz was terminated for failure to show up for work. Furthermore, Vivian Patz, although terminated from employment with Sureway, could have stayed in the housing as along as Michael Patz remained employed with Sureway. Neither Shelly Jambon nor SHH Properties, LLC were Plaintiffs' landlord.

Fourth, Plaintiffs were never told they could not shop at Sureway nor were they ever refused entry to Sureway following their terminations.

7. **UNCONTESTED MATERIAL FACTS:**

   a. During 2016 Vivian and Michael Patz were employees of Defendant, Walter H. Maples, Inc. d/b/a Sureway Supermarket.

   b. Both Plaintiffs had previously worked for Walter H. Maples, Inc.

   c. Plaintiffs' employment with Walter H. Maples, Inc. was terminated.

   d. SHH Properties, LLC is the owner of the property Walter H. Maples, Inc. uses for its employer provided housing.

   e. Shelly Jambon is the sole shareholder of Walter H. Maples, Inc. and the sole member of SHH Properties, LLC.

   f. Walter H. Maples, Inc. uses the trade name Sureway.

   g. Vivian Blackledge Patz gave birth to a baby on November 14, 2016.

   h. Walter H. Maples, Inc. has more than 15 employees but less than 40.

   i. Vivian Patz' last day worked was April 11, 2016.

   j. On Saturday, April 16, 2016, Vivian returned to Sureway with a doctor's note that stated that Vivian could return to work but "should not lift anything over 10 lbs."

   k. Vivian Patz and Lovie Verdin, with the office of Sureway, spoke Friday, April 15, 2016, in the early afternoon

   l. Michael Patz was terminated on Saturday, April 23, 2016.

   m. Until April 23, 2016, Vivian and Mike lived in employer provided housing.

  n.  No eviction notice was posted or served for Vivian and Mike prior to their vacating on April 23, 2016.

  o.  Plaintiffs moved out of the apartment on Niccari Lane on Saturday, April 23, 2016.

  p.  No terminated employee is allowed to continue to live at the employer housing unless a family member or significant other continues to be employed with Sureway.

  q.  Both Plaintiffs had previously worked for Sureway.

**8. CONTESTED MATERIAL FACTS:**

  a.  Whether Shelly fired Vivian because of Vivian's pregnancy or disability.

  b.  Whether Vivian Patz was pregnant at the time of her termination.

  c.  Whether, on Monday, April 11, 2016, after learning that Vivian might be pregnant Shelly told Vivian to leave work and not return without a doctor's note.

  d.  Whether on Friday, April 15, 2016, Shelly terminated Vivian.

  e.  Whether Vivian called Sureway Supermarket on April 12 and 13th, 2016.

  f.  Whether Plaintiffs voluntarily vacated the apartment.

  g.  Whether on April 23, 2016, Vivian and Mike were directed to vacate their employer provided housing.

  h.  Whether Plaintiffs were told they had eight hours to vacate or the police would be called.

  i.  Whether Vivian checked in with Sureway managers during the week of April 11-15, 2016, about her progress in obtaining a doctor's note.

  a.  Whether when Vivian Patz and Lovie Verdin, with the office of Sureway, spoke Friday, April 15, 2016, in the early afternoon, Lovie Verdin told Vivian Patz she was terminated.

  j.  Whether Ms. Jambon told Vivian "if you can't lift over ten pounds, what do I need you for?"

7

Case 2:17-cv-03465-SM-JVM Document 133 Filed 12/03/18 Page 8 of 20

k. Whether Defendants submitted Vivian's termination paperwork to the Louisiana Workforce Commission.

l. Whether Defendants had a rule that employees with medical issues would be sent home, and had to come back with a doctor's note in two to three days or else would be fired.

m. Whether Defendants had a pattern of firing pregnant women.

n. Whether some other employees with non-pregnancy related medical issues were not told to leave work until they had a doctor's note.

o. Whether, with accommodations, Vivian could perform her job even without being able to lift more than ten pounds without undue burden on her employer.

p. Was Vivian Patz terminated because she was pregnant.

q. Did Vivian Patz keep in touch with Sureway regarding her efforts to obtain a doctor's note.

r. Did Vivian Patz seek treatment in a reasonable time.

s. Did Shelly Jambon ever personally call Vivian Patz or speak to her after she was terminated.

t. What damages did Plaintiffs' allegedly suffered.

u. Did Plaintiffs leave the premises voluntarily.

v. Did Shelly Jambon evict Plaintiffs.

w. Did Denise Esponge threaten to call the police if Plaintiffs were not out of the apartment in 8 hours.

x. Were Plaintiffs told they had 8 hours to move out.

y. Was SHH Properties, LLC the landlord of Plaintiffs under Fair Housing or breach of lease law.

z. Did SHH Properties, LLC or Shelly Jambon intentionally discriminate against any Plaintiff for any reason.

8

aa. Did Vivian Patz ever request any accommodations in her employment with Sureway.

bb. Was Sureway reasonable in requiring a doctor's note setting forth Vivian Patz' restrictions.

cc. Did Denise Esponge give Vivian Patz gas money on Vivian's last day worked.

dd. Did Denise Esponge call Chaubert Medical while Vivian was present in an effort to assist Vivian in obtaining a doctor's note.

ee. Was Sureway reasonable in terminating Vivian Patz when she failed to stay in touch with Sureway and when she failed to have brought in a doctor's note by Friday when the note was requested on Monday of that week.

ff. Did Vivian Patz ever tell anyone at Sureway that she was pregnant, and if so, who and when.

gg. Did Vivian Patz have a high risk pregnancy.

hh. Did Vivian Patz know she was terminated and then go to the doctor.

ii. Did Vivian Patz' son ever live with her in Grand Isle.

jj. Did Vivian Patz and Michael Patz seek employment upon termination by Sureway.

kk. Were there other places for Defendants to purchase groceries.

ll. Were Plaintiffs banned from Sureway?

mm. Did Vivian Patz file for unemployment compensation.

nn. Did Vivian Patz apply for and receive unemployment compensation.

oo. Does Sureway have a pattern of terminating pregnant employees.

9. **CONTESTED ISSUES OF LAW:**

a. Whether Defendants discriminated against Vivian because of her pregnancy.

b. Whether Defendants discriminated against Vivian because of her disability.

9

c. Whether Defendants required Plaintiffs to vacate the apartment because of their sex or familial status.

d. Whether Defendants violated Plaintiffs' lease by repossessing the apartment without an eviction notice.

e. Whether Defendants committed trespass by repossessing the apartment without an eviction notice.

f. Whether Shelly Jambon is personally liable for her corporations' actions. (*I.e.*, piercing the corporate veil.)

g. Whether Defendants violated the Louisiana Unfair Trade Practices Act with their actions.

h. Is Walter H. Maples, Inc. liable to Plaintiffs for Pregnancy Discrimination-Federal?

i. Is Walter H. Maples, Inc. liable to Plaintiffs for violation of their rights under the Americans with Disabilities Act Discrimination ("ADA")?

j. Is Shelly Jambon liable to Plaintiffs for violation of their rights under the ADA?

k. Is either Walter H. Maples, Inc. or Shelly Jambon liable to Vivian Patz under the Pregnancy Discrimination Act or the ADA for requiring a doctor's note?

l. Was Walter H. Maples, Inc. required to make reasonable accommodations for Vivian Patz?

m. Did Vivian Patz request an accommodation as required under the Pregnancy Discrimination Act or the ADA?

n. Is Walter H. Maples, Inc. liable to Plaintiffs for Fair Housing Act-Federal?

o. Is SHH Properties, LLC liable to Plaintiffs for Fair Housing Act-Federal?

p. Is Shelly Jambon liable to Plaintiffs for Fair Housing Act-Federal?

q. Is Walter H. Maples, Inc. liable to Plaintiffs for Pregnancy Discrimination-Louisiana?

r. Is Shelly Jambon liable to Plaintiffs for Pregnancy Discrimination-Louisiana?

s. Is Walter H. Maples, Inc. liable to Plaintiffs for Breach of Lease?

t. Is SHH Properties, LLC liable to Plaintiffs for Breach of Lease?

u. Is Shelly Maples liable to Plaintiffs for Breach of Lease?

v. Was any Defendant required to give written notice to vacate to Plaintiffs?

w. Was any Defendant required to file formal eviction proceedings?

x. Is Walter H. Maples, Inc. liable to Plaintiffs for Trespass?

y. Is SHH Properties, LLC liable to Plaintiffs for Trespass?

z. Is Shelly Jambon liable to Plaintiffs for Trespass?

aa. Is Walter H. Maples, Inc. liable to Plaintiffs for Unfair Trade Practices?

bb. Is SHH Properties, LLC liable to Plaintiffs for Unfair Trade Practices?

cc. Is Shelly Jambon liable to Plaintiffs for Unfair Trade Practices?

dd. Should the corporate veil of Walter H. Maples, Inc. be ignored holding Shelly Jambon personally liable?

ee. Were Plaintiffs' employment terminated for cause.

ff. Is any Defendant, whether jointly or in solido, liable to Plaintiffs for any damage as a result of the alleged acts of Defendants?

gg. Are Plaintiffs entitled to any type of declaratory relief?

hh. Did Plaintiffs suffer any compensatory damages for which Defendants would be liable?

ii. Did Plaintiffs suffer any special damages for which Defendants would be liable?

jj. Are Plaintiffs entitled to an award of attorney's fees?

kk. Are Plaintiffs entitled to any monetary relief due to their failure to properly mitigate their damages?

ll. Is Plaintiffs' claim for liquidated damages barred for the reason that Defendants acted in good faith.

mm. Is Plaintiffs' claims for liquidated and other damages barred for the reason that Defendants did not willfully violate the Fair Housing Act.

nn. Does the Louisiana Unfair Trade Practices and Consumer Protection Law, LA R.S. 51:1401, *et seq.*, apply to Plaintiffs claims against any Defendant.

oo. Did Defendants not commit any act which violates the Unfair Trade Practices Act.

pp.

10. **EXHIBITS TO BE INTRODUCED DURING THE PRESENTATION OF TESTIMONY:**

   **a. Plaintiffs:**

| **EXHIBIT NO.** | **DESCRIPTION** | **BATES Nos.** |
|---|---|---|
| Exhibit 1 | January 22, 2014 Letter of M. Patz Employment | 2 |
| Exhibit 2 | Vivian Patz Paystubs | 3 -11 |
| Exhibit 3 | Vivian Patz Separation Notice | 12 |
| Exhibit 4 | Documents from La. Workforce Comm. | 13- 25 |
| Exhibit 5 | Louisiana Workforce Documentation UI Documentation | 26-35 |
| Exhibit 6 | 2018.1.30 - Email from La. Workforce - No Separation Notice | 36 |
| Exhibit 7 | 2018.1.31 - Email from La. Workforce - Some Documents | 37-41 |
| Exhibit 8 | 2017.6.28 - Vivian Blackledge Right to Sue Letter | 42-44 |
| Exhibit 9 | 2017.12.19 - SHH and Walter H Maples corporate disclosure | 45-46 |
| Exhibit 10 | Amended Complaint (R. Doc. 59 | 47-66 |
| Exhibit 11 | Amended Answer (R. Doc. 64) | 67-78 |
| Exhibit 12 | Unused | |
| Exhibit 13 | Deposition Transcript and Exhibits of Vivian Patz | 79-198 |
| Exhibit 14 | Deposition Transcript and Exhibits of Michael Patz | 199-267 |
| Exhibit 15 | Deposition Transcript and Exhibits of Denise Esponge | 504-569 |
| Exhibit 16 | Deposition Transcript and Exhibits of Lovie Verdin | 570-634 |
| Exhibit 17 | Deposition Transcript and Exhibits of Victoria Spell | 635-704 |
| Exhibit 18 | EATEL Phone Records | 268-269 |
| Exhibit 19 | Kylie Patz Birth Documents | 270-271 |
| Exhibit 20 | Employee Schedules | 272-294 |
| Exhibit 21 | Vivian Personnel File | 295-311 |
| Exhibit 22 | Vivian Payroll File | 312-324 |
| Exhibit 23 | Mike Personnel File | 325-345 |
| Exhibit 24 | Mike Payroll File | 346-384 |
| Exhibit 25 | Defendants' Responses to First set of RFAs | 385-393 |

| Exhibit 26 | Shelly Jambon's Response to 1st Set of Interrogatoies | 394-398 |
| Exhibit 27 | Shelly Jambon Verification Page | 399 |
| Exhibit 28 | Defendants' Responses to First set of RFAs | 400-402 |
| Exhibit 29 | SHH Responses to Interrogatories | 403-406 |
| Exhibit 30 | SHH Verification Page | 407 |
| Exhibit 31 | Walter H. Maples Responses to Interrogatories | 408-412 |
| Exhibit 32 | Walter H. Maples Verification Page | 413 |
| Exhibit 33 | Shelly Jambon 2016 Tax Return | 414-455 |
| Exhibit 34 | Sureway-SHH Financials | 456-479 |
| Exhibit 35 | Victoria Spell Personnel File | 480-484 |
| Exhibit 36 | Starr Personnel File | 485-495 |
| Exhibit 37 | Willyard Personnel File | 496-503 |
| Exhibit 38 | Deposition Transcript of David Felarise | 705-730 |
| Exhibit 39 | Deposition Exhibit of David Felarise (Sworn Declaration) | 731 |
| Exhibit 40 | Deposition Transcript of Shelly Jambon | 732-917 |
| Exhibit 41 | Deposition Exhibits of Shelly Jambon | 918-933 |
| Exhibit 42 | June Crosby Personnel File | 934-944 |
| Exhibit 43 | Denise Esponge Personnel File | 945-951 |
| Exhibit 44 | Amended Answers to First Set of Interrogatories SHH | 952-955 |
| Exhibit 45 | Amended Answers to First Set of Interrogatories WHM Inc | 956-960 |
| Exhibit 46 | Amended Response to 1st Set Inter Shelly | 961-964 |
| Exhibit 47 | Amended Response to Second Set Interrogatories to SHH | 965-969 |
| Exhibit 48 | Amended Responses to 2nd Set Interrogatories WHM Inc | 970-973 |
| *To Be Numbered As Needed* | Any documents or things necessary for impeachment; to be identified per the Scheduling Order, R. Doc. 80. | |
| | Any documents or things necessary for rebuttal. | |
| | Any exhibit referenced by a witness during trial testimony | |
| | Demonstrative Exhibits to Be Provided | |
| | Any exhibit listed by any other party | |
| | Documents that are still to be produced in discovery | |

(Note: Highlighted documents are those covered by protective order.)

**b. Defendants:**

1. Personnel File of Vivian Patz-WHM [Bates 1000-1029]

2. Personnel File of Vivian Patz-Whole Foods [Bates 1030-1036]

3. Personnel File of Vivian Patz-Winn Dixie [Bates 1037-1111]

4. Personnel File of Vivian Patz-Office Depot [Bates 1112-1212]

13

5. Personnel File of Vivian Patz-Home Depot [Subpoena issued-no response to date]

6. Personnel file of Michael Patz-WHM [Bates 1600-1659]

7. Personnel File of Victoria Spell-WHM [Bates 1800-1804]

8. Personnel File of Jessica Starr-WHM [Bates 1805-1815]

9. Personnel File of Brittany Willyard-WHM [Bates1816-1823]

10. Medical Rec. Vivian Patz-Ochsner Patient Health Summary [Bates 2000-2011]

11. Medical Rec. Vivian Patz- Chabert Medical Center [Bates 2012-2017]

12. Medical Rec. Vivian Patz-Ochsner Health Ctr. Northshore [Bates 2018-2032]

13. Medical Rec. Vivian Patz-Ochsner Visit 04/15/2016 [Bates 2033-2049]

14. Medical Rec. Vivian Patz-Ochsner Visit 06/02/2019 [Bates 2050-2080]

15. Medical Rec. Vivian Patz-Ochsner Visit 04/15 and 07/01/2016 [Bates 2081-2113]

16. Medical Records of Vivian Patz-Medicaid Records [Bates 2114-2193]

17. Medical Rec. Vivian Patz-Lady of the Sea General Hospital [Bates 2194-2222]

18. Medical Rec. Vivian Patz-West Jefferson Medical Center [Bates 2223-2228]

19. Medical Rec. Vivian Patz-St. Tammany Parish Hospital [Bates [2229-2896]

20. WHM Employee Schedules for January-April 2016 [Bates 3000-3022]

21. WHM Employee Timecards [Bates 3023-3029]

22. Corporate documents of Walter H. Maples, Inc. [Bates 3200-3231]

23. Company documents of SHH Properties, L.L.C. [3300-3303]

24. Act of Sale – Nicarri Lane [Bates 3400-3406]

25. 2016 Vivian Patz Tax Return [Bates 4000-4012]

26. 2016 Michael Patz Tax Return [Bates 4013-4031]

27. 2017 Patz Joint Tax Return [Bates 4032-4093]

28. SSA Statement of Earrings – Vivian Blackledge [Bates 4094-4097]

29. SSA Statement of Earrings – Michael Patz [Bates 4098-4100]

30. Marriage Contract – Shelly Maples Landry [Bates 4200-4208]

31. Checks to Vivian Patz [Bates 4300-4301]

32. Checks from WHM to SHH [Bates 4302-4304]

33. Transcript of Vivian Patz Deposition [Bates 5000-5123]

34. Transcript of Michael Patz Deposition [Bates 5124-5196]

35. Patz Response to 1st Interrogatories [Bates 5197-5205]

36. Patz Response to 1st Req. for Production [Bates 5206-5212]

37. Declaration of Vivian Patz dated February 27, 2018 [Bates 5213-5217]

38. Declaration of Victoria Spell dated May 7, 2108 [Bates 5218-5220]

39. Transcript of Vitoria Spell Deposition [Bates 5221-5287]

40. Any exhibit identified or introduced by the Plaintiffs.

41. Any exhibit referenced by a witness during trial testimony.

42. Deposition transcripts for impeachment purposes.

43. Any documents or things necessary for rebuttal.

44. Any documents or things necessary for impeachment.

**11.   DEPOSITION TESTIMONY TO BE OFFERED IN LIEU OF TESTIMONY:**

None.

**12.   DEMONSTRATIVE EXHIBITS FOR OPENING STATEMENTS OR CLOSING ARGUMENTS:**

   a.   **Plaintiffs:**

        i.      A demonstrative of the timeline of events.
        ii.     A demonstrative of the party defendants.

    **b.**    **Defendants:**

        i.      A demonstrative of the party defendants.
        ii.     A demonstrative of the timeline of events.

**13.**    **TRIAL WITNESSES.**

    a.    **Plaintiffs** (all witnesses listed herein were identified in accordance with prior court orders):

1. Vivian Patz. Will testify as to her experiences, pregnancy, termination, eviction, harm, etc.

2. Michael Patz. Will testify as to his experiences, eviction, harm, etc.

3. Victoria Spell. Will testify as to her experiences, pregnancy, termination, etc.

4. Denise Esponge. Will testify as to employment practices, accommodations, housing issues, etc.

5. Lovie Verdin. Will testify as to employment practices, accommodations, housing issues, etc.

6. Shelly Jambon. Will testify as to employment practices, accommodations, housing issues, etc.

7. Robert Roux (or designee), Executive Counsel, Louisiana Workforce Commission. Will testify as to what documents were or were not received by the LWC.

8. Any person listed or called to testify by the Defendants.

9. Any person necessary for impeachment or rebuttal purposes.

10. Any person necessary to authenticate records.

Will testify as to employment practices, accommodations, housing issues, etc.

    **b.**    **Defendants** (all witnesses listed herein were identified in accordance with prior court orders):

        i.    Shelly Jambon, 207 Nacarri Lane, Grand Isle, LA 70358. In defense of herself individually, and as representative of defendants, Walter H. Maples, Inc. and SHH Properties, L.L.C.

        ii.    Denise Esponge, 112 Judge Adams Lane, Grand Isle, LA 70358. Regarding the circumstances of her employment with Walter H. Maples., Inc.; the circumstances of Plaintiffs' employment with Walter H. Maples, Inc. and termination of Plaintiffs' employment-related housing; and employment practices of Walter H. Maples, Inc.

        iii.    Lovie Verdin, 134 Rosethorne Lane, Grand Isle, LA 70358. Regarding the circumstances of her employment with Walter H. Maples., Inc.; the circumstances of Plaintiffs' employment with Walter H. Maples, Inc. and termination of Plaintiffs' employment-related housing; and employment practices of Walter H. Maples, Inc.

        iv.    David Felarise, 102 Community Lane, Apt. 5, Grand Isle, LA 70358. Regarding the circumstances of her employment with Walter H. Maples., Inc.; the circumstances of Plaintiffs' employment with Walter H. Maples, Inc. and termination of Plaintiffs' employment-related housing; and employment practices Walter H. Maples, Inc.

        v.    Leo Tranchant, 190 Neptune Lane, Grand Isle, LA 70358. Regarding the circumstances of her employment with Walter H. Maples., Inc.; the circumstances of Plaintiffs' employment with Walter H. Maples, Inc. and termination of Plaintiffs' employment-related housing; and employment practices of Walter H. Maples, Inc.

        vi.    Telly Santiny, 167 Santiny Lane, Grand Isle, LA 70358. Regarding the circumstances of his employment with Walter H. Maples., Inc.; the circumstances of Plaintiffs' employment with Walter H. Maples, Inc. and termination of Plaintiffs' employment-related housing; and employment practices of Walter H. Maples, Inc.

        vii.    Mitchell C. Compeaux, CPA, 10674 Highway 1, Lockport, LA 70374. Regarding accounting and bookkeeping of Defendants, Shelly Jambon, Walter H. Maples, Inc., and SHH Properties, L.L.C.

        viii.    Samantha Santiny, 167 Santiny Lane, Grand Isle, LA 70358. Regarding the circumstances of her employment with Walter H. Maples, Inc.

      ix.      Brittany Willyard, 127 Capital Lane, Grand Isle, LA 70358. Regarding the circumstances of her employment with Walter H. Maples, Inc.

      x.      Cherish Brelsford, 134 Rosethorne Lane, Grand Isle, LA 70358. Regarding the circumstances of her employment with Walter H. Maples, Inc.

      xi.      Alexis Vizier Melancon, 110 Peach Street, Bldg 7, Apt. A, Galliano, LA 70354. Regarding the circumstances of her employment with Walter H. Maples, Inc.

      xii.      Any person listed or called to testify by the Plaintiffs.

      xiii.      Any person necessary for impeachment or rebuttal purposes.

      xiv.      Any person necessary to authenticate records.

**14.    JURY TRIAL.**

    a.    Jury trial is applicable to all aspects of the claims.

    b.    Counsel will prepare **a joint statement of the case** which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should not be more than two or three paragraphs. The statement will be filed with the Court no later than **5:00 p.m. five working days** prior to trial.

    c.    Proposed jury instructions are to be filed no later than **5:00 p.m. five working days** prior to trial. The parties must file **joint jury instructions**. The parties will meet and confer sufficiently in advance of the required submission date in order to prepare the joint jury instructions. The instructions must include citations to relevant legal authority. The instructions should be set forth in the order in which the parties wish to have the instructions read.

    d.    In the event that agreement cannot be reached on all jury instructions, counsel shall provide alternate versions with respect to any instruction in dispute. Each party should note its reasons for putting forth an alternative instruction and the law in support thereof. Counsel must submit electronic versions (in Word format) to the Court no later than **5:00 p.m. five working days** before trial at the

following email address: efile-Morgan@laed.uscourts.gov, and must deliver 2 courtesy copies to Chambers.

e. A **joint proposed jury verdict form** is to be filed no later than **5:00 p.m. five working days** prior to trial. The parties shall meet and confer in advance of the required submission date in order to prepare the joint proposed jury verdict form. In the event that agreement cannot be reached, the parties shall file (1) separate proposed jury verdict forms; and (2) a joint memorandum explaining the disagreements between the parties as to the proposed jury verdict form.

f. Any **proposed special voir dire questions** are to be filed by each counsel no later than **5:00 p.m. five working days** prior to trial.

15. **THE ISSUE OF LIABILITY (WILL OR WILL NOT) BE TRIED SEPARATELY FROM THAT OF QUANTUM.**

    Will not.

16. **MATTERS THAT MAY EXPEDITE DISPOSITION OF THE CASE:**

    a. None identified.

17. **TRIAL SHALL COMMENCE ON: January 28, 2019, at 9:00 a.m.**

    Trial is expected to last 4 days. The trial was previously scheduled to commence on January 7, 2018, at 9:00 a.m.

18. **CONFERENCE OF COUNSEL:**

    This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared by telephone. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19. **SETTLEMENT:**

    Possibility of settlement of this case was considered.

**20.   SIGNATURES:**

        _/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste 114 #101
New Orleans, LA 70170
T: (650) 465-5023
Email: williammost@gmail.com
*Counsel for Plaintiff*

STEPHENSON, CHÁVARRI & DAWSON, LLC

/s/ *Sean R. Dawson*_____
SEAN R. DAWSON, (TA) LA Bar No. 19542
WILLIAM B. GORDON, LA Bar No. 28056
MARIA I. O'BYRNE STEPHENSON, LA Bar No. 12448
ERIC D. SMITH, JR., LA Bar No. 32697
400 Poydras Street, Suite 1990
New Orleans, Louisiana 70130
Tel.: (504) 523-6496
Fax: (504) 525-2846
*Attorneys for Defendants*

New Orleans, Louisiana, this ____ day of _____, 2018.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**