UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ and MICHAEL PATZ, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 2:17-cv-03465 |
| v. ) | |
| ) | Judge Susie Morgan |
| SUREWAY SUPERMARKET, *et al.* ) | Magistrate Janis Van Meerveld |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE
DEFENDANTS' NON-PARTY WITNESSES FROM COURTROOM**

Plaintiffs, through undersigned counsel, respectfully file this memorandum in support of their motion to exclude Defendants' non-party-or-designee witnesses from the courtroom at trial.

**I.     Analysis**

At the request of any party, the court "must order" witnesses excluded from the courtroom during trial "so that they cannot hear other witnesses' testimony." Federal R. Evid. 615; *Geders v. United States* (1976) 425 U.S. 80, 87, 96 S.Ct. 1330, 133 (courts have broad power to sequester witnesses before, during, and after their testimony).

During the depositions of Plaintiffs Vivian and Michael Patz, Denise Esponge and Lovie Verdin were present, and Defendants' counsel argued that they could be present because they were representatives of Defendants Walter H. Maples and SHH Properties, LLC. In the event that Defendants likewise seek to have Ms. Esponge and/or Ms. Verdin present during other witnesses' testimony at trial, this would be improper under FRE 615.

FRE 615 serves both to reduce the danger that a witness' testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness' testimony will be based on his or her own recollections. *See* FRE 615, Adv. Comm. Notes; *Perry v. Leeke*

1

(1989) 488 U.S. 272, 282, 109 S.Ct. 594, 601, fn. 4 (Rule 615 designed to prevent shaping of testimony by hearing what other witnesses say). The only exceptions are:

    (a)    a party who is a natural person;

    (b)    an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

    (c)    a person whose presence a party shows to be essential to presenting the party's claim or defense; or

    (d)    a person authorized by statute to be present.

Fed. R. Evid. 615.

Neither Ms. Esponge nor Ms. Verdin is an officer or employee of SHH Properties, LLC. Indeed, none of Defendants' witnesses is an employee of SHH Properties such that they could be designated as a representative of SHH pursuant to FRE 615(b). *See* **Exhibit 1** filed under seal per R. Doc. 131 (SHH's balance sheet shows no payroll taxes listed as a liability). Further, if Defendants wish to have Ms. Esponge, Ms. Verdin, or any other witness present at trial pursuant to FRE 615(c), they would bear the burden to show that their presence is "essential to presenting the party's claim or defense." Plaintiffs respectfully submit that Defendants cannot meet that burden, and allowing either Ms. Esponge and/or Ms. Verdin to be present is improper and would undermine the purposes of FRE 615.

Pursuant to FRE 615, at most Defendants should be allowed to have two persons present in the courtroom other than counsel – Defendant Shelly Jambon and, if properly designated by Defendants, a representative officer or employee for Walter H. Maples, Inc.

**II.     Conclusion**

Plaintiffs therefore ask this Court to grant the motion the motion to exclude Defendants' non-party-or-designee witnesses, including but not limited to Ms. Esponge and/or Ms. Verdin, from the courtroom at trial.

>VIVIAN BLACKLEDGE and MICHAEL PATZ, by and through their counsel,
>
>/s/ *William Most*_____
>WILLIAM MOST
>La. Bar No. 36914
>201 St. Charles Ave., Ste. 114, # 101
>New Orleans, LA 70170
>T: (504) 509-5023
>Email: williammost@gmail.com
>
>And
>
>Kerry A. Murphy (La. Bar No. 31382)
>Catherine E. Lasky (La. Bar No. 28652)
>LASKY MURPHY LLC
>715 Girod Street, Suite 250
>New Orleans LA 70130
>Telephone: (504) 603-1500
>Facsimile: (504) 603-1503