UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ and MICHAEL PATZ, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>SUREWAY SUPERMARKET, *et al.* )<br>)<br>Defendants. ) | Civil Action No.: 2:17-cv-03465<br><br>Judge Susie Morgan<br>Magistrate Janis Van Meerveld |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE REGARDING MICHAEL PATZ'S CRIMINAL RECORD</u>**

Plaintiffs, through undersigned counsel, respectfully file this memorandum in support of their motion for an order excluding any and all evidence, references to evidence, or argument relating to Plaintiff Michael Patz's criminal record.

This case is about whether Defendants fired Vivian Patz and evicted both her and her partner Michael Patz because Ms. Patz became pregnant while working at Sureway Supermarket. Among the potential exhibits Defendants listed for potential use at trial (*see* R. Doc. 104, Def. Ex. 5(ii)) is deposition testimony given by Michael Patz about his past criminal history. This testimony is both irrelevant to the current dispute and also specifically excluded under Federal Rule of Evidence 404(b) and Rule 403. Allowing this portion of the deposition and any other documents or references to Plaintiff's criminal record to be used in any capacity at trial would distract from the issues pertinent to the case and unfairly prejudice Plaintiffs. For these reasons, set forth more fully herein, the Court should grant this motion and exclude any evidence of or references to Mr. Patz's criminal record.

**DISCUSSION**

**I.     Overview of the Evidence at Issue**

During Mr. Patz's deposition in this case, he explained that prior to the time at issue in this case, he had been convicted of possession with intent to distribute and simple burglary. Ex. A at 17. He completed parole in 2013, three years prior the time at issue in this case. *Id.*

> Q. So you moved to Grand Isle without a job?
> A. Yes. I moved there because I was actually trying to get off of parole at that time.
> Q. And why were you on parole?
> A. For possession with intent to distribute, two counts, and simple burglary.
> Q. And that's all finished?
> A. Yes, ma'am.
> Q. You are done with that?
> A. Finished 2013.

Exhibit A at 17.

**II.    Evidence of Plaintiff's Criminal Record Should Be Barred Under Rules 401, 402, 403, and 404(b).**

Plaintiff Michael Patz's past criminal convictions are wholly unrelated to the claims and defenses in this lawsuit. As set forth below, any evidence of or references to Mr. Patz's criminal record should be barred from trial pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b).

   A.    <u>Mr. Patz's criminal record is not relevant under Rules 401 and 402.</u>

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible," and Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence." Here, Mr. Patz's criminal record is not relevant to the disputed issues in this case and should be excluded from evidence at trial. The reason for Mr. Patz's firing is not at issue in this case. R. Doc. 133 (Proposed Pre-Trial Order) at 7-12 (Michael's firing not among contested issues of fact or law). The reason for Ms. Patz's

firing, of course, is the central issue in this case, but Mr. Patz's criminal record has no bearing on that issue. Defendants have asserted throughout this lawsuit that the firing of Ms. Patz and the eviction of both Plaintiffs was due to Ms. Patz's failure to bring in a doctor's note after four days. *See, e.g.,* R. Doc. 115-4, Pg:72, Ln:13-18. Defendants have never alleged that any Plaintiff's past crimes were the cause or even an influencing factor in their decision to fire Ms. Patz and evict Plaintiffs.

      B.    <u>Evidence of or references to Mr. Patz's criminal record should be excluded pursuant to Rule 404(b).</u>

Should Defendants attempt to present evidence of past convictions to prove something about Michael's character, such use would be in violation of Rule 404(b). Rule 404(b) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Under this rule, evidence of prior convictions or other crimes is not admissible to show a party's bad character. *United States v. Griffin*, 324 F.3d 330, 359-360 (5th Cir. 2003). As noted in the Rule 404 Advisory Committee Notes:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Notes of Advisory Committee on Proposed Rules, Fed. R. Evid. 404 (citation omitted).[1]

The only effect that evidence of Mr. Patz's criminal record would have would be to prejudice the jury against Plaintiff and distract the jury from the issues in this case, which is

---

[1] Although evidence of prior crimes may be admissible for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404, none of these is at issue here. This is a civil case, not a criminal matter, and Plaintiff's prior convictions have no bearing on the case.

precisely what Rule 404(b) is designed to prevent.

          C. <u>Evidence of or references to Mr. Patz's criminal record should be barred pursuant to Rule 403.</u>

Defendants may argue that evidence of Mr. Patz's criminal record is relevant because it goes to his credibility. However, the evidence of Mr. Patz's criminal record is inadmissible pursuant to Rule 403, because any probative value such evidence might have is substantially outweighed by the danger of unfair prejudice. probative value outweighs their prejudice.

As discussed above, Mr. Patz's criminal record sheds no light on any disputed facts or legal issues. Accordingly, the probative value of such evidence would be "substantially outweighed by its undue prejudice." *U.S. v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978). *See also* Fed. R. Evid. 403. Evidence and testimony relating to Mr. Patz's prior convictions and other crimes should be barred under Rule 403 because the possible probative value is far outweighed by the potential for unfair prejudice. *See* Fed. R. Evid. 403; *Martinez v. Cunningham*, 16-cv-14896-SSV-MBN (E.D. La., Feb. 6, 2018) (In injury case, evidence of "drug conviction could unfairly prejudice plaintiff by biasing the jury against him. Thus, evidence of plaintiff's criminal record is inadmissible for the purpose of impeachment because the risk of unfair prejudice substantially outweighs the probative value.") The fact that Plaintiff was convicted of a felony years ago has no bearing on this case. The only reason that Defendants would seek to introduce evidence of Plaintiff's past crimes would be to inflame the passions of the jury and encourage them to find against Plaintiffs, notwithstanding the merits of the case and relevant evidence presented at trial, because Defendants have cast Plaintiff as a criminal. *See Tate v. Union Oil Co. of California*, 968 F. Supp. 308, 311-312 (E.D. La., June 17, 1997) (excluding evidence of conviction for possession with intent to distribute because it "poses a danger of unfair prejudice that substantially outweighs any probative value at this time").

Finally, although Rule 609 allows for the introduction of convictions for crimes directly related to a witness' credibility in a civil case, that rule is inapplicable here. Mr. Patz's convictions of possession with intent or burglary are not admissible under Rule 609(a)(2), because neither are charges involving "a dishonest act or false statement" as an element of the crime. *See Adams v. City of Shreveport,* 15-cv-2637 (W.D. La., Nov. 17, 2017) (granting motion *in limine* in civil case because possession of marijuana "does not involve 'dishonest acts.'"); *Tate, supra*, 968 F. Supp. at 311 (noting no suggestion that possession with intent to distribute is a crime of dishonesty); *United States v. Pruett*, 681 F.3d 232, 247 (5th Cir., 2012) (theft and larceny do not have "a dishonest act or false statement" as an element.); *United States v. Chaco*, 801 F.Supp.2d 1217 (D. N.M., 2011) (burglary not a crime that has required elements of "dishonesty or false statement.").

### III. Conclusion

In conclusion, any evidence of or references to Mr. Patz's criminal record is inadmissible and should be excluded at trial pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b). Plaintiffs therefore ask this Court to grant this motion *in limine*.

Respectfully submitted,

VIVIAN BLACKLEDGE and MICHAEL PATZ, by and through their counsel,

/s/ *William Most*
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

And

Kerry A. Murphy (La. Bar No. 31382)

Catherine E. Lasky (La. Bar No. 28652)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503