**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| VIVIAN PATZ and MICHAEL PATZ, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 2:17-cv-03465 |
| v. | ) | |
| | ) | Judge Susie Morgan |
| SUREWAY SUPERMARKET, *et al.* | ) | Magistrate Janis Van Meerveld |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S ALLEGED DRUG USE

Plaintiffs, through undersigned counsel, respectfully file this memorandum in support of their motion *in limine* for an order excluding any and all evidence, references to evidence, or argument relating to Plaintiffs' drug use.

This case is about whether Defendants fired and evicted Vivian Patz because she became pregnant while working at Sureway Supermarket. Among the potential exhibits Defendants listed for potential use at trial (*see* Rec. Doc 104) are Vivian's medical records and deposition testimony that reference one or two uses of marijuana during her pregnancy. That marijuana use, however, has no relevance to any disputed fact or legal issue in this case, and is therefore barred by Federal Rule of Evidence 404. *See* R. Doc. 104 (Vivian's marijuana use not among disputed facts or legal issues for trial). Allowing these portions of her personal medical records, or any other references to alleged drug use by Vivian, to be used in any capacity at trial, would distract from the issues pertinent to the case and unfairly prejudice Plaintiffs. For that reason, Plaintiffs respectfully request that thisi motion *in limine* be granted and all such evidence, argument, and references be excluded from trial.

**DISCUSSION**

I.      **Overview of the Evidence at Issue**

This motion seeks to exclude any evidence or argument related to Vivian Patz's alleged drug use. For example, a June 6, 2016 Oschner medical record included in Defendants' final exhibit list shows Vivian reporting marijuana use, with "last use 3-4 days ago." R. Doc. 104 (Joint Pre-Trial Order) at page 4, Exhibit 2(v), Def-2058. During her deposition, Vivian stated that she used marijuana during her pregnancy "once or twice with doctor's recommendation" for nausea. Ex. A at 60-61. She did not report any other use of drugs. *Id.* at 61.

II.     **Evidence of Vivian's Past Drug Use Is Not Relevant and Should Be Barred Because it Does Not Shed Light on Any Disputed Fact or Legal issue.**

A.      Vivian's alleged drug use is not relevant to Defendants' acts of discrimination.

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible," and Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence."

Here, Defendants have never asserted that drug use was the cause or even an influencing factor in their decision to fire Vivian and/or evict Plaintiffs from their apartment. *See* R. Doc. 104 (marijuana use not among disputed facts or legal issues). Defendants have stated throughout this lawsuit that that Vivian was not fired for alleged drug use, but for failing to bring in a doctor's note after four days. *See, e.g.,* R. Doc. 115-4, Pg:72, Ln:13-18. Because Defendants have never alleged that drug use had any role in their decision to fire Vivian and evict Plaintiffs from their apartment, any evidence of marijuana use should be barred as not relevant under Rule 401. *See Howard v. Offshore Liftboats*, LLC, 13-cv-04811-SM-MBN, R. Doc. 724 at 5 (E.D. La., Jan. 23, 2016) (this Court excluded post-accident drug test because relevant to whether party was qualified to work offshore or whether he was impaired at the time of the accident).

A.  Because the alleged drug use is irrelevant to Defendants' acts of discrimination, any probative value of this evidence would be outweighed by prejudice.

Because Vivian's alleged drug shed no light on any disputed facts or legal issues, any possible probative value of such evidence would be substantially outweighed by its undue prejudice. *See* Fed. R. Evid. 403.

Vivian's medical records do not indicate that the marijuana use was relevant to any diagnosis, nor is there to be any expert testimony on the topic.[1] In deposition, Defendants' counsel argued that Vivian's "mental anguish [] may have been affected by whether or not she was smoking marijuana at some point." Ex. A at 60. However, without any expert testimony on that point, such an argument would be entirely speculative. *See Mankey v. Bennett*, 38 F.2d 353, 360 (7th Cir. 1994) (unless an expert connected drug use to "life expectancy and future earning capacity, the admission of such evidence would be merely prejudicial and (standing alone) of no probative value"); *Howard v. Offshore Liftboats, LLC,* 13-cv-04811-SM-MBN, R. Doc. 724 (E.D. La., Jan. 23, 2016) (this Court excluded potentially "diluted" drug test results because they would have to be interpreted by an expert to be useful). Accordingly, any evidence, testimony, argument, or reference to Vivian's alleged drug use should be barred under Rule 403.

This type of evidence, or any argument or reference thereto, could also lead the jury to stereotype Vivian as a drug user and believe that this alleged drug use was the reason for her firing and eviction, even though Vivian's marijuana use was minimal, Defendants had no knowledge of it at the time, and Defendants never alleged that drug use was the reason for the firing and eviction. Vivian was terminated, according to Defendants, because of her absence while trying to obtain a doctor's note for her pregnancy, not because of any knowledge of alleged drug use. *See Dauzat v.*

---

[1] As the parties indicated at the recent pretrial conference, no expert testimony will be presented by any party at trial.

*Collums Furniture Mfg., Inc.*, 10-cv-205, 2012 WL 2131951, at *2 (N.D. Miss. June 12, 2012) (court properly excluded evidence of plaintiff's drug use on grounds that "danger of unfair prejudice substantially outweighed the probative value of the evidence"); *Arce v. Louisiana State*, 16-cv-14003, R. Doc. 141 (E.D. La., Nov. 22, 2017)  (even where drug use *was* relevant for showing reason for probation revocation, evidence as to specific drug use was so prejudicial as to require the evidence be restricted)

## III.   Conclusion

Any evidence of and/or reference to Vivian's alleged drug use should be excluded at trial pursuant to Federal Rules of Evidence 401 and 403. Such evidence has no relevance to the disputed issues in this case and would be unfairly prejudicial to Plaintiffs. For these reasons, Plaintiffs respectfully request that this Court grant this motion *in limine*.

Respectfully submitted,

VIVIAN BLACKLEDGE and MICHAEL PATZ, by and through their counsel,

/s/ *William Most*
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

And

Kerry A. Murphy (La. Bar No. 31382)
Catherine E. Lasky (La. Bar No. 28652)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503