UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ and MICHAEL PATZ, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 2:17-cv-03465 |
| v. ) | |
| ) | Judge Susie Morgan |
| SUREWAY SUPERMARKET, *et al.* ) | Magistrate Janis Van Meerveld |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE REGARDING PLAINTIFFS' PRE-SUREWAY EMPLOYMENT INFORMATION**

Plaintiffs, through undersigned counsel, respectfully file this memorandum in support of their motion *in limine* to exclude evidence or argument relating to Plaintiffs' work history and employment records prior to their employment at Sureway Supermarket.

This case is about whether Defendants fired and evicted Vivian Patz because she became pregnant while working at Sureway Supermarket. Among the potential exhibits Defendants listed for potential use at trial (R. Docs. 104, 133), are personnel files for Vivian Patz from prior employers. Defendants also asked both Vivian and Michael Patz extensive questions about their work history prior to Sureway. Nothing about Plaintiff's pre-Sureway employment has any relevance to the Defendants' motivation for firing Vivian or any other question at issue. Further, the only purpose for which Defendants offer such evidence is to suggest that Vivian failed to check in during the week after she was instructed to return with a doctor's note, and the evidence is therefore barred by FRE 404(b). For these reasons, set forth in more detail below, Plaintiffs respectfully request that this Court grant this motion *in limine*.

1

**I.    Overview of the Evidence at Issue**

Defendants asked both Plaintiffs at length about their pre-Sureway work history during deposition. In addition, Defendants subpoenaed Vivian Patz's personnel files from employers other than Sureway Supermarket. These documents include Vivian's periods of employment with Winn Dixie, Office Depot, and Home Depot dating back to 2010. *See* R. Doc. 104 (Exhibits 1(i)(c-e)). The personnel files contain a variety of information wholly irrelevant to these proceedings, such as applications for employment, payroll records, employment certificates, policy acknowledgements, drug testing consent forms, medical questionnaires, emergency contacts, tax information, and performance reviews. Those documents include the following documents from Office Depot:

1) Def-1125: Manager's Record of Discussion Form from November, 2014, regarding an argument between Vivian and a manager regarding a copy job re-do.

2) Def-1128-1129: Performance Correction Document from February, 2015, regarding an issue with copy and print guidelines.

3) Def-1130-1133: Performance Correction Document from January, 2015, regarding attendance and a report detailing work absences.

4) Def-1134: Manager's Record of Discussion Form from December, 2014, regarding attendance.

5) Def-1135: Performance Correction Document from March, 2013, regarding a mandatory story meeting.

6) Def-1136: Termination notice from January, 2015, which mentions attendance.

In this motion, Plaintiffs seek to exclude all of the above-referenced documents and any references to either Plaintiff'ss pre-Sureway work history. As set forth below, none of this evidence relating to work history at previous employers bears any relevance to the facts or legal questions at issue in this case. For example, that Vivian may have had attendance issues while employed elsewhere does not make it any more or less likely that Defendants fired Vivian because

she was pregnant. These documents and other references to Plaintiffs' pre-Sureway work history would serve only to attack their character and are not allowed under the Federal Rules of Evidence.

**II.    Analysis**

    A.    <u>Evidence of past acts must be excluded unless they meet three criteria: that they are for a specific allowed purpose, are relevant, and are not prejudicial.</u>

Under Federal Rules of Evidence 401 and 402, only evidence that is of "consequence in determining the action" is admissible. And per Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence of specific past acts, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). But if the purpose is to show that an individual acted in a particular way at a time relevant to the dispute, that would be barred by the Rule. *See, e.g., U.S. v. Beechum*, 582 F.2d 898, 910 (5th Cir. 1978) (even if past acts are relevant "because a man of bad character is more likely to commit a crime than one not, the principle prohibits such evidence because it is inherently prejudicial"). In addition to the bar on using past acts to prove character, the Fifth Circuit has developed a two-part inquiry for evidence of past acts to be admitted: "First, it must be determined that the [other acts] evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice." *Id.* at 911.

Here, the evidence relating to Plaintiffs' past employment is not relevant to any issue other than their character. Indeed, Plaintiffs anticipate that Defendants intend to introduce Vivian's non-Sureway personnel records in order to suggest that just as Vivian had unexcused absences at Office Depot or other places of employment, she did not check in with Sureway after being instructed to

3

return with a doctor's note, thus justifying her termination from Sureway. This is a classic example of an effort to introduce evidence of past bad acts to prove that a witness acted in accordance therewith on a particular occasion, which is prohibited pursuant to FRE 404(b). Such a use would not meet any of the three criteria for admissibility of past acts, as it is not for a specific allowed purpose, is not relevant, and is prejudicial to Plaintiffs. Any possible probative value of the evidence is substantially outweighed by its undue prejudice to Plaintiffs.

> B. <u>Vivian's non-Sureway employment records are not relevant because her absence from Sureway is not a disputed issue.</u>

Defendants might attempt at trial to introduce Vivian's non-Sureway personnel records showing unexcused absences in other jobs. For example, Def-1130 and Def-1134 describe Vivian's failure to work her scheduled shifts in December 2014 and January 2015 and the fact that she had attendance issues while employed at Office Depot. Such evidence has no relevance to the issues in this case, because it is undisputed that Vivian was out of work in the days leading up to her termination at the direction of Defendant Shelly Jambon:

> Q. Did you tell her that she couldn't come back until she had a doctor's note?
>
> A. I told her to go home, because she wasn't feeling good, and she thought she might be pregnant, and I asked her, "Well, how do you know," and she said she didn't know, and I said, "Well, go home and come back with a doctor's note." I need to know what she could and couldn't do.
>
> Q. Did you mean she wasn't supposed to return to work until she had a doctor's note?
>
> A. Yes.

R. Doc. 115-4 (Deposition of Shelly M. Jambon), Pg:41, Ln14-25; *Id.* at Pg:133, Ln:21-25 ("Q. But you had told her not to – or tried to communicate to her not to return without a doctor's note. Is that right? A. Not to come back to work without a doctor's note."). Thus, Vivian's absence was not only excused, but ordered by Defendants.

4

The only dispute, as far as Vivian's absence is concerned, is about whether she stayed in contact with Defendants during that excused absence. Defendants have stated throughout this lawsuit that that Vivian was not fired for an unexcused absence or work performance, but for failing to bring in a doctor's note after four days. *See, e.g.,* R. Doc. 115-4, Pg:72, Ln:13-18.

Vivian's non-Sureway employment records show unexcused absences, but there is no indication in any of them that the absence was due to a medical issue or that Vivian failed to timely obtain a doctor's note. Furthermore, the absences noted in the personnel files were years prior to her employment at Sureway and were subject to the policies and procedures of other employers, not the policies and procedures relevant to Defendants. Thus, the documents lack any factual relevance to the issues for trial in this case.

    C.    <u>Plaintiff's non-Sureway employment history would not be useful for any FRE 404-approved purpose</u>.

Plaintiffs' non-Sureway employment records or history would not provide any insight into "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" as Vivian was sent home from Sureway by Defendants. *See* Fed. R. Evid. 404(b)(2)). Defendants have not argued that she had any intent or motive to intentionally skip work, and in fact, she was actively trying to return with a doctor's note as soon as possible. R. Doc. 115-2 ¶ 5.

Nor do any of these documents rise to the level of another exception that could justify their use: habit. Fed. R. Evid. 406 ("Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."). Habit and character are very similar; while "[c]haracter is a generalized description of one's disposition," habit is more precise as it "describes one's regular response to a repeated specific situation." *Reyes v. Missouri Pac. R. Co*., 589 F.2d 791, 794 (5th Cir., 1979); *see also Pursley v. Dretke*, 114 Fed.Appx. 630, 634 (5th Cir.2004)

5

(unpublished) ("habit" means "a specific reaction to a specific set of stimuli that is reflexive, repeated, and invariable in nature."). The personnel file documents span approximately eight years of Vivian's employment history and only show a handful of absences, which on its face is not a great enough frequency to consider as a habit. *See, e.g., Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419 (5th Cir., 2007) (comments made to five customers over the course of a decade "do not remotely qualify or quantify as a habit."). Frequency aside, habit requires a repeated response to a specific situation. None of the documents involve Vivian being ordered by her employer to not return without a doctor's note, so even more frequent absences would not be in response to this specific situation.

Similarly, the reason for Michael Patz's firing is not an issue in this case. R. Doc. 133 (Proposed Pre-Trial Order) at 7-12 (Michael's firing not among contested issues of fact or law). For that reason, evidence or argument about his pre-Sureway work history is not relevant here.

D. <u>Because it is irrelevant, any probative value of pre-Sureway employment information would be outweighed by prejudice.</u>

Because Plaintiff's pre-Sureway employment histories shed no light on any disputed facts or legal issues, the probative value of such evidence would be "substantially outweighed by its undue prejudice." *Beechum, supra,* 582 F.2d 898 at 911. Including irrelevant documents in evidence would mislead the jury into drawing a false factual comparison between the work performance issues from Vivian's past employment and the week at Sureway where she was ordered out of work to obtain a doctor's note, and to conclude that because Vivian had unexcused absences at Office Depot or other places of employment, she did not check in with Sureway after being instructed to return with a doctor's note. The documents could invite the jury to conclude that poor work performance is a character trait of Vivian's, when that has not been alleged by Defendants and is not at issue. Vivian was terminated, according to Defendants, because of her

absence while trying to obtain a doctor's note for her pregnancy, not because of any performance or attendance issues that could be implied by her past work history. The undue prejudice that allowing evidence of Vivian's past employment, particularly records relating to attendance and discipline, is substantial, as the central and determinative issue in this case is why Vivian was terminated.

### III.     Conclusion

As set forth herein, the Federal Rules of Evidence bar any evidence or argument about Plaintiffs' pre-Sureway employment because they would have no relevance to the matters at hand and would function only as an attack on Plaintiffs' character and unduly prejudice Vivian by suggesting that she failed to check in with Sureway after she was asked to return with a doctor's note. Plaintiffs therefore ask this Court to grant their motion *in limine.*

VIVIAN BLACKLEDGE and MICHAEL PATZ, by and through their counsel,

/s/ *William Most*
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

And

Kerry A. Murphy (La. Bar No. 31382)
Catherine E. Lasky (La. Bar No. 28652)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503