UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIVIAN PATZ, ET AL.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3465** |
| **SUREWAY SUPERMARKET, ET AL.,**<br>    Defendants | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Defendants Shelly Jambon, Walter H. Maples, Inc. ("Maples"), and SHH Properties, LLC ("SHH").[1] Plaintiffs Vivian Patz and Michael Patz oppose.[2] For the reasons that follow, Defendant's motion for partial summary judgment is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND[3]

Plaintiffs Vivian and Michael Patz were employees of Maples, doing business as Sureway Supermarket.[4] SHH owns the property at 176 Nacarri Lane,[5] and Maples leases the property for employer-provided housing.[6] Jambon is the sole shareholder of Maples, which employs more than fifteen people,[7] and the sole owner of limited liability company SHH.[8]

---

[1] R. Doc. 111.
[2] R. Doc. 115.
[3] Unless otherwise noted, the facts in this section are undisputed.
[4] R. Doc. 133 at 6, ¶ 7(a) (statement of uncontested facts in the parties' Pretrial Order).
[5] R. Doc. 68-1 at 1, ¶ 4; R. Doc. 120-1 at 1, ¶ 4.
[6] R. Doc. 133 at 6, ¶ 7(d).
[7] *Id.* at ¶ 7(h).
[8] *Id.* at ¶ 7(e). The attachments to the instant motion show officers and members of SHH other than Jambon, R. Doc. 68-6, but the Court accepts the parties' uncontested statement of fact that Jambon is the only *owner* of SHH.

1

Maples fired Vivian Patz in April 2016.[9] It is undisputed that, on April 23, 2016, Maples terminated Michael Patz.[10] Plaintiffs moved out of their apartment on April 23, 2016.[11] They moved their own property off the premises, and no one from Maples was involved in moving their property.[12] No eviction notice was posted before they left.[13] When a Maples employee went to the premises on April 25, 2016 to post a five-day eviction notice, Plaintiffs had already vacated.[14]

On April 14, 2017, Plaintiffs filed suit against Maples, Jambon, and SHH.[15] At issue in the instant motion are the following counts, which Plaintiffs bring against all Defendants: (3) violation of the Fair Housing Act,[16] (6) breach of the lease contract, (7) trespass, and (8) violation of LUTPA.[17]

On October 16, 2018, Defendants filed the instant motion.[18] Plaintiffs oppose.[19]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] "An issue is material if its resolution could affect the outcome of the action."[21] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[9] R. Doc. 111-3 at 2, ¶ 4, R. Doc. 115-1 at 1, ¶ 4.
[10] R. 133 at 6, ¶ 7(l) (statement of uncontested facts in the parties' Pretrial Order).
[11] R. Doc. 133 at 7, ¶ 7(o).
[12] R. Doc. 111-3 at 6, ¶ 17, R. Doc. 115-1 at 4, ¶ 17.
[13] R. Doc. 133 at 7, ¶ 7(n).
[14] R. Doc. 111-3 at 7, ¶ 20; R. Doc. 115-1 at 5–6, ¶ 20.
[15] R. Doc. 1.
[16] 42 U.S.C. § 3601 *et seq*.
[17] LA. REV. STAT. 51:1401 *et seq*. Plaintiffs also brought a claim under the Residential Lead-Based Paint Hazard Reduction Act. R. Doc. 1. On August 27, 2018, the Court granted Defendant's motion for partial summary judgment on that claim. R. Doc. 97.
[18] R. Doc. 111.
[19] R. Doc. 115.
[20] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[21] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[22] All reasonable inferences are drawn in favor of the non-moving party.[23] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[24]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[25]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to

---

[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[23] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[24] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[25] *Celotex*, 477 U.S. at 322–24.

establish an essential element of the non-movant's claim. [26] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied. [27] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party." [28] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[29]

## LAW AND ANALYSIS

### I. Genuine issues of material fact preclude summary judgment on Plaintiffs' FHA, breach of contract, and trespass claims.

Plaintiffs bring a housing discrimination claim under the FHA, alleging Defendants terminated their lease because Vivian Patz was pregnant.[30] The FHA makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling"[31] or to "discriminate against any person in the terms, conditions, or privileges of sale or rental

---

[26] *Id.* at 331–32 (Brennan, J., dissenting).
[27] *See id.* at 332.
[28] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[29] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[30] R. Doc. 59 at 13–14, ¶¶ 90–96.
[31] 42 U.S.C.A. § 3604(a).

of a dwelling" based on familial status,[32] including pregnancy.[33] In *Woods-Drake v. Lundy*, the Fifth Circuit found a violation of the FHA when a defendant "threaten[ed] to evict plaintiffs if they continued to have black guests."[34] In *Cox v. City of Dallas, Tex.*, the Fifth Circuit explained that there was a violation of the FHA in *Woods-Drake* because the landlord's "whites-only" condition "was akin to constructive [e]viction."[35] The *Cox* court explained that the FHA does not generally create a cause of action for plaintiffs challenging actions that reduce the value or habitability of their housing but does allow renters to sue for "actual or constructive eviction."[36] To establish liability under the FHA, Plaintiffs must show they were actually or constructively evicted for discriminatory reasons.

Plaintiffs bring a breach of contract claim on the basis that they were wrongfully evicted in breach of their lease agreement[37] Under Louisiana law, "[t]he contract of lease is subject to the rules of conventional obligations," and when a lessee is wrongfully evicted, the lessor is liable for contractual damages.[38] Plaintiffs also bring a trespass claim on the basis that the alleged wrongful eviction constituted an unlawful trespass.[39] "When a lessor takes the law in his hands by unlawfully dispossessing a tenant, he commits a trespass and is liable for general damages."[40] To establish liability on their breach of contract and trespass claims, Plaintiffs must show they were wrongfully evicted.

---

[32] 42 U.S.C.A. § 3604(b).
[33] 42 U.S.C. § 3602(k).
[34] 667 F.2d 1198, 1201.
[35] *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 746 (5th Cir. 2005)
[36] *Id.*
[37] R. Doc. 59 at 16–17, ¶¶ 117–25.
[38] *Smith v. Shirley*, 2001-1249 (La. App. 3 Cir. 2/6/02), 815 So. 2d 980, 984, *writ denied*, 2002-0688 (La. 5/24/02), 816 So. 2d 308 (citing LA. CIV. CODE art. 2668); *see also Duhon v. Briley*, 2012-1137 (La. App. 4 Cir. 5/23/13), 117 So. 3d 253, 259–60 ("If the lessee is evicted, the lessor is answerable for the damage and loss which he sustained by the interruption of the lease.").
[39] *Id.* at 17–18, ¶¶ 126–31.
[40] *Fo-Coin Co. v. Drury*, 349 So. 2d 382, 384 (La. Ct. App. 1977) (citing *Weber v. McMillan*, 285 So.2d 349 (La.App. 4th Cir. 1973)).

Under Louisiana law, "[i]f a lessor chooses to cancel the lease and terminate the lessee's right of occupancy, the lessor must follow the statutory eviction procedures set out in LA. CODE CIV. P. art. 4701 *et seq.*" The statutory eviction procedures require "written notice to vacate the premises to be delivered to the lessee."[41] There is an exception to the statutory eviction requirements "in instances where the lessee has abandoned the leased premises."[42] In making the factual determination of whether leased premises have been abandoned, courts apply "a two-part test, requiring proof of both '[i] an act of abandonment and [ii] a specific intent to abandon.'"[43] "Indicia of abandonment include a cessation of business activity or residential occupancy, returning keys to the premises, and removal of equipment, furnishings, or other movables from the premises."[44] "[T]he characteristic element of abandonment is voluntary relinquishment."[45] Louisiana courts consistently hold that "[i]n determining whether an abandonment has occurred, there must be a showing that the lessee voluntarily relinquished the premises and intended to terminate without vesting ownership in another."[46]

The issue on this motion is whether it is an undisputed fact that Plaintiffs voluntarily left the premises and, as a result, cannot establish an essential element of their FHA, breach of contract, and trespass claims. The undisputed facts show that, on April

---

[41] LA. CODE CIV. P. art. 4701.
[42] *Southpark Cmty. Hosp., LLC v. Southpark Acquisition Co., LLC*, 2013-59 (La. App. 3 Cir. 10/30/13), 126 So. 3d 805, 816, *writ denied*, 2013-2794 (La. 2/28/14), 134 So. 3d 1175 (citing *Horacek v. Watson*, 11–1345 (La.App. 3 Cir. 3/7/12), 86 So.3d 766).
[43] *Indulge Island Grill, L.L.C. v. Island Grill, L.L.C.*, 2016-1133 (La. App. 4 Cir. 5/10/17), 220 So. 3d 154, 159 (quoting *Powell v. Cox*, 92 So.2d 739, 742 (La. App. 2d Cir. 1957)).
[44] LA. CODE CIV. PROC. 4731.
[45] *Powell v. Cox*, 92 So. 2d 739, 742 (La. Ct. App. 1957) (citing *New Orleans Bank & Tr. Co. v. City of New Orleans*, 176 La. 946, 953, 147 So. 42, 44 (1933)); *see also Southpark Cmty. Hosp.*, 126 So. 3d at 816 ("In determining whether abandonment has occurred, there must be a showing that the lessee voluntarily relinquished the premises and intended to terminate without vesting ownership in another.") (quoting *Bill Kassel Farms, Inc. v. Paul*, 96–462, p. 5 (La.App. 3 Cir. 12/11/96), 690 So.2d 807, 809, *writ denied*, 97–712 (La.4/25/97), 692 So.2d 1095).
[46] *Bill Kassel Farms*, 690 So. 2d 807 at 809 (citing *Preen v. LeRuth*, 430 So.2d 825 (La.App. 5 Cir.1983)).

23, 2016, a Maples employee went to 176 Naccari Lane to inform Plaintiffs that Michael Patz was fired;[47] Michael Patz called a Justice of the Peace, who informed him an attempt to force Plaintiffs to leave a rented apartment on the same day was illegal, but there was nothing he could do about it;[48] on the same day, Plaintiffs moved out of the apartment.[49] Plaintiffs moved their own property off the premises, and no one from Maples was involved in moving their property;[50] no eviction notice was posted before they left;[51] and when a Maples employee went to the premises on April 25, 2016 to post a five-day eviction notice, Plaintiffs had already vacated.[52]

The Court finds there are genuine issues of material fact. According to Vivian Patz's declaration, Plaintiffs were told they had eight hours to move out of their apartment.[53] Vivian Patz states a Maples employee, whose husband was the Assistant Chief of Police for Grand Isle at the time, threatened to call the police if they did not vacate the apartment within the eight-hour window.[54]

The Court notes that, in the statement of uncontested material facts accompanying Defendants' motion, there is no statement that Plaintiffs left the premises voluntarily.[55] Instead, Defendants argue in their motion that, because a Justice of the Peace informed Michael Patz that any attempt to force them from the property on the same day was illegal, Plaintiffs "voluntarily left the premises despite knowledge that they did not have to leave the same day."[56]

---

[47] R. Doc. 111-3 at 3, ¶ 10; R. Doc. 115-1 at 3, ¶ 10.
[48] R. Doc. 111-3 at 7, ¶ 19; R. Doc. 115-1 at 5, ¶ 19.
[49] R. Doc. 111-3 at 3, ¶ 11; R. Doc. 115-1 at 3, ¶ 11.
[50] R. Doc. 111-3 at 6, ¶ 17, R. Doc. 115-1 at 4, ¶ 17.
[51] R. Doc. 133 at 7, ¶ 7(n).
[52] R. Doc. 111-3 at 7, ¶ 20; R. Doc. 115-1 at 5–6, ¶ 20.
[53] R. Doc. 115-2 at 2–3, ¶ 11.
[54] *Id.*
[55] R. Doc. 111-3.
[56] R. Doc. 111-2 at 8.

7

It is undisputed Plaintiffs left the premises and took their property with them,[57] which the Court finds constitutes an act of abandonment. However, there are genuine issues of material fact as to whether Plaintiffs did so voluntarily or were evicted. Defendants are not entitled to summary judgment on Plaintiffs' FHA, breach of contract, and trespass claims.

## II. Defendants are not entitled to summary judgment on Plainitffs' LUTPA claim.

In the statement of uncontested material facts accompanying Defendants' motion, Defendants include few factual statements relevant to the LUTPA claim. Jambon testified that the property at 176 Naccari Lane was an apartment available on condition of their employment with Maples at a "fraction of the average rent."[58] Plaintiffs deny and respond that the rent was "somewhat below market rent," but do not cite to any record evidence in support of the denial.[59] Jambon testified that Plaintiffs were not prohibited from shopping at Sureway Supermarket after being terminated, and Defendants point to Vivian Patz's testimony that she *assumed* she was prohibited from shopping there.[60] Plaintiffs dispute Defendants' characterization, citing Vivian Patz's statement in her declaration that "Shelly [Jambon] told Michael [Patz] he wasn't allowed at Sureway."[61]

As a threshold issue, the Court addresses whether Plaintiffs have standing to bring a LUTPA claim. Defendants cite the Fifth Circuit's decision in *Tubos de Acero de Mexico, S.A. v. American International Investment Corp.* for the proposition that "LUTPA's private right of action is limited to direct consumers or to business competitors."[62] After

---

[57] R. Doc. 111-3 at 5–6, ¶¶ 16, 17; R. Doc. 115-1 at 4, ¶¶ 16, 17.
[58] R. Doc. 111-3 at 2, ¶ 5.
[59] R. Doc. 115-1 at 1–2, ¶5.
[60] R. Doc. 111-3 at 7–8, ¶¶ 21–23.
[61] R. Doc. 115-2 at 4, ¶ 19.
[62] R. Doc. 111-2 at 10 – 11 (citing *id.*).

8

the Fifth Circuit decision in *Tubos de Acero*, a plurality of the Louisiana Supreme Court, in *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, held "LUTPA is available to plaintiffs other than business competitors and consumers."[63] Louisiana federal courts have split on the question of whether the plurality opinion in *Cheramie* supersedes the Fifth Circuit's opinion in *Tubos*.[64] The Court notes that, although the Fifth Circuit has never explicitly adopted the *Cheramie* court's holding that plaintiffs other than direct consumers or business competitors have standing to sue under LUTPA, the Fifth Circuit's recent opinion in *IberiaBank v. Broussard* cites *Cheramie* in dictum for the proposition that "LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[65] This Court follows *Cheramie* and holds LUTPA standing is not limited to direct consumers or business competitors. Although Plaintiffs were not direct consumers or business competitors of Defendants, they nevertheless have standing to sue under LUTPA.

Plaintiffs bring a LUTPA claim against all Defendants, alleging Defendants "violated the Louisiana Unfair Trade Practices Act when they fired [Vivian Patz], refused to accommodate her disability, illegally evicted her and [Michael Patz] . . . used threats of involving law enforcement, and barred them from the only grocery store in Grand Isle."[66]

---

[63] 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1058.
[64] *Compare First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 405 (E.D. La. 2016) (Engelhardt, J.); *NOLA Fine Art v. Ducks Unlimited, Inc.*, 88 F.Supp.3d 602 (E.D.La. February 12, 2015) (Vance, J.), *Burgers v. Bickford*, 2014 U.S. Dist. LEXIS 117323, 2014 WL 4186757 (E.D. La. 2014) (Zainey, J.), *Max Access, Inc. v. Gee Cee Co. of LA*, 2016 WL 454389, 2016 U.S. Dist. LEXIS 14166, (E.D.La. February 5, 2016) (Lemelle, J.) *with* Baba Lodging, LLC v. Wyndham Worldwide Operations, Inc., 2012 US Dist. LEXIS 36891 (W.D.La.2012) (Hicks, J.).
[65] 907 F.3d 826, 840 (5th Cir. 2018) (citing *Cheramie*, 35 So.3d at 1060).
[66] R. Doc. 59 at 18, ¶ 136.

They further allege Defendants violated LUTPA when they "deceived Vivian into believing she could keep her job if she obtained a doctor's note."[67]

LUTPA makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[68] "A trade practice is unfair under the statute only when it offends established public policy and is immoral, unethical, oppressive or unscrupulous. What constitutes an unfair trade practice is determined by the courts on a case-by-case basis."[69] "The 'defendant's motivation' is a critical factor—his 'actions must have been taken with the specific purpose of harming the competition.'"[70]

The Court finds there are disputed issues of material fact that bar summary judgment on the LUTPA claim. For example, the parties dispute whether Plaintiffs were barred from Sureway Supermarket. Defendants state Plaintiffs were not prohibited from shopping at Sureway Supermarket,[71] but Vivian Patz testified that "Shelly [Jambon] told Michael [Patz] he wasn't allowed at Sureway."[72]

---

[67] *Id.* at 18–19, ¶ 137.
[68] LA. REV. STAT. 51:1405(A).
[69] *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002) (citations omitted).
[70] *IberiaBank*, 907 F.3d at 839–40 (quoting *id.*).
[71] R. Doc. 111-3 at 7–8, ¶¶ 21–23.
[72] R. Doc. 115-2 at 4, ¶ 19.
    Defendants argue, even if Jambon did bar Plaintiffs from the store, restricting access to former employees "does not negatively impact effective and fair competition . . . [and] is a sound, rational way to prevent potential workplace violence." R. Doc. 111-2 at 19. Defendants quote *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 761 (1984), for the proposition that "a business 'generally has a right to deal, or refuse to deal, with whomever it likes.'" R. Doc. 111-2 at 18. *Monsanto* deals with a manufacturer's right to deal with a distributor, and the Supreme Court stated "a *manufacturer* of course generally has a right to deal, or refuse to deal, with whomever it likes[.]" 465 U.S. at 761 (emphasis added). Defendants also cite *Sandolph v. P & L Hauling Contractors, Inc.*, 430 So. 2d 102, 103 (La. Ct. App. 1983) for the proposition that a business's "right to refuse to deal with another is nearly absolute." R. Doc. 111-2 at 18. *Sandolph* states that "[a]n *individual*, regardless of his motive, has an absolute right to refuse to deal with another." 430 So. 2d at 103 (emphasis added).  Neither case supports Defendants' broad proposition that, as a matter of law, Maples' banning former employees from the store cannot be challenged as an unfair trade practice.

Defendants have not met their burden of establishing that there are no material facts in dispute and that they are entitled to judgment as a matter of law on Plaintiffs' LUTPA claim.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment filed by Defendants Shelly Jambon, Walter H. Maples, Inc., and SHH Properties, LLC, be and hereby is **DENIED**.[73]

**New Orleans, Louisiana, this 19th day of December, 2018.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[73] R. Doc. 111.