UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIVIAN PATZ, ET AL.                                        CIVIL ACTION
    Plaintiffs

                                          NO. 17-3465

VERSUS

                                          SEC. E (MORGAN)

SUREWAY SUPERMARKET, ET AL.
    Defendants                                      DIV. 1 (VAN MEERVELD)

**MEMORANDUM IN OPPOSITION TO
MOTIONS IN LIMINE, REC. DOCS. 142, 143, AND 144**

Defendants, Walter H. Maples, Inc., SHH Properties, LLC, and Shelly Jambon object to the Plaintiffs' motions *in limine*. More specifically, the Defendants argue that the court should admit evidence that Michael Patz is a convicted felon; Vivian Patz consumed marijuana during the pregnancy at issue herein; and Vivian Patz was habitually unaccounted for at previous employment.

**1.  Opposition to R. Doc. 144, Motion to Exclude Vivian Patz's Employment Habits**

The Plaintiffs seek to exclude all evidence that Vivian Patz was habitually absent and unaccounted for at her prior employment.[1] More specifically, the Plaintiffs seek to exclude Vivian Patz's history of absenteeism during prior employment at Office Depot.[2]

The Defendants argue that Vivian Patz's work history at Office Depot, more specifically Def-1119 through 1136,[3] should be admitted as evidence of her habitual failure to communicate with her employer and follow employer policies.

---

[1] R. Doc. 144-1, p.2
[2] Id.
[3] Exhibit A.

1

"Evidence of a person's habit … may be admitted to prove that on a particular occasion the person … acted in accordance with the habit[.]" [4] In *Leonard v. Nationwide Mut. Ins. Co.*, the Fifth Circuit explained that the term habit "suggests a regular response to a repeated specific situation that has become semi-automatic." [5] The *Leonard* court found that evidence of statement that defendant made to 5 of 1500 customers over the course of a decade "do not remotely qualify or quantify as habit within the meaning of Rule 406." [6]

In contrast to Leonard, the Office Depot events are much more statistically prevalent, over a much shorter period of time.  These records relate Vivian Patz's behavior over the course two years. Further, the records show that during these two years Vivian Patz was persistently noncompliant with the Attendance Policy which required her to communicate with her employer. And in this case, the issue of Vivian Patz failure to communicate with her employer during absences is at issue.

Vivian Patz was hired by Office Depot on January 17, 2013.[7] Shortly thereafter, on March 10, 2013 she failed to appear for a mandatory meeting.[8] By August 24, 2014 Vivian Patz was already known for problems with attendance; her rating was unsatisfactory, 1 of 5, meaning she had more than 6 occurrences of failed attendance and did not consistently demonstrate acceptable job performance.[9]

Then on December 18, 2014 her manager discussed the attendance policy with Vivian Patz, because since the start of employment she had numerous attendance issues, 9 tardies and 12

---

[4] Fed. R. Evid. 406.
[5] 499 F.3d 419, 442 (5th Cir. 2007) (internal citations omitted).
[6] Id.
[7] Ex. A, Def-1119 to 1122.
[8] Id., Def-1135.
[9] Id., Def-1119 to 1122.

absences, which exceeded the maximum allowed per the Attendance Policy.[10] Moreover, Vivian Patz was reminded that the Attendance Policy required that she personally notify her manager of inability to appear for work, no later that the scheduled start time.[11]

Little more than one month later, Vivian Patz again failed to appear for her shift; her attendance habits were deficient due to 9 tardies and 17 absences, and she was warned that additional occurrence could lead to termination.[12] Finally, Vivian Patz was terminated on April 18, 2015 for "Job Abandonment" after she was a "NO CALL NO SHOW." [13]

Thus, the Office Depot records show that Vivian constantly ran afoul of the Office Depot Attendance Policy by failing to notify her manager prior to absences or tardies. She was habitually unaccounted for at work, and regularly failed to communicate with her employer. Further, this practice existed from the outset of her employment with Office Depot, and persisted during the entire term. Evidence of this habit should be admissible to prove that Vivian Patz failed to follow Sureway procedures and communicate with Sureway during her absence.

Moreover, evidence of prior acts may be admissible to purposes other than propensity to act in conformity therewith; this "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." [14] Here the Office Depot Records also show that Vivian Patz was aware of the importance of providing medical records to her employer documenting here ability to return

---

[10] Id., Def-1134.
[11] Id.
[12] Id., Def- 1130 to 1133.
[13] Id., Def-1136.
[14] Fed. R. Evid. 404(b)(2).

to work: LSU Health ER Record showing she may "return to work on 5/7/14," [15] and St. Tammany Parish Hospital record showing excused from work until 12/8/2014.[16]

Thus, the Office Depot records of medical clearance for return to work should be admitted under Rule 404(b)(2). The necessity of a doctor's note clearing Vivian Patz for return to work is central to the present case.

Finally, the Office Depot records are necessary to impeach Vivian Patz's character for truthfulness. Proof of prior inconsistent statements may be elicited, for impeachment purposes, by extrinsic evidence, if witness on cross-examination denies having made the statement.[17]

As previously discussed, the Office Depot records show that Vivian Patz was terminated on April 18, 2015 for "Job Abandonment" after she was a "NO CALL NO SHOW." [18] Further, during the year preceding her termination, she "reached or exceeded the maximum allowed" attendance occurrences or absences.[19] However, during her deposition, Vivian Patz lied about the reason form termination of her employment with Office Depot:

> A:     At Office Depot, I was there about two years.[20]
>
> Q:     Okay. And why did you leave?[21]
>
> A:     I moved.[22]

The issue of Vivian Patz's propensity for truth telling is critical in the present case. The allegations in this matter amount to a swearing match where the witness credibility is a

---

[15] Ex. A, Def-1126.

[16] Id., Def-1124.

[17] Fed. R. Evid. 613(b).

[18] Ex. A, Def-1136.

[19] Id., Def- 1130 to 1133.

[20] Exhibit B, Depo Vivian Patz, Pg:38 Ln:1-2.

[21] Id., Ln:10.

[22] Id., Ln:11.

determining factor. Thus, the cause of her termination from Office Depot should be admitted to question her failure to tell the whole truth during her deposition.

### 2.  Opposition to R. Doc.143, Vivian Patz' Drug Use During the Pregnancy

The Plaintiffs move to exclude all evidence that Vivian Patz consumed illicit drugs during the pregnancy at issue in her discrimination claims.[23] More specifically, the Plaintiffs seek to exclude Vivian Patz's testimony that during the pregnancy she used marijuana on doctor's recommendation, and medical records showing that she admitted marijuana use during the pregnancy.[24]

This evidence is necessary to impeach Vivian Patz's character for truthfulness. Proof of prior inconsistent statements may be elicited, for impeachment purposes, by extrinsic evidence.[25] Here Vivian Patz testified that during the early stages of her pregnancy, she used marijuana on recommendation of an unknown Ochsner physician.[26] But, although the Ochsner records show she admitted marijuana use as of 6/2/2016, the medical records do not contain any indication that marijuana use was recommended by a doctor.[27] Thus, the Defendant's should be permitted to probe this inconsistency; particularly in this case where Vivian Patz's credibility is critical to finding the truth.

Finally, the Plaintiffs allege that Vivian Patz pregnancy was medically-sensitive, and that the pregnancy was the reason for termination from employment at Sureway. The Plaintiffs also allege that unemployment prohibited Vivian Patz from purchasing food and nutritional

---

[23] R. Doc. 143-1, p.2.
[24] Id.
[25] Fed. R. Evid. 613(b).
[26] Ex. B, Depo Vivian Patz, Pg:60 Ln: 20 – Pg: 61 Ln:10.
[27] Def-2058.

supplements; harming her health and causing hypoglycemia, fainting, tooth loss, anemia, decreased fetal movement, anxiety and post-partum depression.[28] Thus, the medical circumstances of her pregnancy and Vivian Patz's approach to the pregnancy are determinative of consequential facts, and are relevant.[29]

Moreover, Vivian Patz alleges that in addition to depriving her nutrition, the unemployment caused her to be homeless, and sell personal items for money.[30] Again, this is an issue of credibility and inconsistent statements: Vivian Patz could purchase marijuana, but could not purchase food, nutritional supplements, or housing. The jury should know these inconsistencies.

### 3.   Opposition to R. Doc. 144, Motion to Exclude Michael Patz' Felony Convictions

The Plaintiffs move to exclude all evidence that Michael Patz is a convicted felon.[31] More specifically, the Plaintiffs seek to exclude Michael Patz's admission that during 2013 he finished parole for "possession with intent to distribute, two counts, and simple burglary." [32]

In a civil case, where evidence that a witness was convicted of a crime punishable by imprisonment for more than one year is offered to attack a witnesses character for truthfulness, the evidence "must be admitted[.]" [33] This Rule is subject to Rule 403 balancing test.[34] Moreover, "for any crime regardless of the punishment, the evidence must be admitted if the

---

[28] Second Amended Complaint, R. Doc. 59, ¶¶ 54-57.
[29] Fed. R. Evid. 401.
[30] Second Amended Complaint, R. Doc. 59, ¶¶ 50-53.
[31] R. Doc. 141-1, p. 2.
[32] Id.
[33] Fed. R. Evid. 609(a)(1)(A).
[34] Id.

court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." [35]

In Louisiana the crime of simple burglary is punishable by imprisonment for more than one year. More specifically, "[w]hoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.[36] The crime of simple burglary is "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein[.]" [37]

Further, possession with intent to distribute narcotic drugs is also a felony in Louisiana.[38] Thus, as felonies punishable by imprisonment in excess of one year, Michael Patz's convictions are admissible to attack his credibility.

Again, the allegations in the present case involve a swearing match that will be determined by witness credibility. Thus, evidence of character for truthfulness is critical herein. Moreover, admission of Michael Patz's convictions will not be unduly prejudicial because the crimes are not of the extraordinary type that will inflame the jury.

Further, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." [39] And the crime of simple burglary involves unauthorized entering <u>to commit a felony or any theft</u>.

---

[35] Fed. R. Evid. 609(a)(2).
[36] La. R.S. 14:62(B).
[37] La. R.S. 14:62(A).
[38] La. R.S. 14:966(A)(B)
[39] Red. R. Evid. 609(a)(2).

Theft "is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, <u>or by means of</u> <u>fraudulent conduct, practices, or representations</u>.[40] Further, numerous felonies involve dishonest act or false statements." Thus, the conviction for simple burglary must be admitted, regardless of prejudicial effect, if shown that the predicate theft of felony involved a dishonest act or false statement.

Respectfully submitted:

Stephenson, Chávarri & Dawson, L.L.C.

/s/ William B. Gordon III

Sean R. Dawson, T.A. (LSBA# 19542)
William B. Gordon III (LSBA#28065)
400 Poydras Street, Suite 1990
New Orleans, Louisiana 70130
Tel. No. (504) 523-6496
wgordon@smclattorneys.com

---

[40] La. R.S. 14:67(A).