UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN PATZ, ET AL. | CIVIL ACTION |
| Plaintiffs | |
| | NO. 17-3465 |
| VERSUS | |
| | SEC. E (MORGAN) |
| SUREWAY SUPERMARKET, ET AL. | |
| Defendants | DIV. 1 (VAN MEERVELD) |

## PLAINTIFFS' PROPOSED JURY VERDICT FORM

### I. Title VII—Pregnancy Discrimination[1]

1. Do you find by a preponderance that Plaintiff, Vivian Patz, would not have been terminated by Defendant, Sureway Supermarket, in the absence of—in other words, but for her pregnancy?

   Yes: _____        No: _____

2. Do you find by a preponderance of the evidence that Plaintiff, Vivian Patz's pregnancy was a motivating factor in Defendant Sureway Supermarket's decision to terminate her?

   Yes: _____        No: _____

3. If you answered "yes" to Question 1 and/or Question 2, what sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Vivian Patz for the damages, if any, you have found Defendant Sureway Supermarket caused Plaintiff Vivian Patz?  Answer in dollars and cents for the following items and none other:

   a. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

      $ _____

   b. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

      $ _____

---

[1] *See* Fifth Circuit Pattern Jury Questions 11.1 and 11.14.

c.   Wages and benefits from April 15, 2016 to **DATE OF VERDICT**.

$ _____

If you answered "no" to Question 1 and Question 2, do not enter amounts above.

4.   If you answered "yes" to Question 1 and/or Question 2, do you find that Defendants proved by a preponderance of the evidence that Plaintiff Vivian Patz failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Yes: _____          No: _____

5.   If you answered "Yes" to Question 4, how much would Plaintiff Vivian Patz have earned had she exercised reasonable diligence under the circumstances to minimize her damages? Answer in dollars and cents, if any.

$ _____

6.   If you answered "yes" to Question 1 and/or Question 2, do you find that Defendant, Sureway Supermarket, knew that its conduct toward Vivian Patz was in violation of federal law, or that the actions of Sureway Supermarket toward Vivian Patz were malicious or recklessly indifferent to her rights?

Yes: _____          No: _____

7.   If you answered "yes" to Question 6, what is the total amount of punitive damages that you award against Sureway Supermarket?

$_____

**Proceed to Section II.**

**II.  Louisiana Pregnancy Discrimination Act**

8.   Do you find by a preponderance of the evidence that Plaintiff, Vivian Patz, was discriminated against by Defendant, Sureway Supermarket, because of or on the basis of pregnancy or related medical conditions, or was treated less favorably than other employees at Sureway Supermarket who were not pregnant or affected by related medical conditions?

Yes: _____          No: _____

9. If you answered "yes" to Question 1, enter an amount of money that you find adequately compensates Plaintiff, Vivian Patz, for her injuries and damages caused by the wrongful conduct of Defendant, Sureway Supermarket, as an award of **compensatory damages** in the space provided below.  If you answered "no" to Question 1, do not enter an amount below.

$\underline{\hspace{5cm}}$

**Proceed to Section III.**

### III. <u>Americans with Disabilities Act—Disability Discrimination</u>[2]

1. Do you find by a preponderance of the evidence that Plaintiff, Vivian Patz, had a pregnancy-related disability or was regarded by Defendant, Sureway Supermarket, as having a pregnancy-related disability?

Yes: _____     No: _____

2. Do you find by a preponderance of the evidence that Defendant, Sureway Supermarket, terminated Plaintiff, Vivian Patz, because of her pregnancy-related disability or because she was regarded by Defendant, Sureway Supermarket, as having a pregnancy-related disability?

Yes: _____     No: _____

3. Do you find by a preponderance of the evidence that Defendant, Sureway Supermarket, failed to reasonably accommodate Plaintiff, Vivian Patz's, disability?

Yes: _____     No: _____

4. If you answered "yes" to Question 2 and/or Question 3, what sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Vivian Patz for the damages, if any, you have found Defendant Sureway Supermarket caused Plaintiff Vivian Patz?  Answer in dollars and cents for the following items and none other:

a. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ _____

b. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

---

[2] *See* Fifth Circuit Pattern Jury Questions 11.8, 11.10, and 11.14.

$ _____

   c.  Wages and benefits from April 15, 2016 to **DATE OF VERDICT**.

$ _____

If you answered "no" to Question 2 and Question 3, do not enter amounts above.

5.  If you answered "yes" to Question 2 and/or Question 3, do you find that Defendant, Sureway Supermarket, knew that its conduct toward Plaintiff, Vivian Patz, was in violation of federal law, or that the actions of Sureway Supermarket toward Vivian Patz were malicious or recklessly indifferent to her rights?

Yes: _____     No: _____

6.  If you answered "yes" to Question 5, what is the total amount of punitive damages that you award against Defendant Sureway Supermarket?

$_____

**Proceed to Section IV.**

  **IV.  Fair Housing Act**

1.  Do you find by a preponderance of the evidence that Defendants, Sureway Supermarket and SHH Properties, denied Plaintiffs, Vivian and Michael Patz, housing in part because Vivian Patz was pregnant?

Yes: _____     No: _____

2.  If you answered "yes" to Question 1, do you find that Shelly Jambon directed, authorized, or was involved in the wrongful eviction?

Yes: _____     No: _____

3.  If you answered "yes" to Question 2, enter an amount of money that you find adequately compensates Plaintiffs, Vivian and Michael Patz, for their injuries and damages proximately caused by the wrongful conduct of Defendants, Sureway Supermarket, SHH Properties, and Shelly Jambon, as an award of **compensatory damages** in the space provided below. If you answered "no" to Question 2, please proceed to Question 6.

$ _____

4. If you answered "yes" to Question 2, do you find that Defendants Sureway Supermarket, SHH Properties, and Shelly Jambon, knew that their conduct toward Vivian and Michael Patz was in violation of federal law, or that the actions of Defendants, Sureway Supermarket, Properties toward Vivian and Michael Patz were malicious or recklessly indifferent to their rights?

Yes: _____      No: _____

5. If you answered "yes" to Question 4, what is the total amount of punitive damages that you award against the following Defendants?

Sureway Supermarket:      $_____

SHH Properties:      $_____

Shelly Jambon      $_____

6. If you answered "no" to Question 2, do you find that Defendants Sureway Supermarket and SHH Properties knew that their conduct toward Vivian and Michael Patz was in violation of federal law, or that the actions of Defendants, Sureway Supermarket and SHH Properties, toward Vivian and Michael Patz were malicious or recklessly indifferent to their rights?

Yes: _____      No: _____

7. If you answered "yes" to Question 6, what is the total amount of punitive damages that you award against the following Defendants?

Sureway Supermarket:      $_____

SHH Properties:      $_____

8. If you answered "yes" to Question 1, please assign a percentage of fault, if any, to each Defendant listed below. Your assignment of fault must be expressed as a percentage, and the total percentage of fault combined must equal 100%.

Sureway Supermarket:      _____%

SHH Properties:      _____%

Shelly Jambon:      _____%

**Proceed to Section V.**

## V.  **Breach of Lease Contract—Illegal Eviction**

1. Do you find by a preponderance of the evidence that Defendant Sureway Supermarket breached its lease agreement with Plaintiffs, Vivian and Michael Patz by evicting Plaintiffs, Vivian and Michael Patz, without following state law requirements for an eviction?

    Yes: _____          No: _____

2. If you answered "yes" to Question 1, enter an amount of money that you find adequately compensates Plaintiffs, Vivian and Michael Patz, for their injuries and damages proximately caused by the wrongful conduct of Defendant Sureway Supermarket as an award of **compensatory damages** in the space provided below.  If you answered "no" to Question 1, do not enter an amount below.

    $ _____

**Proceed to Section VI.**

## VI.   **Trespass**

1. Do you find by a preponderance of the evidence that Defendant, Sureway Supermarket, took possession of Plaintiffs Vivian and Michael Patz's apartment using threats, without following state law requirements for eviction?

    Yes: _____          No: _____

2. If you answered "yes" to Question 1, enter an amount of money that you find adequately compensates Plaintiffs, Vivian and Michael Patz, for their injuries and damages proximately caused by the wrongful conduct of Defendant, Sureway Supermarket, as an award of **compensatory damages** in the space provided below.  If you answered "no" to Question 1, do not enter an amount below.

    $ _____

**Proceed to Section VII.**

## VII.   **Louisiana Unfair Trade Practices**

1. Do you find, by a preponderance of the evidence that the following Defendants engaged in unfair methods of competition or unfair or deceptive acts or practices?

Sureway Supermarket:      Yes: _____        No: _____

SHH Properties:      Yes: _____        No: _____

2. If you answered "yes" to any part of Question 1, do you find that Plaintiffs, Vivian and Michael Patz, sustained damages as a result of Defendants' unfair methods of competition or unfair or deceptive acts or practices?

   Yes: _____        No: _____

3. If you answered "yes" to Question 2, enter an amount of money that you find adequately compensates Plaintiffs, Vivian and Michael Patz, for their injuries and damages proximately caused by the wrongful conduct of Defendants as an award of **compensatory damages** in the space provided below.  If you answered "no" to Question 2, do not enter an amount below.

   $ _____

4. With respect to the unfair methods of competition or unfair or deceptive acts or practices, please assign a percentage of fault, if any, to each Defendant listed below. Your assignment of fault must be expressed as a percentage, and the total percentage of fault combined must equal 100%.

   Sureway Supermarket:      _____%

   SHH Properties:      _____%


                    Respectfully submitted,

                       _/s/ Kerry A. Murphy_____
                    Kerry A. Murphy (La. Bar No. 31382)
                    Catherine E. Lasky (La. Bar No. 28652)
                    LASKY MURPHY LLC
                    715 Girod Street, Suite 250
                    New Orleans LA 70130
                    Telephone: (504) 603-1500
                    Facsimile: (504) 603-1503


                    WILLIAM MOST
                    La. Bar No. 36914
                    201 St. Charles Ave., Suite 114

New Orleans, LA 70170
T: (504) 509-5023

***Counsel for Plaintiffs***