UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIVIAN PATZ, ET AL.                                    CIVIL ACTION
    Plaintiffs

                                           NO. 17-3465

VERSUS

                                           SEC. E (MORGAN)

SUREWAY SUPERMARKET, ET AL.
    Defendants                                    DIV. 1 (VAN MEERVELD)

## PARTIES' PROPOSED JOINT JURY INSTRUCTIONS

Plaintiffs, Vivian Patz and Michael Patz, and Defendants, Sureway Supermarket, SHH Properties, and Shelly Jambon, respectfully submit the following proposed joint jury instructions, with alternate instructions where the parties have not reached agreement, pursuant to the Court's pre-trial notice (R. Doc. 138 at 8).[1]

## GENERAL INSTRUCTIONS

JOINT JURY INSTRUCTION NO. 1
### EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Authority: Fifth Circuit Pattern Jury Instruction 2014 3.3.

JOINT JURY INSTRUCTION NO. 2

### STIPULATIONS OF FACT

---

[1] The Parties continue to work toward agreement on certain instructions.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.3.


**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 3

### BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiffs Vivian and Michael Patz have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Vivian and Michael Patz have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

Authority: Fifth Circuit Pattern Jury Instruction 2014 3.2.


### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #3

Plaintiffs propose this instruction because Defendants' proposed instruction (*infra*) contains language that is contrary to the law and misleading. Specifically:

**Opposed Language: "**The ultimate burden of persuading you that the employer's actions were intentionally discriminatory remains at all times with the plaintiff."

Plaintiffs' proposed language is the Fifth Circuit Pattern Jury Instruction 3.2. This instruction does not contain any other language regarding the burden of proof. Generally, the burden of proof in a civil trial is preponderance of the evidence. Plaintiffs have included case-specific instructions in order to more fully describe what Plaintiffs must prove in order to succeed under each claim. Plaintiffs find that this is much clearer than only have one burden of proof that fails to include preponderance language and only addresses the discrimination claim.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 3

### BURDEN OF PROOF

The ultimate burden of persuading you that the employer's actions were intentionally discriminatory remains at all times with the plaintiff.

Authority: Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

JOINT JURY INSTRUCTION NO. 4

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Authority: Fifth Circuit Pattern Jury Instruction 2014 3.6

JOINT JURY INSTRUCTION NO. 5

## BIAS – CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.16

JOINT JURY INSTRUCTION NO. 6

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Authority: Fifth Circuit Pattern Jury Instruction 2014 3.4.

JOINT JURY INSTRUCTION NO. 7

## IMPEACHMENT BY INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.11.

## CASE-SPECIFIC INSTRUCTIONS

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 8

### PLAINTIFFS' CLAIMS GENERALLY

Plaintiffs Vivian and Michael Patz were both employed by Walter H. Maples, Inc. (doing business as Sureway Supermarket) in Grand Isle, Louisiana, and lived together in an apartment owned by SHH Properties. Sureway Supermarket and SHH Properties are owned by Defendant Shelly Jambon. In this case, Plaintiffs Vivian and Michael Patz have brought claims relating to the termination of Vivian's employment as a cashier and stocker at Sureway Supermarket and their subsequent eviction from their apartment.

Vivian Patz brings several claims against Sureway Supermarket, including pregnancy discrimination in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act, disability discrimination in violation of the Americans with Disabilities Act, and pregnancy discrimination in violation of the Louisiana Pregnancy Discrimination Act. Plaintiffs Vivian and Michael Patz also allege claims against all Defendants, Sureway Supermarket, SHH Properties, and Shelly Jambon, for violations of the Fair Housing Act for discrimination based on their familial status—Vivian's pregnancy. Vivian and Michael Patz also allege state law claims against Sureway Supermarket and SHH Properties including breach of contract, trespass, and violations of the Louisiana Unfair Trade Practices Act.

First, Plaintiff Vivian Patz alleges that Defendant Sureway Supermarket violated her rights under Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act, by taking two distinct actions: (1) telling her to go home before her shift ended to get a doctor's note because she was pregnant; and (2) firing her from her job at Sureway Supermarket after she told management that she was pregnant and could not lift over 10 pounds. Title VII and the Pregnancy Discrimination Act prohibit employers from discriminating an employee on the basis of sex, which includes discrimination based on the employee's pregnancy and related medical conditions.

Second, Plaintiff Vivian Patz alleges that Defendant Sureway Supermarket violated her rights under the Americans with Disabilities Act by firing her because she was unable to lift 10 pounds and not attempting to accommodate her. The Americans with Disabilities Act mandates that employers reasonably accommodate employees with disabilities, including temporary disabilities like a high-risk pregnancy, or employees who are regarded as having a disability.

Third, Plaintiff Vivian Patz alleges that Defendant Sureway Supermarket violated her rights under the Louisiana Pregnancy Discrimination Act by firing her after she told management that she was pregnant and could not lift over 10 pounds. Like Title VII of the Civil Rights Act, the Louisiana Pregnancy Discrimination Act prohibits employers from discriminating an employee because of the employee's pregnancy.

Fourth, Plaintiffs Vivian and Michael Patz allege that all Defendants violated the Fair Housing Act by denying them housing because Vivian became pregnant. The Fair Housing Act

prohibits landlords and homeowners from denying housing to people because of their familial status or because someone is pregnant.

Fifth, Plaintiffs Vivian and Michael Patz allege that they leased their apartment from Defendants Sureway Supermarket and SHH Properties, and once Defendants found out that Vivian was pregnant, they illegally evicted Plaintiffs from the apartment and took the property back. Under Louisiana law, leases must be terminated according to specific rules, and failing to properly terminate a lease is a breach of the lease contract.

Sixth, Plaintiffs Vivian and Michael Patz allege that they leased their apartment from Defendants Sureway Supermarket and SHH Properties, and once Defendants found out that Vivian was pregnant, they illegally evicted Plaintiffs from the apartment and took the property back. Under Louisiana law, leases must be terminated according to specific rules, and failing to properly terminate a lease is an illegal trespass of the property.

Seventh, Plaintiffs Vivian and Michael Patz allege claims against all Defendants for violation of Louisiana Unfair Trade Practices Act ("LUTPA") when they fired Vivian, refused to accommodate her pregnancy-related disability, illegally evicted her and Michael from their apartment, threatened to call law enforcement, and barred them from Sureway Supermarket, the only grocery store on Grand Isle. Plaintiffs also allege that Defendants violated LUTPA when they lead her to believe that she could keep her job if she obtained a doctor's note. LUTPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Courts determine whether a practice is unfair on a case-by-case basis when the practice offends established public policy and is immoral, unethical, oppressive or unscrupulous.

Defendants Sureway Supermarket, SHH Properties, and Shelly Jambon deny all of Plaintiffs' claims. Defendants contend that Plaintiff Vivian Patz was not terminated because of her pregnancy but rather because she failed to timely provide a doctor's note. Defendants contend that Vivian and Michael Patz were not evicted from their apartment but rather voluntarily vacated the premises.

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #8

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 9

## TITLE VII AND PREGNANCY DISCRIMINATION ACT AND
## LOUISIANA PREGNANCY DISCRIMINATION ACT

Plaintiff Vivian Patz claims that:

1. She would not have been discharged but for her pregnancy or related medical condition;

2. Defendant Sureway Supermarket's firing of Plaintiff Vivian Patz was motivated by her pregnancy or related medical condition.

3. She was "limited" or "segregated" because of her pregnancy when she was sent home to get a doctor's note; and

4. Defendant Sureway Supermarket failed to accommodate Plaintiff Vivian Patz's pregnancy or related medical condition.

Any one of these four claims is a violation of Title VII and the Pregnancy Discrimination Act as well as the Louisiana Pregnancy Discrimination Act.

The employer, Defendant Sureway Supermarket, denies Plaintiff's claims, and contends that Plaintiff Vivian Patz was fired because she failed to bring in a doctor's note.

It is unlawful for an employer to discriminate against an employee because of the employee's pregnancy or related medical condition. An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Vivian Patz must prove by a preponderance of the evidence that:

1. Defendant Sureway Supermarket would not have fired Plaintiff Vivian Patz in the absence of – in other words, but for – her pregnancy or related medical condition.

   Plaintiff Vivian Patz does not have to prove that unlawful discrimination was the only reason Defendant Sureway Supermarket fired her. But Plaintiff Vivian Patz must prove that Defendant Sureway Supermarket's decision to fire her would not have occurred in the absence of such discrimination.

OR

1. Defendant Sureway Supermarket's firing of Plaintiff Vivian Patz was motivated by her pregnancy or related medical condition.

Plaintiff Vivian  Patz does not have to prove that unlawful discrimination was the only reason Defendant Sureway Supermarket fired her, but she must show that her pregnancy was a motivating factor. See Jury Instruction No. _____ for instructions on what is a motivating factor.

OR

1. Defendant Sureway Supermarket "limited" or "segregated" Plaintiff Vivian Patz; and

2. Defendant Sureway Supermarket limited or segregated Plaintiff Vivian  Patz because of her pregnancy;

OR

1. Plaintiff Vivian Patz was qualified to do the job of a cashier and stocker and asked for a reasonable accommodation. *See* Jury Instruction No. _____ a definition of reasonable accommodation;

2. Reasonable accommodations were available to help Plaintiff Vivian  Patz keep working; and

3. Defendant Sureway Supermarket failed to accommodate Plaintiff Vivian  Patz's pregnancy.

After Plaintiff Vivian Patz has made her prima facie case, in any of the four ways set forth above, the employer, Defendant Sureway Supermarket, must provide "some legitimate nondiscriminatory reason" for the adverse action taken. If you find that the reason Defendant Sureway Supermarket has given for limiting or segregating Vivian Patz, or for terminating her employment, is unworthy of belief, you may, but are not required to, infer that Defendant Sureway Supermarket was motivated by Plaintiff's pregnancy or related medical condition.

If Defendant Sureway Supermarket provides a nondiscriminatory reason for limiting or segregating Plaintiff Victoria Patz, or for terminating Plaintiff Vivian  Patz, the burden shifts to Plaintiff Vivian  Patz to show a genuine issue of material fact that either (1) Sureway Supermarket's nondiscriminatory reason is a pretext for discrimination, or (2) regardless of the nondiscriminatory reason, the discriminatory reason was a motivating factor in the employer's action.

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.1; 42 U.S.C. § 2000e-2(a)(1) ("because of" prong of Title VII); 42 USC § 2000e-2(m) ("motivating factor" prong); 42 U.S.C. §2000e-2(a)(1) ("limited" or "segregated" prong); *Young v. United Parcel Serv., Inc.*, 135 S.Ct. 1338, 1354 (2015) (failure to accommodate pregnancy constitutes pregnancy discrimination); *Appel v. Inspire Pharm., Inc.,* 428 Fed. Appx. 279, 281 (5th Cir. 2011) (motivating factor and burden shifting framework); *Alvarado v. Texas Rangers,* 492 F.3d 605, 611 (5th Cir. 2007) (burden shifting framework); *Suire v. LCS Corr. Servs, Inc.*, 930 So. 2d 221, 224 (La. App. 3 Cir. 2006) (Louisiana

jurisprudence analyzing cases under the Louisiana Pregnancy Discrimination Act has reviewed such claims following the analysis set forth in federal cases for discrimination under Title VII.") (citing *Brittain v. Family Care Serv., Inc.,* 34,787, pp. 4-5 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460-61).

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #9

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here. Plaintiffs reserve the right to file objections or comments in regard to Defendants' proposed instruction provided below.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 9

## TITLE VII AND PREGNANCY DISCRIMINATION ACT AND LOUISIANA PREGNANCY DISCRIMINATION ACT

Plaintiff Vivian Patz claims that:

**2(a)**
5. She would not have been discharged but for her pregnancy or related medical condition;

**OR**

**2(b)**
6. Defendant Sureway Supermarket's firing of Plaintiff Vivian Patz was motivated by her pregnancy or pregnancy related medical condition.

7. Because of her pregnancy she was sent home to get a doctor's note; and

It is unlawful for an employer to discriminate against an employee because of the employee's pregnancy or pregnancy related medical condition. An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair.

Louisiana recognizes the doctrine of "employment at will". Absent a specific contract or agreement establishing a fixed term of employment, an employer may generally discharge an employee at any time for any reason without incurring liability for the discharge, provided that the discharge does not violate any statutory or constitutional provision.

To prove unlawful discrimination, Plaintiff Vivian Patz must prove by a preponderance of the evidence that:

**2(a)**

2.  Defendant Sureway Supermarket would not have fired Plaintiff Vivian Patz in the absence of – in other words, but for – her pregnancy or pregnancy related medical condition.

Mrs. Patz does not have to prove that unlawful discrimination was the only reason Defendant Sureway Supermarket fired her. But Mrs. Patz must prove that Defendant Sureway Supermarket's decision to fire her would not have occurred in the absence of such discrimination.

**OR**

**2(m)**

2.  Defendant Sureway Supermarket's firing of Plaintiff Vivian Patz was motivated by her pregnancy or pregnancy related medical condition.

Mrs. Patz does not have to prove that unlawful discrimination was the only reason Defendant Sureway Supermarket fired her, but she must show that her pregnancy was a motivating factor. See Jury Instruction No. _____ for instructions on what is a motivating factor.

**Both 2(a) and 2(m)**

If you find that the reason Defendant Sureway has given for terminating Vivian Patz' employment is unworthy of belief, you may, but are not required to, infer that Defendant Sureway was motivated by Plaintiff's pregnancy.

**2(m)**

If you find that Plaintiff Vivian Patz's pregnancy was a motivating factor in the Defendant Sureway's decision to terminate her, even though other considerations were factors in the decision, then you must determine whether Defendant Sureway proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Plaintiff Vivian Patz's pregnancy.

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.1 and 11.13         `; 42 U.S.C. § 2000e-2(a)(1) ("because of" prong of Title VII); 42 USC § 2000e-2(m) ("motivating factor" prong); 42 U.S.C. §2000e-2(a)(1) ("limited" or "segregated" prong); *Young v. United Parcel Serv., Inc.*, 135 S.Ct. 1338, 1354 (2015) (failure to accommodate pregnancy constitutes pregnancy discrimination); *Appel v. Inspire Pharm., Inc.,* 428 Fed. Appx. 279, 281 (5th Cir. 2011) (motivating factor and burden shifting framework); *Alvarado v. Texas Rangers,* 492 F.3d 605, 611 (5th Cir. 2007) (burden shifting framework); *Suire v. LCS Corr. Servs, Inc.,* 930 So. 2d 221, 224 (La. App. 3 Cir. 2006) (Louisiana jurisprudence analyzing cases under the Louisiana Pregnancy Discrimination Act has reviewed such claims following the analysis set forth in federal cases for

discrimination under Title VII.") (citing *Brittain v. Family Care Serv., Inc.*, 34,787, pp. 4-5 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460-61). *Huang v. Louisiana State Bd. Of Trustees for State Colleges and Universities, 781 So.2d 1 (La. App. 1stCir. 2000) (Louisiana "at will" in employment).*

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 10

## TITLE VII AND PREGNANCY DISCRIMINATION:
## MOTIVATING FACTOR

You must decide whether Plaintiff Vivian Patz's pregnancy was a material and important ingredient in Defendant Sureway Supermarket's decision to terminate Plaintiff Vivian Patz. To find in favor of Plaintiff Vivian Patz, you do not need to conclude that her pregnancy was the only reason for Defendant's decision, only that it was a material and important factor.

If you find that the reason Defendant Sureway Supermarket has given for firing Plaintiff Vivian Patz is unworthy of belief, you may, but are not required to, infer that Sureway Supermarket was motivated by Plaintiff's pregnancy or related medical condition.

### a. Comparative Employees

If you find that Defendant Sureway Supermarket treated Plaintiff Vivian Patz differently than similarly-situated individuals without pregnancy-related medical conditions, you may, but are not required to, infer that Defendant's decision to select Plaintiff Vivian Patz for termination was motivated by discriminatory animus rather than a legitimate motive, intent, or state of mind.

### b. Temporal Proximity

If you find that there was a close temporal proximity between the time Defendants were made aware of Plaintiff Vivian Patz's pregnancy and her requests for accommodation related to her medical conditions and the decision to terminate Plaintiff Vivian Patz, you may infer that discriminatory animus was a material and important factor in Defendants' decision to terminate her.

Authority: *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (when an employer disciplines an employee for a breach of a work rule, a plaintiff could establish a Title VII prima facie case "by showing 'either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly'") (quoting *Green v. Armstrong Rubber Co.*, 612 F.2d 967,968 (5th Cir. 1980), cert. denied, 449 U.S. 879 (1980)); *Eugene v. Rumsfield*, 168 F. Supp. 2d 655, 669-70 (S.D. Tex. 2001) (plaintiff may either show another similarly situated employee or "evidence, either circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate"); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997); *Jalil v. Avdel Corp.,* 873 F.2d 701, 708 (3d Cir. 1989) (discharge of plaintiff two days after filing EEOC complaint found to be sufficient, under the circumstances, to establish causation); *Fairchild v. All American Check Cashing, Inc.,* F.3d 959 (5th Cir. 2016) (applying temporal proximity analysis from Title VII retaliation claims to a Title VII pregnancy discrimination claim).

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #10**

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here. Plaintiffs reserve the right to file objections or comments in regard to Defendants' proposed instruction provided below.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 10

### TITLE VII AND PREGNANCY DISCRIMINATION: MOTIVATING FACTOR

You must decide whether Plaintiff Vivian Patz's pregnancy was a material and important factor in Defendant Sureway Supermarket's decision to terminate Mrs. Patz. To find in favor of Mrs. Patz, you do not need to conclude that her pregnancy was the only reason for Defendant's decision, only that it was a material and important factor.

If you find that the reason Defendant Sureway Supermarket has given for firing Plaintiff Vivian Patz is unworthy of belief, you may, but are not required to, infer that Sureway Supermarket was motivated by Plaintiff's pregnancy or related medical condition.

To prove that Plaintiff was unlawfully discriminated against, Plaintiff must prove by a preponderance of the evidence that:
    a. Defendant, Sureway Supermarket, fired Plaintiff, Vivian Patz, AND
    b. Vivan Patz's pregnancy was a material and important factor in Sureway firing her.

[Affirmative Defense Instruction (?)]
If you find that Plaintiff Vivian Patz's pregnancy was a motivating factor in Sureway's decision to fire her, even though other considerations were factors in the decision, then you must determine whether Sureway has proved, by a preponderance of the evidence that it would have made the same decision even if it had not considered Vivian Patz's pregnancy.

### a.  Comparative Employees

If you find that Defendant Sureway Supermarket treated Mrs. Patz differently than similarly-situated individuals without pregnancy-related medical conditions, you may, but are not required to, infer that Defendant's decision to select Mrs. Patz for termination was motivated by discriminatory animus rather than a legitimate motive, intent, or state of mind.

### b.  Temporal Proximity

If you find that there was a close temporal proximity between the time Defendants were made aware of Mrs. Patz's pregnancy and her requests for accommodation related to her medical

13

conditions and the decision to terminate Mrs. Patz, you may infer that discriminatory animus was a material and important factor in Defendants' decision to terminate her.

---

Authority: *Mayberry v. Vought Aircraft Co*., 55 F.3d 1086, 1090 (5th Cir. 1995) (when an employer disciplines an employee for a breach of a work rule, a plaintiff could establish a Title VII prima facie case "by showing 'either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly'") (quoting *Green v. Armstrong Rubber Co*., 612 F.2d 967,968 (5th Cir. 1980), cert. denied, 449 U.S. 879 (1980)); *Eugene v. Rumsfield*, 168 F. Supp. 2d 655, 669-70 (S.D. Tex. 2001) (plaintiff may either show another similarly situated employee or "evidence, either circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate"); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997); *Jalil v. Avdel Corp.,* 873 F.2d 701, 708 (3d Cir. 1989) (discharge of plaintiff two days after filing EEOC complaint found to be sufficient, under the circumstances, to establish causation); *Fairchild v. All American Check Cashing, Inc.,* F.3d 959 (5th Cir. 2016) (applying temporal proximity analysis from Title VII retaliation claims to a Title VII pregnancy discrimination claim).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 11

### AMERICANS WITH DISABILITIES ACT DISCRIMINATION CLAIM: ACTUAL DISABILITY

Plaintiff Vivian Patz claims that Defendant Sureway Supermarket discriminated against her because she had a disability by terminating because of her pregnancy-related physical limitations.

Defendant Sureway Supermarket denies Plaintiff Vivian Patz's claims and contends that she was terminated because she did not timely submit a doctor's note regarding her limitations and because she failed to communicate with Sureway regarding her impending return date or what accommodations might be needed based on those limitations.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include terminating a qualified individual with a disability.

A typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict one or more major life activities have been found to be disabilities. Major life activities include , but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

To prove that Plaintiff Vivian Patz's disability was the reason for sending Plaintiff Vivian Patz home early and/or terminate her, Plaintiff Vivian Patz must prove that the individuals at Defendant Sureway who made the decision to take her off the schedule and/or terminate her knew of her disability. You may consider evidence about information learned from communications with Plaintiff Vivian Patz. In addition, an employer is presumed to know information in its files or records about its employees. But an employer is not presumed to know information in records that are not in its files.

To succeed in this case, Plaintiff Vivian Patz must prove each of the following by a preponderance of the evidence:

1.   Plaintiff Vivian Patz was pregnant;

2.   Plaintiff Vivian Patz's pregnancy complications substantially limited her ability to conduct a major life activity;

3.   Defendant Sureway Supermarket knew Plaintiff Vivian Patz was pregnant;

4.   Defendant knew her pregnancy had complications that restricted one or more major life activities,

5.      Defendant Sureway Supermarket terminated Plaintiff Vivian Patz;

6.      Plaintiff Vivian Patz was a qualified individual who could have performed the essential functions of cashier when Defendant Sureway Supermarket terminated her; and

7.      Defendant Sureway Supermarket fired Plaintiff Vivian Patz because of her pregnancy and related disability. Plaintiff Vivian Patz does not have to prove that her pregnancy was the only reason Defendant Sureway Supermarket terminated her.

If Plaintiff Vivian Patz has failed to prove any of these elements, then your verdict on her ADA claim must be for Defendant Sureway Supermarket.

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.8; *McKellips v. Franciscan Health Sys.*, 2013 WL 1991103, at *4 (W.D. Wash. May 13, 2013) (a typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict everyday activities have been found to be disabilities), *Nayak v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 2013 WL 121838, at *3 (S.D. Ind. Jan. 9, 2013) (same). 42 U.S.C. § 12102(2)(A) (major life activities).

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #11**

Plaintiffs propose this instruction because Defendants' proposed instruction (*infra*) contains language that is contrary to the law and misleading. Specifically:

**Opposed Language:**

"A 'disability' is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Vivian Patz's pregnancy substantially limited her ability to lift over ten pounds, you should compare her ability to [lift over ten pounds] with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment."

Plaintiffs propose that their language sufficient states the elements of a disability in the context of a pregnancy: "A typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict one or more major life activities have been found to be disabilities." This statement instructs the jury to review Plaintiff Vivian Patz's physical impairment and whether it substantially limits one or more major life activities. It is Plaintiffs' view that the form instruction for a disability does not easily translate to a plaintiff with pregnancy, especially for the language on comparing to an average person. Plaintiff's proposed language states every element of the disability definition under the ADA

16

**Opposed Language:**

"Temporary impairments with little or no long-term impact are not sufficient."

Defendants seek inclusion of this language based on the Fifth Circuit Pattern jury instruction 11.8. With this language is a footnote that states "This language should be used only if supported by the evidence." For pregnancy complications, numerous courts have held that such physical impairments related to pregnancy may qualify as a disability under the 42 US.C. § 12102 if they restrict one or more major life activities. *McKellips v. Franciscan Health Sys.*, 2013 WL 1991103, at *4 (W.D. Wash. May 13, 2013) (a typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict everyday activities have been found to be disabilities), *Nayak v. St. Vincent Hosp. and Health Care Ctr., Inc.,* 2013 WL 121838, at *3 (S.D. Ind. Jan. 9, 2013) (same); *Hogan v. Ogden*, No. CV-06-5078-EFS, 2008 WL 2954245, at *5 (E.D. Wash. July 30, 2008) (finding that "it is a question for the jury whether it is a jury question as to whether Plaintiff's pregnancy constituted a physical impairment substantially limiting [a] major life activity"); *Higgins v. Northwest Farm Credit Services, ACA*, No. 4:16-cv-00400-DCN, n.11 (D. Idaho May 2, 2018) (citing Hogan for same). Defendants cite no cases where a pregnant plaintiff was barred from bringing an ADA claim because pregnancy complications were the type of "temporary impacts" anticipated by this instruction.

**Opposed Language:**

"Nor is an employer required to draw conclusions that an individual has a disability if it is not obvious to an ordinary person."

Defendants seek inclusion of this language based on the Fifth Circuit Pattern jury instruction 11.8. The original instruction states "Nor is an employer required to draw conclusions that an individual has a <u>mental or psychological disorder</u> if it is not obvious to an ordinary person." Defendants' proposed language for this sentence completely changes the interpretation of the Fifth Circuit jury instruction. This jury instruction specifically refers to mental or psychological disorders – not any disorder that have no obvious appearance. Thus, the proposed language is also irrelevant under Federal Rule of Evidence 401 because Plaintiffs never allege any mental of psychological disorder.

**In Support of PLAINTIFFS' Proposed Language:**

**PLAINTIFFS' Language:**

"To prove that Plaintiff Vivian Patz's disability was the reason for sending Plaintiff Vivian Patz home early and/or terminate her, Plaintiff Vivian Patz must prove that the individuals at Defendant Sureway who made the decision to take her off the schedule and/or terminate her knew of her disability. You may consider evidence about information learned from communications with Plaintiff Vivian Patz. In addition, an employer is presumed to know information in its files or records about its employees."

17

Plaintiffs seek in include this language which is part of the Fifth Circuit Jury Instruction 11.8. Defendants seek to only include the last sentence of this paragraph, but Plaintiffs find that the entire paragraph illuminates best how the jury can determine the knowledge of the Defendants. The jury must look at the communications with the plaintiffs and the legal presumption of knowledge of the files' content. It would be misleading to only include the last sentence that is the inverse of the legal presumption of knowledge of the files' content.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 11

### AMERICANS WITH DISABILITIES ACT DISCRIMINATION CLAIM: ACTUAL DISABILITY

Plaintiff Vivian Patz claims that Defendant Sureway Supermarket discriminated against her because she had a disability by terminating because of her pregnancy-related physical limitations.

Defendant Sureway Supermarket denies Plaintiff Vivian Patz's claims and contends that she was terminated because she did not timely submit a doctor's note regarding her limitations and because she failed to communicate with Sureway regarding her impending return date or what accommodations might be needed based on those limitations.

It is unlawful for an employer to discriminate against an `employee because of the employee's disability. Unlawful discrimination can include terminating a qualified individual with a disability. A typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict one or more major life activities have been found to be disabilities.

A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Vivian Patz's pregnancy substantially limited her ability to lift over ten pounds, you should compare her ability to lift over ten pounds with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

An employer is not presumed to know information in records that are not in its files. Nor is an employer required to draw conclusions that an individual has a disability if it is not obvious to an ordinary person.

To succeed in this case, Plaintiff Vivian Patz must prove each of the following by a preponderance of the evidence:

1. Plaintiff Vivian Patz was pregnant;

2. Plaintiff Vivian Patz's pregnancy substantially limited her ability to lift more than 10 pounds and the inability to lift more than 10 pounds is a major life activity;

3. Defendant Sureway Supermarket knew Plaintiff Vivian Patz was pregnant;

4. Defendant knew her pregnancy had complications that restricted one or more major life activities, and ;

5. Defendant Sureway Supermarket terminated Plaintiff Vivian Patz;

6. Plaintiff Vivian Patz was a qualified individual who could have performed the essential functions of cashier and stocker when Defendant Sureway Supermarket terminated her; and

7. Defendant Sureway Supermarket fired Plaintiff Vivian Patz because of her pregnancy and related disability. Plaintiff Vivian Patz does not have to prove that her pregnancy was the only reason Defendant Sureway Supermarket terminated her.

If Plaintiff Vivian Patz has failed to prove any of these elements, then your verdict on her ADA claim must be for Defendant Sureway Supermarket.

---

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.8; *McKellips v. Franciscan Health Sys.*, 2013 WL 1991103, at *4 (W.D. Wash. May 13, 2013) (a typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict everyday activities have been found to be disabilities), *Nayak v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 2013 WL 121838, at *3 (S.D. Ind. Jan. 9, 2013) (same).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 12

### AMERICANS WITH DISABILITIES ACT DISCRIMINATION CLAIM: "REGARDED AS" DISABILITY

Plaintiff Vivian Patz claims that she was discriminated against because Defendant Sureway Supermarket regarded her as having an impairment, specifically of having a pregnancy which limited her ability to lift over ten pounds. Defendant Sureway Supermarket denies Plaintiff Vivian Patz's claims and contends that she was terminated she did not timely submit a doctor's note regarding her limitations and because she failed to communicate with Sureway regarding her impending return date or what accommodations might be needed based on those limitations.

Plaintiff Vivian Patz claims that she could have performed the essential functions of cashier and stocker when Defendant Sureway Supermarket terminated her employment.

It is unlawful to terminate a qualified individual who is regarded as having an impairment. An individual is "regarded as" having an impairment if the individual establishes that she has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

To succeed in this case, Plaintiff Vivian Patz must prove the following by a preponderance of the evidence:

1.      Plaintiff Vivian Patz could have performed the essential functions of cashier when Defendant Sureway Supermarket terminated her;

2.      Plaintiff Vivian Patz was regarded as having a physical impairment;

3.      Defendant Sureway Supermarket regarded Plaintiff Vivian Patz as having an impairment; and

4.      Defendant Sureway Supermarket terminated Plaintiff Vivian Patz because she was regarded as having an impairment.

An individual is regarded as having an impairment if the individual establishes that she has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

If Plaintiff Vivian Patz has failed to prove any of these elements, then your verdict must be for Defendant Sureway Supermarket.

---

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.8.

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #12**

Plaintiffs propose this instruction because Defendants' proposed instruction (*infra*) contains language that is contrary to the law and misleading. Specifically:

**Opposed Language:**

"A 'disability' is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Vivian Patz's pregnancy substantially limited her ability to lift over ten pounds, you should compare her ability to [lift over ten pounds] with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment."

Defendants propose this language that is not featured in the Fifth Circuit Jury Instruction pattern for a 'regarded as' disability claim under the ADA. In fact, the pattern instruction specifically states: "An individual is regarded as having an impairment if the individual establishes that she has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity." This implies that the perceived impairment need not fit the traditional definition of a disability under 42 U.S.C. § 12102(2)(A). As such, Plaintiffs oppose the inclusion of this language as not fitting the circuit pattern and imposing new elements into this claim. [INSERT DAVE'S RESEARCH]

**Opposed Language:**

"Temporary impairments with little or no long-term impact are not sufficient."

Defendants seek inclusion of this language based on the Fifth Circuit Pattern jury instruction 11.8. With this language is a footnote that states "This language should be used only if supported by the evidence." For pregnancy complications, numerous courts have held that such physical impairments related to pregnancy may qualify as a disability under the 42 US.C. § 12102 if they restrict one or more major life activities. *McKellips v. Franciscan Health Sys.*, 2013 WL 1991103, at *4 (W.D. Wash. May 13, 2013) (a typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict everyday activities have been found to be disabilities), *Nayak v. St. Vincent Hosp. and Health Care Ctr., Inc.,* 2013 WL 121838, at *3 (S.D. Ind. Jan. 9, 2013) (same); *Hogan v. Ogden*, No. CV-06-5078-EFS, 2008 WL 2954245, at *5 (E.D. Wash. July 30, 2008) (finding that "it is a question for the jury whether it is a jury question as to whether Plaintiff's pregnancy constituted a physical impairment substantially limiting [a] major life activity"); *Higgins v. Northwest Farm Credit Services, ACA*, No. 4:16-cv-00400-DCN, n.11 (D. Idaho May 2, 2018) (citing Hogan for same). Defendants cite no cases where a pregnant plaintiff was barred from bringing an ADA claim because pregnancy complications were the type of "temporary impacts" anticipated by this instruction.

**Opposed Language:**

"Nor is an employer required to draw conclusions that an individual has a disability if it is not obvious to an ordinary person."

Defendants seek inclusion of this language based on the Fifth Circuit Pattern jury instruction 11.8. The original instruction states "Nor is an employer required to draw conclusions that an individual has a <u>mental or psychological disorder</u> if it is not obvious to an ordinary person." Defendants' proposed language for this sentence completely changes the interpretation of the Fifth Circuit jury instruction. This jury instruction specifically refers to mental or psychological disorders – not any disorder that have no obvious appearance. Thus, the proposed language is also irrelevant under Federal Rule of Evidence 401 because Plaintiffs never allege any mental of psychological disorder.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 12

**AMERICANS WITH DISABILITIES ACT DISCRIMINATION CLAIM:**
**"REGARDED AS" DISABILITY**

Plaintiff Vivian Patz claims that she was discriminated against because Defendant Sureway Supermarket regarded her as having an impairment, specifically of having a pregnancy which limited her ability to lift over ten pounds. Defendant Sureway Supermarket denies Plaintiff Vivian Patz's claims and contends that she was terminated she did not timely submit a doctor's note regarding her limitations and because she failed to communicate with Sureway regarding her impending return date or what accommodations might be needed based on those limitations

Plaintiff Vivian Patz claims that she could have performed the essential functions of cashier and stocker when Defendant Sureway Supermarket terminated her employment.

It is unlawful to terminate a qualified individual who is regarded as having an impairment . An individual is "regarded as" having an impairment if the individual establishes that she has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Vivian Patz's pregnancy substantially limited her ability to lift over ten pounds, you should compare her ability to lift over ten pounds with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no

long-term impact are not sufficient.

An employer is not presumed to know information in records that are not in its files. Nor is an employer required to draw conclusions that an individual has a disability if it is not obvious to an ordinary person.

To succeed in this case, Plaintiff Vivian Patz must prove the following by a preponderance of the evidence:

1. Plaintiff Vivian Patz could have performed the essential functions of cashier and stocker when Defendant Sureway Supermarket terminated her;

2. Defendant Sureway Supermarket regarded Plaintiff Vivian Patz as having an impairment; and

3. Defendant Sureway Supermarket terminated Plaintiff Vivian Patz because she was regarded as having an impairment.

If Plaintiff Vivian Patz has failed to prove any of these elements, then your verdict must be for Defendant Sureway Supermarket.

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.8.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 13

## AMERICANS WITH DISABILITIES ACT DISCRIMINATION CLAIM:
## FAILURE TO ACCOMMODATE A DISABILITY

Plaintiff Vivian Patz claims that Defendant Sureway Supermarket failed to reasonably accommodate her disability, specifically her pregnancy which limited her ability to lift more than 10 pounds.

Defendant Sureway Supermarket denies Plaintiff Vivian Patz's claims and contends that Plaintiff Vivian Patz failed to timely provide a doctor's note stating her limitations.

The law requires an employer to make reasonable accommodations for an employee's disability. To succeed in this case, Plaintiff Vivian Patz must prove each of the following by a preponderance of the evidence:

1. Plaintiff Vivian Patz could have performed the essential functions of cashier when Defendant Sureway Supermarket terminated her if Plaintiff Vivian Patz had been provided with reasonable accommodations.

2. Plaintiff Vivian Patz had a pregnancy which substantially limited her ability to lift more than 10 pounds;

3. Defendant Sureway Supermarket knew of Plaintiff Vivian Patz's pregnancy and related lifting limitations;

4. Plaintiff requested an accommodation;

5. Providing an accommodation would have been reasonable; and

6. Defendant Sureway Supermarket failed to provide a reasonable accommodation.

**Relevant Definitions:**

**Qualified Individual**

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position Plaintiff Vivian Patz held: cashier at Sureway Supermarket. The term does not include the marginal functions of the position.

Qualified individual also means that the individual satisfies the requisite skill, experience, education, and other job-related requirements of the employment position the individual holds or desires.

**Accommodation**

The term "accommodation" means making modifications to the workplace that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

**Reasonable Accommodation**

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies. There may be other reasonable accommodations.

**Undue Hardship**

An employer need not provide an accommodation to the known limitations of a qualified employee or applicant if the employer proves that the accommodation would impose an undue hardship on its business operations. The employer has the burden of proving by a preponderance of the evidence that the accommodation would have imposed an undue hardship.

An employer is not required to restructure a job if that would reallocate the job's essential functions. An employer is not obligated to hire additional employees or reassign existing workers to assist an employee with a disability. The ADA does not require an accommodation that would cause other employees to work harder, work longer hours, or lose opportunities. An employer is not obligated to provide an employee the accommodation he or she requests or prefers. The employer need only provide some reasonable accommodation.

An "undue hardship" is an action requiring the employer to incur significant difficulty or expense. Factors to be considered in determining whether the accommodation would cause an undue hardship include: (a) the nature and cost of the accommodation; (b) the overall financial resources of Sureway Supermarket involved in the accommodation, the number of persons employed there, the effect on expenses and resources, or the impact otherwise on Defendant Sureway Supermarket's operation; (c) the overall financial resources of the employer, the overall size of the business with respect to the number of employees, and the number, type, and location of its facilities; and (d) the type of operation of the employer, including the composition, structure, and functions of the workforce, the impact of the accommodation on Sureway Supermarket's operation, including the impact on the ability of other employees to perform their duties.

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.10; *McKellips v. Franciscan Health Sys.*, 2013 WL 1991103, at *4 (W.D. Wash. May 13, 2013) (a typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict

everyday activities have been found to be disabilities), *Nayak v. St. Vincent Hosp. and Health Care Ctr., Inc.,* 2013 WL 121838, at *3 (S.D. Ind. Jan. 9, 2013) (same).


### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #13

Plaintiffs propose this instruction because Defendants' proposed instruction (*infra*) contains language that is contrary to the law and misleading. Specifically:

**Opposed Language:**

"A 'disability' is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Vivian Patz's pregnancy substantially limited her ability to lift over ten pounds, you should compare her ability to [lift over ten pounds] with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment."

Plaintiffs wish to strike this language as being unnecessarily duplicative of the disability instruction already included in the Americans With Disabilities: Actual Disability instruction. Further, it is better suited for that individual instruction than this one.

**Opposed Language:**

"Plaintiff Vivian Patz could have performed the essential functions of cashier and stocker when Defendant Sureway Supermarket terminated her if Plaintiff Vivian Patz had been provided with the accommodation of scanning heavy items in the cart with a handheld scanner or referencing the barcode list of heavy items, rather than lift heavy items onto the conveyor belt, and moving items can-by-can instead of entire boxes at a time."

Plaintiff proposes instead "Plaintiff Vivian Patz could have performed the essential functions of cashier when Defendant Sureway Supermarket terminated her if Plaintiff Vivian Patz had been provided with reasonable accommodations." This reworking of the instruction removes anticipated theories of the case and allows the jury to assess on their own what accommodations were available and whether those accommodations are reasonable.

**In Support of Plaintiffs' Proposed Language:**

**Plaintiffs' Language:**

"The employer need only provide some reasonable accommodation."

Defendants propose including "An employer is not obligated to provide an employee the

accommodation he or she requests or prefers," which is featured in a footnote of the Fifth Circuit jury instruction pattern. However, the entirety of the footnote also includes the above proposed language after the sentence proposed by Defendants. Plaintiffs assert that the first sentence, without the second, clarifying sentence misleads the jury to think that no accommodation is necessary.

**Plaintiffs' Language:**

"An "undue hardship" is an action requiring the employer to incur significant difficulty or expense. Factors to be considered in determining whether the accommodation would cause an undue hardship include: (a) the nature and cost of the accommodation; (b) the overall financial resources of Sureway Supermarket involved in the accommodation, the number of persons employed there, the effect on expenses and resources, or the impact otherwise on Defendant Sureway Supermarket's operation; (c) the overall financial resources of the employer, the overall size of the business with respect to the number of employees, and the number, type, and location of its facilities; and (d) the type of operation of the employer, including the composition, structure, and functions of the workforce, the impact of the accommodation on Sureway Supermarket's operation, including the impact on the ability of other employees to perform their duties."

This instruction is part of the Fifth Circuit Pattern Jury Instruction 11.10 and should be included to instruct the jury on the specific factors required to determine whether an accommodation is an undue hardship. This language is necessary under the pattern instruction.

**DEFENDANTS' PROPOSED** JURY INSTRUCTION NO. 13

### AMERICANS WITH DISABILITIES ACT DISCRIMINATION CLAIM: FAILURE TO ACCOMMODATE A DISABILITY

Plaintiff Vivian Patz claims that Defendant Sureway Supermarket failed to reasonably accommodate her disability, specifically her pregnancy which limited her ability to lift more than 10 pounds.

Defendant Sureway Supermarket denies Plaintiff Vivian Patz's claims and contends that Plaintiff Vivian  Patz failed to timely provide a doctor's note stating her limitations.

The law requires an employer to make reasonable accommodations for an employee's disability. To succeed in this case, Plaintiff Vivian Patz must prove each of the following by a preponderance of the evidence:

1. Plaintiff Vivian Patz could have performed the essential functions of cashier and stocker when Defendant Sureway Supermarket terminated her if Plaintiff Vivian  Patz had been provided with the accommodation of scanning heavy items in the cart with a handheld

scanner or referencing the barcode list of heavy items, rather than lift heavy items onto the conveyor belt, and moving items can-by-can instead of entire boxes at a time.

2. Plaintiff Vivian Patz had a pregnancy which substantially limited her ability to lift more than 10 pounds;

3. Defendant Sureway Supermarket knew of Plaintiff Vivian  Patz's pregnancy and related lifting limitations;

4. Plaintiff requested an accommodation;

5. Providing an accommodation would have been reasonable; and

6. Defendant Sureway Supermarket failed to provide a reasonable accommodation.

**Relevant Definitions:**

### Disability

A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Vivian Patz's pregnancy substantially limited her ability to lift over ten pounds, you should compare her ability to lift over ten pounds with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

### Qualified Individual

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position Plaintiff Vivian Patz held: cashier and stocker at Sureway Supermarket. The term does not include the marginal functions of the position.\

Qualified" also means "that the individual satisfies the requisite  skill, experience, education, and other job-related requirements of the  employment position the individual holds or desires

### Accommodation

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

**Reasonable Accommodation**

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies. There may be other reasonable accommodations.

**Undue Hardship**

An employer need not provide an accommodation to the known limitations of a qualified employee or applicant if the employer proves that the accommodation would impose an undue hardship on its business operations. The employer has the burden of proving by a preponderance of the evidence that the accommodation would have imposed an undue hardship.

An employer is not required to restructure a job if that would reallocate the job's essential functions. An employer is not obligated to hire additional employees or reassign existing workers to assist an em- ployee with a disability. The ADA does not require an accommodation that would cause other employees to work harder, work longer hours, or lose opportunities. [18]An employer is not obligated to provide an employee the accom- modation he or she requests or prefers.

---

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.10; *McKellips v. Franciscan Health Sys.*, 2013 WL 1991103, at *4 (W.D. Wash. May 13, 2013) (a typical, low-risk pregnancy is not considered a disability under the ADA, but complications related to pregnancy that restrict everyday activities have been found to be disabilities), *Nayak v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 2013 WL 121838, at *3 (S.D. Ind. Jan. 9, 2013) (same).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 14

### FAIR HOUSING ACT CLAIM

Plaintiffs Vivian and Michael Patz claim that Defendants Sureway Supermarket, SHH Properties, and Shelly Jambon violated the Fair Housing Act by denying Vivian and Michael Patz housing because Vivian became pregnant. Defendants deny this claim and contend that Plaintiffs were not evicted from their apartment but rather voluntarily vacated.

Under the Fair Housing Act, "familial status" is any household where any person is pregnant. To succeed on their Fair Housing Act claim, Plaintiffs Vivian and Michael Patz must prove by a preponderance of the evidence that:

1. They are members of a protected class, namely that they are protected as "familial status" where any person of the family is pregnant; and

2. Defendants illegally evicted Plaintiffs from their housing for discriminatory reasons.

Landlords are prohibited from using "self-help" to retake property. In order to retake property, a landlord must complete judicial proceedings or provide a tenant with written notice and, after notice is given, find the property voluntarily abandoned by the tenant. To show that the tenant abandoned the property, Defendants must show that Plaintiffs (1) physically abandoned the property, and (2) had specific intent to voluntarily relinquish the property.

After Plaintiffs Vivian and Michael Patz have made their prima facie case, the burden shifts to Defendants Sureway Supermarket, SHH Properties, and Shelly Jambon to provide evidence that the revocation or denial of the housing benefit furthered a legitimate, nondiscriminatory purpose.

The justification requires actual evidence and must be more than an answer to the complaint or an argument by counsel. If Defendants are able to meet this burden, then Plaintiffs Vivian and Michael Patz can still prevail on their disparate treatment claim under the Fair Housing Act if they are able to show, by a preponderance of the evidence, that the stated purpose for the denial or revocation was really just a pretext for discrimination.

---

Authority: *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (Title VII employment discrimination case); *2922 Sherman Avenue Tenants' Assn. v. District of Columbia,* 444 F. 3d 673, 682 (D.C. Cir. 2006) (applying *McDonnell's* burden shifting framework to Fair Housing Act case); *Sanghvi v. City of Claremont,* 328 F.3d 532, 536-38 (9th Cir. 2003) (same); *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 48-52 (2nd Cir. 2002) (same); *Kormoczy v. HUD,* 53 F.3d 821, 823-24 (7th Cir. 1995) (same); *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 259 n.9 (1981) (a legitimate, nondiscriminatory purpose requires actual evidence and must be more than "an answer to the complaint or [an] argument by counsel.").

### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #14

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here. Plaintiffs reserve the right to file objections or comments in regard to Defendants' proposed instruction provided below.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 14

## FAIR HOUSING ACT CLAIM

Plaintiffs Vivian and Michael Patz claim that Defendants Sureway Supermarket, SHH Properties, and Shelly Jambon violated the Fair Housing Act by denying Vivian and Michael Patz housing because Vivian became pregnant. Defendants deny this claim and contend that Plaintiffs were not evicted from their apartment but rather voluntarily vacated.

Under the Fair Housing Act, "familial status" is any household where any person is pregnant. To succeed on their Fair Housing Act claim, Plaintiffs Vivian and Michael Patz must prove by a preponderance of the evidence that:

3. They are members of a protected class, namely that they are protected as "familial status" where any person of the family is pregnant; and

4. Defendants illegally evicted Plaintiffs from their housing for discriminatory reasons.

In order to retake property, a landlord Generally must file an eviction. An eviction is a multi-step process. The first requirement is that a written notice to vacate the property be provided to the tenants. Under Louisiana law, "[i]f a lessor chooses to cancel the lease and terminate the lessee's right of occupancy, the lessor must follow the statutory eviction prodcedures set out in La. Code Civ. P. art. 4701 et seq." The statutory eviction procedures require "written notice to vacate the premises to be delivered to the lesee."[2] There is an exception to the statutory eviction requirements "in instances where the lessee has abandoned the leased premises."[3] In making the factual determination of whether leased premises have been abandoned, courts apply a "two-part test, requiring proof of both [1] an act of abandonment and [ii] a specific intent to abandon."[4] "Indicia of abandonment include a cessation of business activity or residential occupancy, returning keys to the premises, and removal of equipment, furnishings, or other movables from the

---

Authority: Doc 148

[2] LA. Code Civ. P. art.4701.

[3] *Southpark Cmty. Hosp., LLC v. Southpark Acquisition Co., LLC,* 2013-59 (La. App. 3 Cir. 10/30/13), 126 So.3d 805, 816, *writ denied*, 2013-2794 (La. 2/28/14), 134 So.3d 1175 (citing *Horacek v. Watson*, 11-1345 (La.App. 3 Cir. 3/7/12), 86 So.3d 766).

[4] *Indulge Island Grill, L.L.C. v. Island Grill, L.L.C.*, 2016-1133 (La. App. 4 Cir. 5/10/17), 220 So. 3d 154, 159 (quoting *Powell v. Cox,* 92 So.2d 739, 742 (La. App. 2d Cir. 1957)).

premises."[5]   "[T]he characteristic element of abandonment is voluntary relinquishment."[6] Louisiana courts consistently hold that "[i]n determining whether an abandonment has occurred, there must be a showing that the lessee voluntarily relinquished the premises and intended to terminate without vesting ownership in another."[7]

   If Plaintiffs Vivian and Michael Patz have made their prima facie case that they were wrongfully evicted due to a discriminatory reason, the burden shifts to Defendants Sureway Supermarket, SHH Properties, and Shelly Jambon to provide evidence that the revocation or denial of the housing benefit furthered a legitimate, nondiscriminatory purpose.

   The justification requires actual evidence and must be more than an answer to the complaint or an argument by counsel. If Defendants are able to meet this burden, then Plaintiffs Vivian and Michael Patz can still prevail on their disparate treatment claim under the Fair Housing Act if they are able to show, by a preponderance of the evidence, that the stated purpose for the denial or revocation was really just a pretext for discrimination.

---

Authority: *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (Title VII employment discrimination case); *2922 Sherman Avenue Tenants' Assn. v. District of Columbia,* 444 F. 3d 673, 682 (D.C. Cir. 2006) (applying *McDonnell's* burden shifting framework to Fair Housing Act case); *Sanghvi v. City of Claremont,* 328 F.3d 532, 536-38 (9th Cir. 2003) (same); *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 48-52 (2nd Cir. 2002) (same); *Kormoczy v. HUD,* 53 F.3d 821, 823-24 (7th Cir. 1995) (same); *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 259 n.9 (1981) (a legitimate, nondiscriminatory purpose requires actual evidence and must be more than "an answer to the complaint or [an] argument by counsel.").

---

[5] La. Code Civ. Proc. 4731

[6] *Powell v. Cox*, 92 So.2d 739, 742 (La. App. 2d Cir. 1957) (citing *New Orleans Bank & Tr. Co. v. City of New Orleans*, 176 La. 946, 953, 147 So. 42, 44 (1933)); *see also Southpark Cmty. Hosp.,* 126 So.3d at 816 ("In determining whether abandonment has occurred, there must be a showing that the lessee voluntarily relinquished the premises and intended to terminate without vesting ownership in another.") (quoting *Bill Kassel Farms, Inc. v. Paul,* 96-462, p. 5 (La. App 3 Cir. 12/11/96), 690 So.2d 807, 809, *writ denied*, 97-712 (La. 4/25/97), 692 So.2d 1095).

[7] *Bill Kassel Farms,* 690 So. 2d 807 at 809 (citing *Preen v. LeRuth*, 430 So.2d 825 (La.App. 5 Cir.1983)).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 15

### FAIR HOUSING ACT CLAIM:
### PERSONAL LIABILITY OF DEFENDANT SHELLY JAMBON

In special circumstances, owners or officers of a corporation can be liable for violations of the Fair Housing Act. If you find that Defendant Shelly Jambon directed, authorized, or was involved in the unlawful discriminatory eviction, then you must find her personally liable for the violation of the Fair Housing Act.

---

Authority: R. Doc. 150 at 10-11. *See also Meyer v. Holley*, 537 U.S. 280, 284 (2003); *Chavez v. Aber,* 122 F. Supp. 3d 581, 594 (W.D. Tex. 2015); *Dillon v. AFBIC Dev. Corp.,* 597 F.2d 556 (5th Cir. 1979).

### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #15

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here. Plaintiffs reserve the right to file objections or comments in regard to Defendants' proposed instruction provided below.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 15

In special circumstances, owners or officers of a corporation can be liable for violations of the Fair Housing Act if by his or her own conduct violated the federal antidiscrimination statutes. If you find that Plaintiffs proved by a preponderance of the evidence that Defendant Shelly Jambon, by her own conduct violated the federal discrimination statutes, then you may find her liable for the violation of the Fair Housing Act.

---

Authority: Authority:  Doc 150 p 11.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 16

## ILLEGAL EVICTION CLAIM (BREACH OF CONTRACT)

Plaintiffs Vivian and Michael Patz claim that Defendant Sureway Supermarket failed to properly terminate their lease and evicted them from their apartment without following Louisiana law. Defendant Sureway Supermarket denies this claim and contends that Plaintiffs were not evicted from their apartment but rather voluntarily vacated the premises.

In Louisiana, a lease to rent property can be verbal or written. When a lease is oral, the parties to the lease must follow the default landlord-tenant rules under Louisiana law.

Lessors, here Defendant Sureway Supermarket, have an obligation to protect the peaceful possession of the premises by their tenants for the duration of their lease. Under Louisiana law, a lease can only be terminated without cause by written notice at either five days before the end of the term, or ten days before the end of an indefinite term. A lease can only be terminated for cause with five-day written notice.

An eviction is a multi-step process. The first requirement is that a written notice to vacate the property be provided to the tenants. If the premises are abandoned after notice is given, then the landlord need not proceed with the rest of the judicial process.

To succeed on their illegal eviction claim, Plaintiffs Vivian and Michael Patz must prove by a preponderance of the evidence that:

1. They had a lease to rent property from Defendants Sureway Supermarket; and

2. Defendant Sureway Supermarket evicted Plaintiffs Vivian and Michael Patz without following the steps required by Louisiana law.

To show that Plaintiffs abandoned the property, Defendants must show that Plaintiffs (1) physically abandoned the property, and (2) had specific intent to voluntarily relinquish the property. If the property is abandoned, under Louisiana law, the notice must nonetheless be posted at the premises for five days.

Authority: Louisiana Civil Code art. 2682; Louisiana Code of Civil Procedure art. 4701, 4703, 4731; *Lacour v. Myer*, 98 So. 2d 308, 310 (La. App. 1 Cir. 1957) (constructive eviction); *Mansur v. Cox*, 2004-0140 (La. App. 1 Cir. 12/30/04), 898 So.2d 446 (constructive eviction).

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #16

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here. Plaintiffs reserve the

right to file objections or comments in regard to Defendants' proposed instruction provided below.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 16

### WRONGFUL EVICTION CLAIM - BREACH OF CONTRACT AND TRESSPASS

Plaintiffs bring a breach of contract claim on the basis that they were wrongfully evicted in breach of their lease agreement. Under Louisiana law, the contract of lease is subject to the rules of conventional obligations, and when a lessee is wrongfully evicted, the lessor is liable for contractual damages. Plaintiffs also bring a trespass claim on the basis that the alleged wrongful eviction constituted an unlawful trespass. When a lessor takes the law in his hands by unlawfully dispossessing a tenant, he commits a trespass and is liable for general damages.[8]

To establish liability on their breach of contract and trespass claims, Plaintiffs must show they were wrongfully evicted.[9]

Under Louisiana law, if a lessor chooses to cancel the lease and terminate the lessee's right of occupancy, the lessor must follow the statutory eviction procedures. The statutory eviction procedures require written notice to vacate the premises to be delivered to the lessee. [10]

There is an exception to the statutory eviction requirements in instances where the lessee has abandoned the leased premises. In making the factual determination of whether leased premises have been abandoned, courts apply a two-part test, requiring proof of both [i] an act of abandonment and [ii] a specific intent to abandon. Indicia of abandonment include a cessation of business activity or residential occupancy, returning keys to the premises, and removal of equipment, furnishings, or other movables from the premises. The characteristic element of abandonment is voluntary relinquishment. Louisiana courts consistently hold that in determining whether an abandonment has occurred, there must be a showing that the lessee voluntarily relinquished the premises and intended to terminate without vesting ownership in another.[11]

---

[8] R. Doc. 148, p. 5.
[9] Id.
[10] Id., p.6
[11] Id.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 17

## ILLEGAL EVICTION (TRESPASS CLAIM)

Plaintiffs Vivian and Michael Patz claim that Defendants Sureway Supermarket and SHH Properties failed to properly terminate their lease and evicted them from their apartment without following Louisiana law. Defendant SHH Properties denies this claim and contends that Plaintiffs were not evicted from their apartment but rather voluntarily vacated the premises.

Failing to follow proper eviction procedures, and instead resorting to self-help to displace a tenant, constitutes an illegal trespass of the premises. Lessors who fail to follow eviction procedures required by law are liable for trespass. A lessor must provide written notice to vacate the property and if the property is abandoned, the notice must nonetheless be posted at the premises for five days. If the premises are abandoned after notice is given, then the landlord need not proceed with the rest of the judicial process.

To succeed on their trespass claim, Plaintiffs Vivian and Michael Patz must prove by a preponderance of the evidence that Defendant Sureway Supermarket evicted Plaintiffs Vivian and Michael Patz without providing the written notice required under Louisiana law.

Authority: R. Doc. 150 at 13; *Fo-Coin Co. v. Drury,* 349 So. 2d 382, 384 (La. Ct. App. 1977) ("When a lessor takes the law in his hands by unlawfully dispossessing a tenant, he commits a trespass and is liable for general damages."); *Weber v. McMillan,* 285 So. 2d 349, 352 (La. Ct. App. 1973), *writ denied,* 288 So. 2d 357 (La. 1974); La. Code of Civ. Proc. art. 4701 ("When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises…"); La. Code Civ. Proc. art. 4703 (if the premises are abandoned, notice may be tacked to the door); La. Code Civ. Proc. art. 4731(B) ("After the required notice has been given, the lessor or owner, or agent thereof, may lawfully take possession of the premises without further judicial process, upon a reasonable belief that the lessee or occupant has abandoned the premises…").

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #17

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 18

## LOUISIANA UNFAIR TRADE PRACTICES ACT (LUTPA) CLAIM

Plaintiffs Vivian and Michael Patz bring claims against Defendants Sureway Supermarket and SHH Properties for violation of the Louisiana Unfair Trade Practices Act ("LUTPA") because Defendants fired Plaintiff Vivian  Patz; refused to accommodate her disability; illegally evicted her and Plaintiff Michael Patz; threatened to call law enforcement, and barred them from Sureway Supermarket, the only grocery store on Grand Isle. Plaintiffs also claim that Defendant Sureway Supermarket violated LUTPA when they led her to believe that she could keep her job if she provided a doctor's note.

LUTPA provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." To succeed on their LUTPA claim, Plaintiffs Vivian and Michael Patz are required to prove by a preponderance of the evidence that:

1. Defendants Sureway Supermarket and SHH Properties' acts or omissions in the course of trade or commerce were unfair or deceptive to Plaintiff; and

2. Plaintiffs Vivian Patz and Michael Patz suffered an ascertainable loss because of Defendants Sureway Supermarket and SHH Properties' conduct.

A trade practice is unfair if it offends public policy and is immoral, unethical, oppressive, or unscrupulous. What constitutes an unfair trade practice is determined on a case-by-case basis. Acts which generally constitute unfair trade practices involve fraud, deception, misrepresentation, breach of fiduciary duty, or other unethical conduct. The central question is to determine whether a trade practice is fair is whether the defendant's actions and conduct were reasonable.

The motivation of Defendants Sureway Supermarket and SHH Properties is a critical factor. Intent does not have to be proved with direct evidence of Defendants Sureway Supermarket and SHH Properties' intent to deceive. Because intent is difficult to prove directly, Plaintiffs Vivian and Michael Patz can show circumstantial evidence of Defendants' intent to deceive. It can give rise to the inference that Defendants Sureway Supermarket and SHH Properties intended to unfairly treat Plaintiffs Vivian and Michael Patz.

---

Authority: R. Doc. 150 at 13-14. *See also Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471 (5th Cir. 2002); *Moore v. Goodyear Tire and Rubber Company,* 364 So.2d 630, 634 (1978) (not requiring intent to harm competition for direct illegal conduct against a consumer); *IberiaBank v. Broussard,* 907 F.3d 826 (5th Cir. 2018); *Balthazar v. Hensley R. Lee Contracting*, 214 So. 3d 1032, 1044 (La. App. 4 Cir. 2017) (acts which generally constitute unfair trade practices involve fraud, deception, misrepresentation, breach of fiduciary duty, or other unethical conduct; defendant's motivation is critical; intent may be proven through circumstantial evidence because of inherent difficulties in proving intent).

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #18**

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here. Plaintiffs reserve the right to file objections or comments in regard to Defendants' proposed instruction provided below.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 18

**LOUISIANA UNFAIR TRADE PRACTICES ACT (LUTPA) CLAIM**

Plaintiffs Vivian and Michael Patz bring claims against Defendants Sureway Supermarket and SHH Properties for violation of the Louisiana Unfair Trade Practices Act ("LUTPA") because Defendants fired Mrs. Patz; refused to accommodate her disability; illegally evicted her and Plaintiff Michael Patz; threatened to call law enforcement, and barred them from Sureway Supermarket, the only grocery store on Grand Isle. Plaintiffs also claim that Defendant Sureway Supermarket violated LUTPA when they led her to believe that she could keep her job if she provided a doctor's note.

LUTPA provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." To succeed on their LUTPA claim, Plaintiffs Vivian and Michael Patz are required to prove by a preponderance of the evidence that:

3.  Defendants Sureway Supermarket and SHH Properties' acts or omissions in the course of trade or commerce were unfair or deceptive to Plaintiff; and

4.  Plaintiffs Vivian Patz and Michael Patz suffered an ascertainable loss because of Defendants Sureway Supermarket and SHH Properties' conduct.

A trade practice is unfair only if it offends public policy and is immoral, unethical, oppressive, or unscrupulous. What constitutes an unfair trade practice is determined on a case-by-case basis. Acts which generally constitute unfair trade practices involve fraud, deception, misrepresentation, breach of fiduciary duty, or other unethical conduct.

The motivation of Defendants Sureway Supermarket and SHH Properties is a critical factor. Intent does not have to be proved with direct or circumstantial evidence.

---

Authority: R. Doc. 150 at 13-14. *See also Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471 (5th Cir. 2002); *Moore v. Goodyear Tire and Rubber Company,* 364 So.2d 630, 634 (1978) (not requiring intent to harm competition for direct illegal conduct against a consumer); *IberiaBank v. Broussard,* 907 F.3d 826 (5th Cir. 2018); *Balthazar v. Hensley R. Lee Contracting*, 214 So. 3d 1032, 1044 (La. App. 4 Cir. 2017) (acts which generally constitute unfair trade practices

involve fraud, deception, misrepresentation, breach of fiduciary duty, or other unethical conduct; defendant's motivation is critical; intent may be proven through circumstantial evidence because of inherent difficulties in proving intent).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 19

**DAMAGES (TITLE VII/LOUISIANA PREGNANCY DISCRIMINATION ACT/ADA)**

If you found that Defendant Sureway Supermarket violated Title VII, the Louisiana Pregnancy Discrimination Act, and/or the Americans with Disabilities Act, then you must determine whether it has caused Vivian Patz damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Vivian Patz has proved liability.

Plaintiff Vivian Patz must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Vivian Patz need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Vivian Patz would have earned in her employment with Sureway Supermarket if she had not been terminated from April 15, 2016 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Vivian Patz received from employment during that time; and (2) the amount of other damages sustained by Plaintiff Vivian Patz, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes wages Plaintiff Vivian Patz would have earned had she remained an employee of Sureway Supermarket. You must subtract the amounts of earnings and benefits Sureway Supermarket proves by a preponderance of the evidence. Plaintiff Vivian Patz received during the period in question.

Defendant claims that Plaintiff Vivian Patz failed to mitigate her damages. Plaintiff Vivian Patz has a duty under the law to mitigate her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages.

To succeed on this defense, Defendant Sureway must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Vivian Patz failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Vivian Patz's damages were increased by her failure to take such reasonable actions. However, if Defendant proves that Plaintiff has not made reasonable efforts to obtain work, Defendant does not have to establish the availability of substantially equivalent employment.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job she lost. Plaintiff does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Vivian Patz's diligence should be evaluated in light of her individual characteristics and the job market.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Vivian Patz proves by a preponderance of the evidence her claims under Title VII or the ADA (but not the Louisiana Pregnancy Discrimination Act) that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity;

(2) she engaged in the discriminatory act or practice while acting in the scope of her employment; and

(3) she acted with malice or reckless indifference to Plaintiff Vivian  Patz's federally protected right to be free from discrimination.

If Plaintiff Vivian Patz has proved these facts, then you may award punitive damages, unless Sureway Supermarket proves by a preponderance of the evidence that the act was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Vivian Patz's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Vivian Patz is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Sureway Supermarket engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Sureway Supermarket made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti- discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Vivian Patz's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Sureway Supermarket acted with malice or reckless indifference to Plaintiff Vivian Patz's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Vivian Patz is entitled to receive, you may, but are not required to, award Plaintiff Vivian Patz an additional amount as punitive damages for the purposes of punishing Sureway Supermarket for engaging in such wrongful conduct and deterring Sureway Supermarket and others from engaging in such conduct in the future. You should presume that Plaintiff Vivis Patz has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1.     How reprehensible Sureway Supermarket's conduct was. You may consider whether the harm Plaintiff Vivian Patz suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Sureway Supermarket's conduct that harmed Plaintiff Vivian Patz also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Vivian Patz.

2.     How much harm Sureway Supermarket's wrongful conduct caused Plaintiff Vivian Patz and could cause her in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

3.     What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Sureway Supermarket's financial condition, to punish Sureway Supermarket for its conduct toward Plaintiff Vivian Patz and to deter Sureway Supermarket and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Vivian Patz.

---

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.14; *Sellers v. Delgado Coll.,* 902 F.2d 1189, 1193 (5th Cir. 1990); *West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 393 (5th Cir. 2003).

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #19**

Plaintiffs propose this instruction because Defendants' proposed instruction (*infra*) contains language that is contrary to the law and misleading. Specifically:

**Opposed language:**

"You must subtract the amounts of earnings and benefits Sureway Supermarket proves by a preponderance of the evidence that Plaintiff Vivian Patz received or would have received in exercising reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination, April 15, 2016.

The clause "or would have received in exercising reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination, April 15, 2016" is not included in the Fifth Circuit Jury Instruction pattern 11.14. The definition for back pay as written by the Fifth Circuit ends at the employer in question and does not include speculative earnings. Plaintiffs finds that this is more appropriate to include when the jury is instructed on determining mitigation of damages, and to include it before that instruction is preemptive and duplicative.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 19

**DAMAGES (TITLE VII/LOUISIANA PREGNANCY DISCRIMINATION ACT/ADA)**

If you found that Defendant Sureway Supermarket violated Title VII, the Louisiana Pregnancy Discrimination Act, and/or the Americans with Disabilities Act, then you must determine whether it has caused Vivian Patz damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Vivian Patz has proved liability.

Plaintiff Vivian Patz must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Vivian Patz need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Vivian Patz would have earned in her employment with Sureway Supermarket if she had not been terminated from April 15, 2016 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Vivian Patz received from employment during that time; and (2) the amount of other damages sustained by Plaintiff Vivian Patz, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes wages Plaintiff Vivian Patz would have earned had she remained an employee of Sureway Supermarket. You must subtract the amounts of earnings and benefits Sureway Supermarket proves by a preponderance of the evidence that Plaintiff Vivian Patz received or would have received in exercising reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination, April 15, 2016.

Defendant claims that Plaintiff Vivian Patz failed to mitigate her damages. Plaintiff Vivian Patz has a duty under the law to mitigate her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages.

To succeed on this defense, Defendant Sureway must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Vivian Patz failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Vivian Patz's damages were increased by her failure to take such reasonable actions. However, if Defendant proves that Plaintiff has not made reasonable efforts to obtain work, Defendant does not have to establish the availability of substantially equivalent employment.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job she lost. Plaintiff does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Vivian Patz's diligence should be evaluated in light of her individual characteristics and the job market.

43

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Vivian Patz proves by a preponderance of the evidence her claims under Title VII or the ADA (but not the Louisiana Pregnancy Discrimination Act) that:

(4) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity;

(5) she engaged in the discriminatory act or practice while acting in the scope of her employment; and

(6) she acted with malice or reckless indifference to Plaintiff Vivian  Patz's federally protected right to be free from discrimination.

If Plaintiff Vivian Patz has proved these facts, then you may award punitive damages, unless Sureway Supermarket proves by a preponderance of the evidence that the act was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Vivian Patz's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Vivian Patz is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Sureway Supermarket engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Sureway Supermarket made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti- discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Vivian Patz's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Sureway Supermarket acted with malice or reckless indifference to Plaintiff Vivian Patz's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Vivian Patz is entitled to receive, you may, but are not required to, award Plaintiff Vivian Patz an additional amount as punitive damages for the purposes of punishing Sureway Supermarket for engaging in such wrongful conduct and deterring Sureway Supermarket and others from engaging in such conduct in the future. You should presume that Plaintiff Vivis Patz has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

4.     How reprehensible Sureway Supermarket's conduct was. You may consider

whether the harm Plaintiff Vivian Patz suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Sureway Supermarket's conduct that harmed Plaintiff Vivian Patz also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Vivian Patz.

5.     How much harm Sureway Supermarket's wrongful conduct caused Plaintiff Vivian Patz and could cause her in the future.  You may not consider harm to others in deciding the amount of punitive damages to award.

6.     What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Sureway Supermarket's financial condition, to punish Sureway Supermarket for its conduct toward Plaintiff Vivian Patz and to deter Sureway Supermarket and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Vivian Patz.

Authority: Fifth Circuit Pattern Jury Instruction 2014 11.14; *Sellers v. Delgado Coll.,* 902 F.2d 1189, 1193 (5th Cir. 1990); *West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 393 (5th Cir. 2003).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 20

### DAMAGES (LOUISIANA UNFAIR TRADE PRACTICES (LUTPA))

If you find that Sureway Supermarket and SHH Properties engaged in an unfair trade practice, Plaintiffs are entitled to recover damages. Plaintiffs Vivian and Michael Patz have the burden of proving the amount of the damages by a preponderance of the evidence. Damages can include Plaintiffs' actual loss caused by the defendants' unfair practices. Damages can also include general damages such as damages for mental anguish and humiliation.

Damages need not be calculated to a mathematical certainty nor must there be specific proof of the actual amount of the loss, however, there must be a reasonable basis for the computation.

Authority: La. Rev. Stat. § 51:1409(A); Fifth Circuit Pattern Jury Instruction 2014 15.2; *Slayton v. Davis*, 04-1652 (La. App. 3d Cir. 5/11/05), 901 So.2d 1246 (general damages available under LUTPA); *Laurents v. Louisiana Mobile Homes, Inc*., 96-976 (La. App. 3d Cir. 2/5/97), 689 So.2d 536 (same); *Vercher v. Ford Motor Co.*, 527 So.2d 995 (La. App. 3d Cir. 1988) (same).

### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #20

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 21

### DAMAGES (FAIR HOUSING ACT)

If you find that Defendants Shelly Jambon, Sureway Supermarket, and/or SHH Properties violated the Fair Housing Act and Plaintiffs suffered damages, Plaintiffs Vivian and Michael Patz are entitled to actual damages. Actual damages include out-of-pocket losses as well as emotional distress and humiliation.

Damages need not be calculated to a mathematical certainty nor must there be specific proof of the actual amount of the loss, however, there must be a reasonable basis for the computation.

The Fair Housing Act allows a jury to award punitive damages against a defendant. Punitive damages may be awarded for two reasons: one, to punish a defendant for its misconduct; or two, to deter a defendant or other persons from acting in the same way in the future.

Punitive damages may be awarded against defendants if the plaintiffs have proven either that the defendants' misconduct was motivated by an intent to discriminate or that the defendants' conduct involved reckless disregard or callous indifference to the legal rights of the plaintiff that are protected by the laws that are involved in this case. Under the Fair Housing Act, it is not necessary for the plaintiffs to show that the defendant acted with actual malice or evil towards the plaintiff.

"Reckless disregard or callous indifference" means that the defendant deliberately disregarded the plaintiff's rights. For example, a defendant has acted with reckless disregard or callous indifference when the defendants knew or should have known that the plaintiff was in danger of being harmed and that the defendant could have taken steps either to ensure that the plaintiff was not harmed or that the harm to the plaintiff was corrected but that the defendants failed to take such steps. If for example, you find that a defendant had knowledge of the Fair Housing Act but took insufficient steps to avert harm to the plaintiff, you may award punitive damages on this basis to the plaintiff.

Authority: *Johnson v. Dept of Treasury, I.R.S.,* 700 F.2d 971, 983 (5th Cir. 1983); *Smith v. Wade*, 461 U.S. 30, 51, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *Rhodes v. State Through Dep't of Transp. & Dev.*, 684 So. 2d 1134, 1147 (La. App. 1 Cir. 12/20/96); *Saucier v. State Farm Mut. Auto. Ins. Co.* (W.D. La., 2016).

### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #21

Plaintiffs propose this instruction because Defendants' proposed instruction (*infra*) contains language that is contrary to the law and misleading. Specifically:

**Opposed Language:** "Actual damages are compensatory damages which I will describe separately."

Plaintiffs have not seen a separate instruction on compensatory damages. Plaintiffs have organized the damages instructions claim-by-claim for the jury's clarity.

**In Support of Plaintiffs' Proposed Language:**

**Plaintiffs' Language:**

"If you find that Defendants Shelly Jambon, Sureway Supermarket, and/or SHH Properties violated the Fair Housing Act and Plaintiffs suffered damages, Plaintiffs Vivian and Michael Patz are entitled to actual damages."

Plaintiffs have responded to Defendants' modification by adding the phrase "and Plaintiffs suffered damages." In this version, the jury will find that Plaintiffs are entitled to damages if Defendants violated the Fair Housing Act and Plaintiffs suffered damages. Plaintiffs find that this is a fair assessment of the law.

**Plaintiffs' Language:**

"Damages need not be calculated to a mathematical certainty nor must there be specific proof of the actual amount of the loss, however, there must be a reasonable basis for the computation."

Plaintiffs wish to include this language to ease the jury's understanding of how actual damages are calculated. In *Rhodes v. State Through Dep't of Transp. & Dev.*, the Louisiana circuit court found that "even though past lost wages are susceptible of mathematical calculation, a plaintiff is only required to provide proof to reasonably establish the claim." *Saucier v. State Farm Mut. Auto. Ins. Co.,* No. 14-3157, (W.D. La., 2016) (*citing Rhodes v. State Through Dep't of Transp. & Dev.*, 684 So. 2d 1134, 1147 (La. App. 1 Cir. 12/20/96)).

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 21

**DAMAGES (FAIR HOUSING ACT)**

If you find that Defendants Shelly Jambon, Sureway Supermarket, and/or SHH Properties violated the Fair Housing Act, then you may award Plaintiffs Vivian and Michael Patz actual damages. Actual damages include out-of-pocket losses as well as emotional distress and humiliation. Actual damages are compensatory damages which I will describe separately.

The Fair Housing Act allows a jury to award punitive damages against a defendant. Punitive damages may be awarded for two reasons: one, to punish a defendant for its misconduct; or two, to deter a defendant or other persons from acting in the same way in the future.

Punitive damages may be awarded against defendants if the plaintiffs have proven either that the defendants' misconduct was motivated by an intent to discriminate or that the defendants'

conduct involved reckless disregard or callous indifference to the legal rights of the plaintiff that are protected by the laws that are involved in this case. Under the Fair Housing Act, it is not necessary for the plaintiffs to show that the defendant acted with actual malice or evil towards the plaintiff.

"Reckless disregard or callous indifference" means that the defendant deliberately disregarded the plaintiff's rights. For example, a defendant has acted with reckless disregard or callous indifference when the defendants knew or should have known that the plaintiff was in danger of being harmed and that the defendant could have taken steps either to ensure that the plaintiff was not harmed or that the harm to the plaintiff was corrected but that the defendants failed to take such steps. If for example, you find that a defendant had knowledge of the Fair Housing Act but took insufficient steps to avert harm to the plaintiff, you may award punitive damages on this basis to the plaintiff.

Authority: *Johnson v. Dept of Treasury, I.R.S.*, 700 F.2d 971, 983 (5th Cir. 1983).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 22

## PUNITIVE DAMAGES (RATIFICATION) (FAIR HOUSING ACT)

In deciding whether to award punitive damages against Defendants Sureway Supermarket, SHH Properties, and Shelly Jambon, you must consider the conduct of the Defendants' agents and employees. A plaintiff may recover punitive damages from a defendant acting solely in his capacity as property owner if you find that the defendant endorsed the discrimination of the employees to whom it had delegated rental responsibilities. Punitive damages may be awarded if you find that the defendant ratified the acts of such agents or employees.

You may award punitive damages against a property owner based on the actions of an employee if you find that the defendant either deliberately or through knowledgeable inaction authorized or fostered, or encouraged the acts complained of by plaintiff, or condoned or ratified those acts. Punitive damages may be awarded against a property owner on the basis of the acts of agents of an employee even or employee even though an owner, such as in this case, has limited or no direct dealings with the plaintiffs.

"Ratification" means approval of an act after it is done. Whether or not an owner of rental property ratified the conduct of a person to whom it had delegated rental responsibilities may be inferred from the circumstances of the case and the conduct of the parties. Ratification need not be formal but may be inferred from the conduct of the parties, including what actions, if any, they took after the action came to their attention.

For example, if you find that Sureway Supermarket, SHH Properties, and/or Shelly Jambon did not adequately discipline David Felarise or attempt to inform Plaintiffs that they did not need to vacate the property immediately, you may find that they acted callously or indifferently or in disregard of Plaintiffs' rights and thereby ratified the acts of David Felarise.

Authority: *Szwast v. Carlton Apartments*, 102 F.Supp.2d 777 (E.D. Mich. 2000).

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #22

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 23

## DAMAGES (EVICTION - BREACH OF CONTRACT)

If you decide for Vivian Patz and Michael Patz on their claim for breach of the lease agreement, you must determine the amount of money which will reasonably compensate them for all loss naturally arising from the breach of the lease. In calculating Plaintiffs' damages, you should determine that sum of money that will put Plaintiffs in as good a position as they would have been in if had Sureway Supermarket not breached the lease agreement.

Authority: *Pelleteri v. Caspian Group, Inc.*, (La. App. 4 Cir. 7/2/04), 851 So. 2d 1230, 1238 (eviction case stating with respect to damages for breach of contract that the measure of damages for an obligor's failure to perform a contract is the "loss sustained by the oblige and the profit of which he has been deprived") (citing La. Civ. Code art. 1995); *In re Bankston,* 749 F.3d 399, 403 (5th Cir. 2014) ("Louisiana has embraced the contract damages principle of "expectation" damages[;]" "[a]s stated by the Louisiana Supreme Court, the calculation of damages should place the non-breaching party "in the same position he would have been in" had the contract been fulfilled.") (citations omitted).

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #23

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here. Plaintiffs reserve the right to file objections or comments in regard to Defendants' proposed instruction provided below.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 23

## DAMAGES: WRONGFUL EVICTION (BREACH OF CONTRACT AND TRESSPAS)

If you find that the Defendants, Sureway Supermarket and/or SHH are liable to Vivian and Michael Patz for wrongful eviction, the plaintiffs are entitled to damages based in contract and tort.  You may award special and general damages.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 24

## DAMAGES (ILLEGAL EVICTION – TRESPASS)

If you find that Defendant Sureway Supermarket is liable for trespass, Plaintiffs Vivian and Michael Patz are entitled to damages based on the result or the consequences of an injury flowing from the act of trespass. Plaintiffs' damages must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. One who is wronged by a trespass may recover general damages suffered, including mental and physical pain, anguish, distress, and inconvenience.

---

Authority: *Lacombe v. Carter*, 975 So. 2d 687, 689 (La. App. 3d Cir. 2008) (quoting *Griffin v. Abshire*, 04–37, p. 11 (La. App. 3 Cir. 6/2/04), 878 So.2d 750, 757–58, *writ denied*, 04–1663 (La.10/8/04), 883 So.2d 1018).

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #24

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 25

### DAMAGES: ILLEGAL EVICTION

If you find that defendants Sureway Supermarket and/or S.H.H. Properties are liable for illegal eviction, the plaintiffs are entitled to damages based in contract and tort. First, you should determine that sum of money that will put Plaintiffs in as good a position as they would have been in if Sureway Supermarket had not illegally evicted them. You may also award general damages. General damages involve physical and mental pain and suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and other factors that affect plaintiffs' lives. There is no mechanical rule for determining general damages; the facts and circumstances of each case control.

---

Authority: *Duhon v. Briley*, 117 So. 3d 253, 259–60 (La. App. 4 Cir. 2013); *Head v. Pendleton Memorial Methodist Hosp.*, 669 So.2d 504 (La.App. 4 Cir. 1/31/96); *Masters v. City of New Orleans*, 662 So.2d 125 (La.App. 4 Cir. 9/28/95); *Estate of Thomas v. State, D.O.T.D.*, 604 So.2d 617 (La. App. 2d Cir. 1992), *writ denied*, 608 So.2d 167 (La. 1992).

### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #25

Plaintiffs' counsel provided their proposed instructions on Monday, January 14th and met with Defendants' counsel on Wednesday, January 16th, but did not receive comments on this jury instruction or an alternate instruction in time for consideration here.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 26

### SIMILAR ACTS

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing Plaintiff Vivian Patz's knowledge that failure to communicate with Sureway would result in termination of her employment, which is at issue in this case.

You may consider evidence of similar acts for the limited purpose of showing Plaintiff Michael Patz's knowledge that being late to work would result in termination of his employment, which is at issue in this case.

You may consider evidence of similar acts for the limited purpose of showing Plaintiffs Vivian and Michael Patz's knowledge that they knew that their housing was dependent on being employed at Sureway, which is at issue in this case.

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.10.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 26

### SIMILAR ACTS

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing Plaintiff Vivian Patz's knowledge that failure to communicate with Sureway would result in termination of her employment, which is at issue in this case.

You may consider evidence of similar acts for the limited purpose of showing Plaintiffs Vivian and Michael Patz's knowledge that they knew that their housing was dependent on being employed at Sureway, which is at issue in this case.

You may consider evidence of similar acts for the limited purpose of showing Defendant Sureway's intent and motive when firing Plaintiff Vivian Patz, which is at issue in this case.

You may consider evidence of similar acts for the limited purpose of showing Defendant Sureway's absence of mistake or accident when evicting Plaintiffs Vivian and Michael Patz which is at issue in this case.

---

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.10.

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #26

**Opposed Language:**

"You may consider evidence of similar acts for the limited purpose of showing Plaintiff Michael Patz's knowledge that being late to work would result in termination of his employment, which is at issue in this case."

The reason for Michael Patz's termination is not at issue in the case. As such, this instruction is not relevant under the Federal Rules of Evidence 401 and 402.

**Opposed Language:**

"You may consider evidence of similar acts for the limited purpose of showing Plaintiff Vivian Patz's knowledge that failure to communicate with Sureway would result in termination of her employment, which is at issue in this case.

You may consider evidence of similar acts for the limited purpose of showing Plaintiffs Vivian and Michael Patz's knowledge that they knew that their housing was dependent on being employed at Sureway, which is at issue in this case."

Plaintiffs find that Defendants' language, added to the pattern instruction, impermissibly conforms the instruction to the theme and theory of their case. This Court may decide whether such language is relevant as opposed to above.

**Plaintiffs' Language:**

"You may consider evidence of similar acts for the limited purpose of showing Defendant Sureway's intent and motive when firing Plaintiff Vivian Patz, which is at issue in this case.

You may consider evidence of similar acts for the limited purpose of showing Defendant Sureway's absence of mistake or accident when evicting Plaintiffs Vivian and Michael Patz which is at issue in this case."

Plaintiffs wish to include language on similar acts that go to the issues and theories of our case. Plaintiffs find that much of Defendants' language that adds to the pattern instruction impermissibly conforms the instruction to the theme and theory of their case. This Court may decide whether such language is relevant as opposed to above. Should the Court not strike such

language, Plaintiffs would move to include the above instructions relative to their own theories of the case.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 27

### IMPEACHMENT BY WITNESS'S FELONY CONVICTION

In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his or her testimony.

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.12.

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 27

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 27 in its entirety.

### PLAINTIFFS' REASONS IN SUPPORT OF STRIKING PROPOSED INSTRUCTION 27

Defendants seek to include this jury instruction in conjunction with the introduction of exhibits that reveal Plaintiff Michael Patz's past criminal history. Plaintiffs oppose this instruction on the same basis of our motion in limine opposing Defendants' listed exhibits that include deposition testimony about Plaintiff Michael Patz's past criminal history. This evidence – and the corresponding jury instruction – should be excluded because it is not relevant under the Federal Rules of Evidence 401 and 402. Further, the evidence has no probative value on any disputed facts or legal issues of the case such that the value outweighs is prejudicial impact required for admission under Federal Rule of Evidence 403. Last, the criminal history is not directly related to the witness's credibility in this case because the crimes do not involve a "dishonest act or false statement" necessary for admission under Federal Rule of Evidence 609.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 28

## EMPLOYMENT AT WILL

Louisiana recognizes the doctrine of "employment at will." Absent a specific contract or agreement establishing a fixed term of employment, an employer may generally discharge an employee at any time for any reason without incurring liability for the discharge, provided that the discharge does not violate any statutory or constitutional provision.

*Huang v. Louisiana State Bd. Of Trustees for State Colleges and Universities*, 781 So.2d 1 (La. App. 1 Cir. 2000).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 28

Louisiana recognizes the doctrine of "employment at will." Absent a specific contract or agreement establishing a fixed term of employment, an employer may generally discharge an employee at any time for any reason without incurring liability for the discharge, provided that the discharge does not violate any statutory or constitutional provision such as Title VII of Civil Rights Act, Americans with Disabilities Act, and the Louisiana Pregnancy Discrimination Act. If Defendants give a non-discriminatory reason for termination, you may still find that it violates a statutory or constitutional provision if it is a pretext for discrimination or if a discriminatory reason was a motivating factor in the employer's action.

Authority: *Huang v. Louisiana State Bd. Of Trustees for State Colleges and Universities*, 781 So.2d 1 (La. App. 1 Cir. 2000) (discussing pretextual reasons for termination despite the doctrine of "employment at will").

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #28

**Plaintiffs' Language:**

"...such as Title VII of Civil Rights Act, Americans with Disabilities Act, and the Louisiana Pregnancy Discrimination Act. If Defendants give a non-discriminatory reason for termination, you may still find that it violates a statutory or constitutional provision if it is a pretext for discrimination or if a discriminatory reason was a motivating factor in the employer's action."

Plaintiffs seek to include this language as Defendants proposed language would lead the jury to misinterpret Louisiana's at will employment law. It is crucial to alert the jury that 'at will' employment does not mean that statutory and constitutional rights can be violated, and the inclusion of the specific laws will demonstrate that such violations are what is at issue in this case. Further, Plaintiffs seek to include additional language – found from the same case cited by Defendants – for the proposition that even a non-discriminatory reason in an "at will" job must

withstand scrutiny to determine if the reason is pretexual or whether discrimination is still a motivating factor.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 28

A pregnant employee is only entitled to be treated as well as other non-pregnant employees, not better.

Authority: Mascorro v. Am. Funds Serv. Co., Inc., 2006 WL 3782861, at *4-5 (W.D. Tex. 2006).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 28

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 28 in its entirety or should this Court see fit, include it in the appropriate claim-specific instruction.

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #28**

Plaintiff would propose that this Court include it in the appropriate claim instruction, but would prefer to rely on the Fifth Circuit Jury Instruction patterns as opposed to this type of stand-alone instruction based on one case.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 29

An essential element of any job is the ability to appear for work. An employee who does not come to work cannot perform any of her job functions, essential or otherwise. The fact that an employee's absence from work is caused by her pregnancy does not dispense with the general requirement that employees must show up for work. If the employee is not able to come to work, she is not qualified for her position.

Authority: In re Inspire Insurance Solutions, Inc., 2008 WL 2065981 (Bkrtcy. N.D. Tex. 2008).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 29

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 29 in its entirety.

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #29**

No party has alleged she was unable to show up to work or that her pregnancy prevented her from coming to work. See R. Doc. 133 at 7-8 (whether Vivian was able to return to work not among contested facts). Defendants have admitted that Vivian Patz did not request off from work, nor that any medical provider determined Vivian Patz was unable to appear for work.

The context of this proposed instruction is likely *Taylor v. Jotun Paints, Inc.* which cites to *In re Inspire Insurance Solutions, Inc.* for the proposition that a high-risk pregnancy preventing an employee from working is considered an "unqualified" employee. In this case, plaintiff had a high-risk pregnancy and her physician classified her as incapable of performing "minimal sedentary activity (i.e. essentially that no modifications to her job would allow her to perform it)." *Taylor v. Jotun Paints, Inc*., No. 09-3801 at *2. This lasted from May 11, 2007 to December 22, 2007. This plaintiff also was given sixteen weeks of medical and maternity leave by defendant-employer. *Id.* at *3. Unlike this plaintiff in *Taylor v. Jotsun Paints, Inc.,* Vivian Patz did not request leave nor was she diagnosed by a physician as incapable of performing her job. The doctor's note that Vivian Patz obtained on 4/15/2016 stated that she could return to work on 4/18/2016 – only three days off work with a specific return date. As such, Plaintiffs find that a jury instruction based off this case would lead the jury to draw erroneous conclusions about the Plaintiffs' qualification for the job because the two cases are not analogous.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 30

You should find that the plaintiff was not qualified for her position if she was not medically cleared to return to work at the time her leave expired, and therefore the plaintiff has not proven her prima facie case.

Authority: Dimacali v. Cardiology Associates of Corpus Christi, 2010 WL 1644692 (S.D. Tex. 2010).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 30

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 30 in its entirety.

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #30**

Defendants' proposed jury instruction is based on an entirely non-analogous set of facts. In *Dimacali*, the plaintiff requested and obtained FMLA leave due to a medically sensitive pregnancy. In advance, she was told she had up to twelve weeks off. By the end of the twelve weeks, she was not medically cleared and said she did not know when she would return to work. So she was terminated.

The idea reflected in the proposed jury instruction (an employee only being qualified if medically cleared) appears in cases like *Dimacali* where the employee is given the statutory amount of FMLA leave (several months), and then isn't medically cleared to return to work at the end of those months of leave. *E.g., Blackett v. Whole Foods Mkt. Grp., Inc*., 14-cv-01896 (D. Conn., March 27, 2017). And contrary to Defendants' suggestion in this in this instruction, even in such cases lack of medical clearance is <u>not</u> always enough to resolve the discrimination claim. *See DiNardo v. Medco Health Solutions, Inc*., 14-5716 (D. N.J., May 24, 2016) (denying defendant's motion for summary judgment even when plaintiff was not medically cleared at the end of months of leave.)

Plaintiffs' counsel cannot find any cases supporting the jury instruction like the one at issue here: where an employer sends someone home (rather than the person requesting leave) for an undefined length of time, waits a few days, and then terminates them when they haven't yet obtained medical clearance.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 31

## SIMILARLY SITUATED

To establish disparate treatment, a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances. The employee being compared must have held the same job and responsibilities, shared the same supervisor [*7]  or had their employment status determined by the same person, and have essentially comparable violation histories. Additionally, the plaintiff's conduct which drew the adverse employment action must be nearly identical to that of the proffered comparator who drew an allegedly dissimilar employment decision. If the other employee has a different supervisor, a different pay rate, a different position, has different job duties and has a different job title, then the employees are not "nearly identical" to establish disparate treatment.

Authority: Okoye v. University of Texas Houston Health Science Center, 245 F.3d 507 (5th Cir. 2001); Brooks v. Lubbock County Hosp. Dist., 373 Fed. Appx. 434 (5th Cir. 2010); Strong v. University Healthcare System, LLC, 482 F.3d 802 (5th Cir. 2007); Gilbert v. Brookshire Grocery Co., 354 Fed. Appx. 953 (5th Cir. 2009); Evans v. Texas Dept. Of Transp., 547 F.Supp.2d 626 (E.D. Tex. 2007).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 31

Plaintiffs propose to incorporate this instruction in the appropriate case-specific jury instruction:

To establish pregnancy discrimination on the basis of disparate treatment, a plaintiff must show that "she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'" In other words, a plaintiff must show that the employer treated pregnant employees differently than non-pregnant employees under nearly identical circumstances. "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." For these purposes, "nearly identical" should not be considered synonymous with "identical."

Authority: *Young v. United Parcel Serv., Inc., 135 S. Ct. 1338, 191 L. Ed. 2d 279 (2015); Lee v. Kansas City Southern Ry. Co., 574 F.3d 253 (5th Cir., 2009); Heggemeier v. Caldwell Cnty.*, 826 F.3d 861 (5th Cir., 2016); *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212 (5th Cir., 2016)

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #31**

Defendants' proposal misstates the "nearly identical" standard by including a reference to "pay rate" and "job duties" which are not determinative of whether the circumstances are nearly

identical in the 5th Circuit. Further, Plaintiff's proposal includes context regarding the standard a plaintiff must prove to show that there has been disparate treatment.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 32

If you find that the plaintiff has proven her prima facie case, you must determine whether her employer has articulated a legitimate non-discriminatory [*8]  reason for terminating the plaintiff. The employer need only produce evidence which, if credible, establishes a non-discriminatory reason for its actions.

Authority: St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 32

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 32 in its entirety.

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #32**

Plaintiffs seek to strike this stand-alone instruction as duplicative of the case-specific instructions. This proposed instruction is the McDonnell-Douglas burden shifting standard. It is already included in our proposed case-specific instructions for Title VII and Louisiana Pregnancy Discrimination Act.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 33

In order to succeed in proving pretext, the plaintiff must disprove each non-discriminatory justification for her dismissal. She must further provide substantial evidence, not a mere scintilla, of the pretext. The plaintiff must [*9]  substantiate her claim of pretext through evidence demonstrating that discrimination is at the heart of the employer's decision. The assertion of pretext must be supported by more than mere self-serving, subjective, or speculative allegations. The plaintiff must provide sufficiently specific, substantive reasons for her claim of pretext. If the evidence presented by the plaintiff is not so persuasive as to support an inference that the employer's real reason for terminating the plaintiff was discrimination, then the plaintiff has failed to meet her burden of proof.

Authority: *Price v. Federal Express Corp.,* 283 F.3d 715 (5th Cir. 2002); *Nichols v. Loral Vaught Systems Corp.,* 81 F.3d 38 (5th Cir. 1996); *Rubinstein v. Administrators of the Tulane Education Fund*, 218 F.3d 392 (5th Cir. 2000).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 33

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 33 in its entirety.

**PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #33**

Under the Title VII provisions at issue in this case, discrimination need not be at "the heart" of defendant's decision nor the "real reason." Per 42 U.S.C. 2000e-2(m), plaintiff need only show that gender or pregnancy was "a motivating factor for any employment practice, even though other factors also motivated the practice."

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 34

## EMOTIONAL DISTRESS

For plaintiff to recover damages for emotional distress, she must first show a specific discernible injury to her emotional state, proven with evidence regarding the nature and extent of the harm. Hurt feelings, anger and frustration are part of life, and are not the types of harm that will support a mental anguish award under Title VII.

Authority: Hines v. Grand Casino of Louisiana, L.L.C.-Tunica-Biloxi Indians, 358 F.Supp.2d 533 (W.D. La. 2005).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 34

## ACTUAL DAMAGES:
## EMOTIONAL DISTRESS

You may award compensatory damages for any pain and suffering, mental anguish, humiliation, loss of self-respect, damage to reputation or career, loss of pleasure in one's family or career, or loss of dignity that each plaintiff experienced as a result of Defendants' actions. In determining the amount, if any, to be awarded to each plaintiff for emotional distress, you may take into consideration the effect that Defendants' treatment of her had on her enjoyment of life relative to her enjoyment of life had Defendants not discriminated against her.

To recover compensatory damages for mental and emotional distress, Plaintiff Vivian Patz and/or Plaintiff Michael Patz must prove that they suffered a specific discernable injury with credible evidence. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Vivian Patz and Plaintiff Michael Patz must support their claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy. There is no exact standard for fixing compensation to be awarded for these damages. Any award you make should be fair in light of the evidence presented at trial.

Authority Fifth Circuit Jury Instruction 2014 10.12.

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #34

Plaintiffs have included language from the Fifth Circuit Jurty Instruction pattern and included a descriptive paragraph to alert the jury to the definition of emotion distress damages. Plaintiff also seeks to combine all emotional distress damages instructions into one instruction. Plaintiffs reserve the right to supplement these reasons in support of their instruction.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 35

## EMOTIONAL DISTRESS

While the plaintiff's testimony alone may support an emotional distress award, that testimony must consist of more than just vague and conclusory allegations. Corroboration and expert testimony, while not always necessary, are preferred before an award of damages should be made for emotional distress.

Authority: Hines v. Grand Casino of Louisiana, L.L.C.-Tunica-Biloxi Indians, 358 F.Supp.2d 533 (W.D. La. 2005).


**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 35

Plaintiff proposes striking this instruction in its entirety as duplicative of Plaintiffs' Proposed Jury Instruction #34.


### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #35

See Plaintiffs' Proposed Jury Instruction #34.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 36

## MITIGATION

The plaintiff has a duty to mitigate her damages, [*11] including damages relating to back pay. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay which might otherwise be awarded to the plaintiff.

Authority: Figgs v. Quick Fill Corporation, 766 F.2d 901 (5th Cir. 1985).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 36

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 36 in its entirety.

## PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #36

Plaintiffs propose to strike this jury instruction as duplicative of the mitigation instructions listed in the case specific instructions on damages.

**DEFENDANTS' PROPOSED** JOINT JURY INSTRUCTION NO. 37

## PUNITIVE DAMAGES

However, punitive damages may not be imposed against an employer if the managerial employee's actions are contrary to the employer's good faith efforts to comply with the requirements of Title VII. An action was in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. However, proof that Defendant engaged in intentional discrimination [*14] is not enough in itself to justify an award of punitive damages.

Authority: Hatley v. Hilton Hotels Corp., 308 F.3d 473 (5th Cir. 2002); Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999).

**PLAINTIFFS' PROPOSED** JOINT JURY INSTRUCTION NO. 36

Plaintiffs propose to strike Defendants' Proposed Joint Jury Instruction No. 36 in its entirety.

### PLAINTIFFS' REASONS IN SUPPORT OF THEIR PROPOSED INSTRUCTION #36

Plaintiffs propose striking this proposed instruction as it is duplicative of the punitive damage instructions in the case-specific instructions on damages.

JOINT JURY INSTRUCTION NO. 38

## NOMINAL DAMAGES

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his or her rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find by a preponderance of the evidence that Plaintiff Vivian Patz sustained a technical violation of her civil rights under Title VII, the Americans with Disabilities Act, or Fair Housing Act, but that Plaintiff Vivian Patz suffered no actual loss as a result of this violation, then you may award Plaintiff Vivian Patz nominal damages. Similarly, if you find by a preponderance of the evidence that Plaintiff Michael Patz sustained a technical violation of his civil rights under the Fair Housing Act, but that Plaintiff Michael Patz suffered no actual loss as a result of this violation, then you may award Plaintiff Michael Patz nominal damages.

Authority: Fifth Circuit Pattern Jury Instruction 15.6; David v. Signal International LLC, 2015 WL 5254625 (E.D. La. Sept. 9, 2015).

JOINT JURY INSTRUCTION NO. 39

## CONSIDER DAMAGES ONLY IF NECESSARY

If Plaintiffs, Vivian and Michael Patz, have proved their claims against Defendants, Sureway Supermarket, SHH Properties, and Shelly Jambon by a preponderance of the evidence, you must determine the damages to which Plaintiffs Vivian or Michael Patz are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs Vivian and Michael Patz's damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants Sureway Supermarket, SHH Properties, or Shelly Jambon are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants Sureway Supermarket, SHH Properties, or Shelly Jambon are liable and that Plaintiffs are entitled to recover money from Defendants.

Authority: Fifth Circuit Pattern Jury Instruction 2014 15.1

JOINT JURY INSTRUCTION NO. 40

## JUDICIAL NOTICE* (AS NEEDED)

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that: [state the facts].

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.4.

JOINT JURY INSTRUCTION NO. 41

## DEMONSTRATIVE EVIDENCE* (AS NEEDED)

Exhibit [#] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If you recollection of the evidence differs from the exhibit, rely on your recollection.

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.8.

JOINT JURY INSTRUCTION NO. 42

## CHARTS AND SUMMARIES* (AS NEEDED)

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Authority: Fifth Circuit Pattern Jury Instruction 2014 2.7.

Respectfully submitted,

   /s/ Kerry A. Murphy                       _
Kerry A. Murphy (La. Bar No. 31382)
Catherine E. Lasky (La. Bar No. 28652)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503

WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Suite 114
New Orleans, LA 70170

T: (504) 509-5023

***Counsel for Plaintiffs***

and
_____ */s/ Sean R. Dawson* _____
Sean R. Dawson, T.A. (LSBA# 19542)
William B. Gordon III (LSBA#28065)
STEPHENSON, CHÁVARRI & DAWSON, L.L.C.
400 Poydras Street, Suite 1990
New Orleans, Louisiana 70130
Tel. No. (504) 523-6496
***Counsel for Defendants***