UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| VIVIAN PATZ, ET AL., Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-3465 |
| SUREWAY SUPERMARKET, ET AL., Defendants | SECTION: "E" (1) |

### ORDER AND REASONS

Before the Court is a Motion in Limine, filed by Plaintiffs Vivian Patz and Michael Patz, to exclude evidence of Michael Patz's criminal record.[1] Defendants Walter H. Maples, Inc., SHH Properties, LLC, and Shelly Jambon oppose.[2]

At deposition, Michael Patz testified that, in 2013, he finished parole for "possession with intent to distribute, two counts, and simple burglary."[3] Defendants seek to use this evidence to impeach Michael Patz's credibility.[4] Defendants do not include in their exhibit list or list as an exhibit in the pretrial order a certified copy of his convictions.[5] Instead, they state they intend to use Michael Patz's admission at deposition to impeach him.[6]

---

[1] R. Doc. 142.
[2] R. Doc. 154.
[3] R. Doc. 142-2 at 17. The entire exchange was as follows:

    Q. So you moved to Grand Isle without a job?
    A. Yes. I moved there because I was actually trying to get off of parole at that time.
    Q. And why were you on parole?
    A. For possession with intent to distribute, two counts, and simple burglary.
    Q. And that's all finished?
    A. Yes, ma'am.
    Q. You are done with that?
    A. Finished 2013.

*Id.*
[4] R. Doc. 154 at 7.
[5] R. Doc. 104; R. Doc. 133 at 13–15.
[6] R. Doc. 154 at 6.

1

Rule 609 of the Federal Rules of Evidence governs the admissibility of evidence of a criminal conviction to impeach a witness's character for truthfulness. The best practice when impeaching a witness with a conviction is to possess a certified copy of the judgment of conviction.[7] Apparently, Defendants do not possess a certified copy of Michael Patz's prior convictions.

### I. If more than 10 years have passed since the Michael Patz's conviction or release from confinement, evidence of his convictions would be inadmissible.

Under Rule 609(b) of the Federal Rules of Evidence,

> if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[, e]vidence of the conviction is admissible only if:
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.[8]

Because Defendants have not provided a certified copy of Michael Patz's prior convictions, they have not established whether less or more than ten years have passed since Michael Patz was convicted or released from confinement. If more than ten years, Defendants do not argue and have not demonstrated that the probative value of the convictions, supported by specific facts and circumstances, substantially outweighs their prejudicial effect. They also have not shown they have provided Plaintiffs with reasonable written notice of their intent to use the convictions. As a result, if more than ten years

---

[7] *See United States v. Georgalis*, 631 F.2d 1199, 1203 n.3, 1204 (5th Cir. 1980) ("[The] proper procedure for impeaching a witness pursuant to Rule 609 is to possess, when so impeaching, a certified copy of the conviction"; "[T]o ask a [witness] whether he has had criminal convictions, without possessing a certified copy of the record, is frought [*sic*] with the possibilities of error.") (citation omitted); *United States v. Cox*, 536 F.2d 65, 70 n.11 (5th Cir. 1976) ("In order properly to evidence appellant's admitted conviction for prostitution, the government should have obtained a certified copy of the judgment of conviction from the [convicting] authorities.").
[8] FED. R. EVID. 609(b).

have passed since Michael Patz was convicted or released from confinement, evidence of his prior convictions is not admissible.

II. **If fewer than 10 years have passed since the Michael Patz's convictions or release from confinement, Rule 609(a)(2) does not require admission of evidence his convictions.**

If fewer than ten years have passed since Michael Patz was convicted or released from confinement, Rule 609(a) of the Federal Rules of Evidence applies. Under Rule 609(a)(2) of the Federal Rules of Evidence, convictions are admissible "if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement."[9] "Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement."[10] Defendants argue evidence of Michael Patz's burglary conviction is admissible because simple burglary involves dishonesty or a false statement.[11] An element of burglary under Louisiana law[12] is the "intent to commit a felony or any theft,"[13] and Louisiana law defines theft as "the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations."[14] Defendants emphasize that the definition of theft includes "fraudulent conduct practices, or representations."[15]

In the Fifth Circuit, "a conviction for a crime of the present nature," including shoplifting, bank robbery, and felony theft, does not involve a dishonest act or false statement for purposes of Rule 609(a)(2).[16] Under the definition of simple burglary

---

[9] FED. R. EVID. 609(a)(2).
[10] FED. R. EVID. 609 advisory committee's note to 2006 amendment.
[11] R. Doc. 154 at 7.
[12] The Court notes Defendants have not established Michael Patz was convicted in Louisiana.
[13] *Id.* (citing LA. REV. STAT. 14:62(A)).
[14] *Id.* at 8 (citing LA. REV. STAT. 14:67(A)).
[15] *Id.*
[16] *Howard v. Gonzales*, 658 F.2d 352, 358–59 (5th Cir. 1981) (collecting cases).

Defendants cite, intent to commit "a felony *or* any theft" is an element of simple burglary, so establishing the elements of simple burglary does not require proving theft. Rather, it requires proving intent to commit a felony *or* theft. Similarly, under the definition of theft Defendants cite, one element of the crime of theft is lack of consent *or* fraudulent conduct, practices, or representations. Establishing the elements of theft does not require proving fraud. As a result, a conviction for burglary does not fall within the scope of Rule 609(a)(2).

### III. Evidence of Michael Patz's convictions is inadmissible under Rule 609(a)(1)(A).

If fewer than ten years have passed since Michael Patz was convicted or released on parole, because Rule 609(a)(2) of the Federal Rules of Evidence does not apply, the admissibility of evidence of the convictions is governed by Rule 609(a)(1)(A). Under that Rule, when "attacking a witness's character for truthfulness by evidence of a criminal conviction, for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted, subject to Rule 403, in a civil case."[17] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger" of unfair prejudice.[18]

Based on the limited information Defendants provide, the Court finds Michael Patz's convictions have little probative value because they neither suggest he is dishonest nor relate to the alleged discrimination at issue in this case.[19] Evidence of drug and

---

[17] FED. R. EVID. 609(a)(1)(A).
[18] FED. R. EVID. 403.
[19] *See Martinez v. Cunningham*, No. CV 16-14896, 2018 WL 737335, at *2 (E.D. La. Feb. 6, 2018) ("This [drug] conviction has little probative value because it neither suggests plaintiff's dishonesty nor relates to the accident at issue in this suit."); *Tate v. Union Oil Co. of California*, 968 F. Supp. 308, 311 (E.D. La. 1997)("[D]efendant does not claim that the plaintiff's previous conviction involved dishonesty or a false statement or that plaintiff made any dishonest representations when answering questions about his criminal history during the deposition. Also, the alleged accident at issue in this matter is totally unrelated to the prior conviction.").

4

burglary convictions could unfairly prejudice Plaintiffs.[20] Evidence of Michael Patz's convictions is inadmissible for the purpose of impeaching his character for truthfulness.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion in Limine to exclude evidence of Michael Patz's criminal record be and hereby is **GRANTED**.[21]

**IT IS FURTHER ORDERED** that Plaintiffs' request for oral argument on their motion in limine be and hereby is **DENIED AS MOOT**.[22]

**New Orleans, Louisiana, this 27th day of January, 2019.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[20] *Martinez*, 2018 WL 737335, at *2 ("[E]vidence of a drug conviction could unfairly prejudice plaintiff by biasing the jury against him.").
[21] R. Doc. 142.
[22] R. Doc. 145.